MORRIS PICKERING & PETERSON
Kristina Pickering, No. 992
Jean-Paul Hendricks, No. 10079
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 474-9400
Facsimile: (702) 474-9422

Attorneys for Defendants
Caesars Palace Corp. and
Caesars Palace Realty Corp.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PHASE II CHIN, LLC and LOVE & MONEY, LLC, (formerly dba O.P.M.L.V., LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, SIMON PROPERTY GROUP, INC., CAESARS PALACE CORP., and CAESARS PALACE REALTY CORP., <br><br> Defendants. | CASE NO. 2:08-cv-162-JCM-GWF <br><br><br><br><br> **MOTION TO DISMISS THE CAESARS DEFENDANTS** |

Defendants Caesars Palace Corp. and Caesars Palace Realty Corp. ("the Caesars defendants") hereby move to dismiss the Complaint filed by plaintiffs Phase II Chin, LLC and Love & Money, LLC, f/k/a O.P.M.L.V., LLC ("plaintiffs" or, individually "plaintiff Chin" and "plaintiff OPM") for failure to state a claim upon which relief can be granted. As grounds, the Caesars defendants hereby join in and incorporate by reference the Motion to Dismiss filed by defendants Forum Shops, LLC, Forum Developers Limited Partnership,

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

Simon Property Group Limited Partnership, and Simon Property Group, Inc. (collectively, "the Forum defendants") pursuant to Fed. R. Civ. P. 12(b)(6).

In seeking dismissal, the Caesars defendants also assert that, unlike the Forum defendants, the Caesars defendants are not alleged to have any contract with the plaintiffs. Of the eight "Causes of Action" in the Complaint, only two or, possibly, three even arguably include the Caesars entities as defendants: The Fifth Cause of Action, entitled "Violation of 42 U.S.C. § 1981"; the Seventh Cause of Action, entitled "Conspiracy"; and, possibly, the Eighth Cause of Action, entitled "Breach of Implied Covenant of Good Faith and Fair Dealing." With no alleged underlying contract, however, both the Fifth and Eighth Causes of Action fail as to the Caesars defendants a matter of law. The Caesars defendants thus assert as grounds for dismissal, in addition to those developed in the Forum defendants' Motion to Dismiss, the lack of any alleged underlying contract between any plaintiff and any Caesars defendant.

Finally, the Complaint contains wholly gratuitous, unsubstantiated and scandalous allegations about race and racism unconnected to any fact in issue in the lease dispute between the plaintiffs and the Forum defendants that is at the core of this case. If any part of the Complaint survives motion practice, these scurrilous and false allegations can and should be stricken under Fed. R. Civ. P. 12(f).

MORRIS PICKERING & PETERSON

By: _____
Kristina Pickering, No. 992
Jean-Paul Hendricks, No. 10079
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

Attorneys for Defendants
Caesars Palace Corp. and
Caesars Palace Realty Corp.

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

2

## POINTS AND AUTHORITIES

### I.    Introduction

The Complaint includes eight Causes of Action.  Of these, only two or possibly three are stated against the Caesars defendants:  The Fifth Cause of Action, entitled "Violation of 42 U.S.C. § 1981"; the Seventh Cause of Action, entitled "Conspiracy"; and, possibly, the Eighth Cause of Action, entitled "Breach of Implied Covenant of Good Faith and Fair Dealing."  These Causes of Action fail for the reasons amply covered in the Forum defendants' Motion to Dismiss, Docket No. 12, which is incorporated in full here.  They fail *as well* for the reason that – as is evidenced by the plaintiffs' exclusion of the Caesars defendants from their straight breach of contract and related injunctive and declaratory relief claims – the plaintiffs do not allege they have a contract with, or contract rights against, either Caesars defendant.  With no alleged contract, and no alleged contract rights, plaintiffs' Fifth and Eighth Claims for Relief as to the Caesars defendants fail as a matter of law.

### II.    The Allegations against the Caesars Defendants.

The gravamen of plaintiffs' complaint against the Caesars defendants is that the Caesars defendants have asked plaintiffs to pay for the extra security personnel required if, as plaintiffs have asked, Caesars leaves the passageway open between its casino and the Forum defendants' adjoining mall after midnight.  Plaintiffs do not allege that they have a contract with either Caesars defendant entitling them to have this after-hours access free of charge.[1]

---

[1]    Plaintiffs' contract claims involve a "Lease" and "Lease Amendment," which are defined terms of art in the Complaint, ¶¶ 14 and 23, and are alleged to be between the Forum Developer defendant and the Chin plaintiff and the Simon and Forum defendants and the Chin and OPM plaintiffs, respectively.  Neither Caesars defendant is alleged to be a party to either the Lease or the Lease Amendment.  The Forum defendants attach as Exhibit C to their Motion to Dismiss the "Lease Amendment."  In it, plaintiffs agree with the Forum defendants that "Tenant shall pay for all security . . .costs associated with the Premises after normal Center hours should Landlord [the Forum Defendants]

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

As against the Caesars defendants – as distinguished from the Forum defendants – plaintiffs' claims center instead on generalized – and largely time-barred – complaints about security problems allegedly presented by Caesars' customers at Pure nightclub, Com., ¶¶ 37 - 39, and in its casino and parking structure, *id.* ¶¶ 51, 53 -55, 58, and plaintiffs' objection to the Caesars defendants' closing the access way from the casino to the Forum Shops mall after midnight, *id.* ¶¶ 58 - 65, unless plaintiffs, who admit they are the sole open tenant in the Forum Shops mall at that hour, *id.* ¶ 60, pay for the after-hours security needed, *id.* ¶ 63.

Notably, plaintiffs do *not* allege that they have a contract-based right to have patrons walk through Caesars after midnight to gain access to the Forum Shops mall without paying for security. They do *not* allege that their patrons do not have other means of after-midnight access to plaintiffs' establishment the mall, *see id.* ¶ 60. They do *not* allege that the Caesars defendants' concern with providing adequate security if after-midnight access is allowed is pretextual or illegitimate. And they do *not* allege that Caesars unconditionally refuses to grant after-midnight access through the casino to the Forum Shops mall. As against the Caesars defendants, the complaint before the Court is this:

> 63. Caesars has stated it would be willing to keep the door open only if O.P.M.L.V. paid the entire cost of increased security near the doorway. O.P.M.L.V. is not able to pay the cost of this additional security, and so the door between the Casino and The Forum Shops remains closed during OPM's peak hours of operation.
>
> 64. This door closure has caused OPM to suffer a significant reduction in its normal average number of patrons between its peak hours of 1 a.m. and 4 a.m., with a correspondingly substantial loss of income.

Furthermore, plaintiffs admit theirs is the only Forum Shops mall establishment open after midnight. Thus, while their Complaint is long on speculation and innuendo, plaintiffs cannot plausibly allege they were singled

---

incur any such charges." *Id.* ¶ 3.

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

4

out and treated differently from other similarly situated tenants, because they admit there are no such other similarly situated tenants.

## III. Discussion

### A. Plaintiffs' 42 § USC 1981 Claim Fails to State a Claim upon Which Relief Can Be Granted

Plaintiffs do not allege state action and thus base their Civil Rights Act claim solely on 42 U.S.C. § 1981, which applies to purely private action. Section 1981 "has a specific function: It protects the equal right of '[a]ll persons with the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (internal citations are to 42 U.S.C. § 1981) (distinguished on other grounds). The *sine qua non* of a section 1981 claim is "an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." *Id.* at 476. "Section 1981 plaintiffs must allege injuries flowing from a racially motivated breach of their own contractual relationship; not of someone else's." *Id.* at 480.

As against the Caesars defendants, plaintiffs' section 1981 claim fails because they allege no contract made or attempted to be made between them and the Caesars' defendants. Their allegations are specific: Defendants have "discriminated against plaintiffs[2] in the making, performance, and attempted termination *of the Lease and the Lease Amendment. . . .*" Com., ¶ 90 (emphasis added). But the Caesars defendants are not alleged to be party to or involved in the enforcement or attempted termination of either the Lease or the Lease Amendment, which are correctly alleged as between plaintiffs *and the Forum*

---

[2]    As the Forum defendants develop in their Motion to Dismiss, this allegation is problematic too, since plaintiffs are entities, not individuals, and are not alleged to be themselves a protected racial class. The claim is that the race of some of their patrons has subjected them to discrimination, which is insufficient, absent specific allegation of a contract-based right of their patrons, not enforceable by them. *CBOCS West, inc. v. Humphries*, 128 S.Ct. 1951 (2008). Expansion of *CBOCS* beyond its stated precedent-driven limits is unwarranted. *See Gomez-Perez v. Potter*, 128 S.Ct. 1931 (2008) (companion case to *CBOCS*).

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

5

*defendants. See* note 1, *supra.* As against the Caesars defendants, the plaintiffs' Complaint is that, while willing to agree to allow after-midnight access of plaintiffs' patrons through the casino to the otherwise dark Forum Shops mall, the Caesars defendants ask to be reimbursed for the extra security required. By plaintiffs' own reckoning -- they plead no direct contract claim against either Caesars defendant -- this is *not* a contract claim, much less a claim under 42 U.S.C. § 1981.

The fact the Forum Shops Mall is deserted after midnight, with plaintiffs' establishment the only one still open, also is fatal to their section 1981 claim. *See Benton v. Cousins Props., Inc.,* 230 F.Supp.2d 1351 (N.D. Ga. 2002) (African-American plaintiff, who alleged that hotel defendants deprived her of the enjoyment of all the benefits, privileges, terms, and conditions of the contractual relationship that she had with hotel when she arranged to rent a conference room from hotel for holiday bazaar, failed to establish prima facie case under § 1981 since she failed to show that hotel defendants failed to perform any contractual obligation that they undertook with regard to the plaintiff or that they acted to deprive her of the enjoyment of any of the benefits, privileges, terms, or conditions of that contractual relationship, and failed to produce evidence of any similarly situated white exhibitor who was treated differently than plaintiff with regard to the allegedly discriminatory acts; plaintiff's allegations amounted, at most, to "poor service," and plaintiff was the only person who had ever attempted to hold such an event at the hotel, and therefore, no other person - white or black - had been treated as she was).

**B.** **Plaintiffs' Cause of Action for Conspiracy Should Be Dismissed Because They Have Not Pled Sufficient Facts to Make the Claim Plausible.**

In Nevada "[a]n actionable civil conspiracy consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

the act or acts." *Consol. Generator-Nevada, Inc. v. Cummins Engine Co. Inc.* , 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998). Further, when considering this standard in the context of a Rule 12(b)(6) motion to dismiss, the Plaintiffs must state "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. v. Twombly*, 127 S.Ct. 1955, 1974 (2007), that the Caesars defendants conspired with the Forum defendants to accomplish the unlawful objective of discriminating against Plaintiffs in the matter of requiring payment for security required for after-hours access through the casino to the mall.

Aside from the conclusory and self serving allegations contained in the Seventh Cause of Action for "Conspiracy" that "defendants" have "acted in concert. . ."intentionally disrupting the contractual relationships between Chinois and O.P.M.L.V.", Com. ¶ 98, no other allegations of conspiracy exist. "[A] plaintiff's obligation to provide the 'grounds' or his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65.

Allowing a cause of action for conspiracy to continue past Rule 12(b)(6) without sufficient specificity to make the claim plausible is inherently expensive and wasteful. "[I]t is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery in cases with no 'reasonably founded hope that the [discovery] process will reveal relevant evidence'" *Id.* at 1967. Without more specific allegations of *facts* establishing the "conspiracy" conclusorily alleged to exist, plaintiffs' cause of action for conspiracy must be dismissed.

C. *Plaintiffs' Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing Should Be Dismissed Because There Is No Contract Between Plaintiffs and the Caesars Defendants*

Every contract entered into in the state of Nevada contains an implied covenant of good faith and fair dealing. However, any liability under this doctrine "aris[es] out of an underlying contractual relationship. ...When no

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

contractual relationship exists, no recovery for bad faith is allowed." *United Fire Ins. v. McClelland*, 105 Nev. 504, 511, 780 P.2d 193, 197 (1989).

Simply put, plaintiffs have not alleged an existing contractual relationship with the Caesars defendants that has been denied or terminated. Each of plaintiffs' claims allege rights under the "Lease" or "Lease Amendment" which they correctly allege is a contractual relationship between plaintiffs and the Forum defendants, not the Caesars defendants. With no allegation of a contractual relationship with either Caesars defendants, plaintiffs have wrongly named the Caesars defendant in their Eighth Cause of action and the Caesars defendants should be dismissed.

### D. Plaintiffs' Complaint Includes Allegations that Should be Stricken Under Fed. R. Civ. P. 12(f)

Rule 12(f) allows the Court to strike any immaterial, impertinent, or scandalous matter from a pleading. The Caesars defendants acknowledge that relief under Rule 12(f) is the exception not the rule and is generally disfavored. 5 C C. Wright & A. Miller, *Federal Practice and Procedure:* Civil 3d § 1382, p. 452 (West 2004). As the Caesars defendants have here shown, however, plaintiffs' complaint against them comes down to a not-even-contract-based complaint about not having after-midnight access for their patrons through Caesars to the otherwise dark Forum Shops mall to reach their establishment without paying for the extra security required to make such access safe. This core grievance is not actionable and not made actionable by the scandalous and wholly irrelevant series of accusations reprised in section II of this Motion, *supra*, p. 3-4. If any part of the Complaint survives motion practice and is allowed to proceed against any defendant -- even if, as should be ordered, the Caesars defendants are dismissed -- the allegations in paragraphs 30, 34, 35, 37, 40, 42, 51 and 55 should be stricken under Fed. R. Civ. P. 12(f).

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

## CONCLUSION

For the foregoing reasons and for the additional reasons stated in the Forum defendants' Motion to Dismiss, the Caesars defendants ask for an order dismissing the Complaint for failure to state a claim against them upon which relief can be granted under federal or state law.

MORRIS PICKERING & PETERSON

By: _____
Kristina Pickering, No. 992
Jean-Paul Hendricks, No. 10079
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

Attorneys for Defendants
Caesars Palace Corp. and
Caesars Palace Realty Corp.

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS PICKERING & PETERSON, and that the following documents were served via electronic service: **MOTION TO DISMISS THE CAESARS DEFENDANTS** TO:

C. Stanley Hunterton
Pamela R. Lawson
HUNTERTON & ASSOCIATES
333 South Sixth Street
Las Vegas, Nevada 89101

Philip Heller
FAGELBAUM & HELLER, LLP
2049 Century Park East, Suite 4250
Los Angeles, CA 90067

Attorneys for Plaintiff
Phase II Chin, LLC

Samuel S. Lionel
LIONEL SAWYER & COLLINS
300 S. Fourth St., #1700
Las Vegas, Nevada 89101

Attorneys for Defendants
Forum Shops, LLC, Forum Developers Limited Partnership, Simon Property Group Limited Partnership, and Simon Property Group, Inc.

Harold Gewerter
GEWERTER LAW OFFICES
5440 W. Sahara Ave., Third Floor
Las Vegas, Nevada 89146

Attorneys for Plaintiff
Love & Money, LLC

DATED this ___ day of July, 2008.

By: _____

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

10