LIONEL SAWYER & COLLINS
Samuel S. Lionel (NSB #1766)
Charles H. McCrea, Jr. (NSB #104)
Christopher A. Mathews (NSB #10674)
Lauren D. Calvert (NSB #10534)
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Tel    (702) 383-8888
Fax    (702) 383-8845

Attorneys for Defendants FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, AND SIMON PROPERTY GROUP, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PHASE II CHIN, LLC and LOVE & MONEY, LLC (formerly dba O.P.M.L.V., LLC), <br><br> Plaintiffs, <br><br> v. <br><br> FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, SIMON PROPERTY GROUP, INC., CAESARS PALACE CORP., and CAESARS PALACE REALTY CORP. <br><br> Defendants. | Case No. 2:08-cv-00162-JCM-GWF <br><br> **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

Defendants FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP and SIMON PROPERTY GROUP, INC. (collectively "Forum Defendants") respectfully submit this Supplemental Memorandum in Support of Motion to Dismiss (Docket No. 12).

. . . .

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

SUPPLEMENTAL MEMORANDUM, Page 1 of 5

dockets.Justia.com

## I. INTRODUCTION

At page 3 of Plaintiffs' Sur-Reply in support of its opposition to Forum Defendants motion to dismiss Plaintiffs state: "<u>That is precisely what Plaintiffs have alleged occurred in this case: Defendants -- for racially motivated reasons -- have repeatedly and intentionally interfered with Plaintiffs' contracts, including the Lease, the Management Agreement, and Plaintiffs' ability to contract with their customers.</u>" [Emphasis added.]

This statement is false. The entire sum and substance of the allegations against the Forum Defendants in the Complaint -- the only conduct they are alleged to have engaged in -- is the sending of four letters to Chinois constituting notices of default under the Lease. Not only were these letters absolutely privileged as a matter of law, they did not in any way interfere with the Lease, the "Management Agreement"/Sublease or "Plaintiffs' ability to contract with their customers."

## II. THE NOTICES OF DEFAULT SENT BY THE FORUM DEFENDANTS TO CHINOIS WERE ABSOLUTELY PRIVILEGED AND CANNOT FORM THE BASIS FOR ANY CLAIM FOR RELIEF.

The conduct of the Forum Defendants alleged by Plaintiffs as the <u>sole</u> basis for all of their causes of action except their First (declaratory relief), Sixth (breach of contract) and Eighth (breach of the covenant of good faith and fair dealing) is the sending of four letters notifying Chinois that it was in breach of the Lease and that its failure to cure would "cause Landlord to take those steps deemed necessary to protect its interests." The letters went on to state, "These steps may include, without limitation, termination of the Lease, and commencement of an action to recover possession of Tenant's Premises as provided in the Lease...." *See, e.g.*, Exhibit D to Forum Defendants' Motion to Dismiss (Docket No. 12). Following receipt of these letters, Chinois did not cure the breaches outlined in the letters and, as promised, the Forum Defendants

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

SUPPLEMENTAL MEMORANDUM, Page 2 of 5

commenced an action against Chinois to recover possession of the Premises.[1]

It is well settled that communications associated with the attempted protection or enforcement of rights related to judicial and quasi-judicial proceedings are absolutely privileged, meaning that the recipient of such communications cannot use them as a basis for subsequently asserting claims for relief against the party giving those communications. This is a long-standing common law principal often referred to as the "litigation privilege." *Crockett & Myers, Ltd. Napier, Fitzgerald & Kirby, LLP*, 440 F. Supp. 2d 1184, 1195-96 (Nev. 2006).

> Nevada recognizes "the long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged." *Fink v. Oshins*, 118 Nev. 428, 49 P.3d 640, 643 (2002) (quoting *Circus Circus Hotels v. Witherspoon*, 99 Nev. 56, 657 P.2d 101, 104 (1983)). Generally, absolute privileges apply in situations where it is in the public interest that a person speak freely, even if from time to time some individuals may abuse the privilege. *Hampe v. Foote*, 118 Nev. 405, 47 P.3d 438, 440 (2002). "An absolute privilege is an immunity, which protects against even the threat that a court or jury will inquire into a communication." *Id.* The absolute privilege for communications related to judicial proceedings is based on the policy that as officers of the court, attorneys ought to have "the utmost freedom in their efforts to obtain justice for their clients." *Fink*, 49 P.3d at 643 (quotation omitted).
>
> Whether the absolute privilege applies is a question for the court. *Id.* at 643-44. The absolute privilege's scope is "quite broad," and only need be "in some way pertinent to the subject of controversy." *Id.* at 644 (quotation omitted). Nevada has directed courts to apply the absolute privilege "liberally, resolving any doubt in favor of its relevancy or pertinency." *Id.* (quotation omitted).
>
> Nevada has applied the absolute privilege related to judicial proceedings primarily in defamation actions, but has extended its application to other causes of action which derivatively depend upon the alleged defamation. *See Fink*, 49 P.3d at 643 (defamation); *Knox v. Dick*, 99 Nev. 514, 665 P.2d 267 (1983) (defamation and intentional infliction of emotional distress); *Sahara Gaming Corp. v. Culinary Workers Union Local 226*, 115 Nev. 212, 984 P.2d 164 (1999) (civil conspiracy, interference with contract, and interference with prospective economic damage which were derivative of defamation claim).
>
> * * *
>
> Nevada affords the absolute privilege for communications associated with judicial proceedings broad scope and directs courts to apply that privilege liberally.

---

[1] *Forum Shops, LLC v. Chin-LV, LLC*, Case No. 07C-10-0330 CLS, filed October 3, 2007, pending in the Superior Court of the State of Delaware in and for New Castle County. A copy of the Complaint for Declaratory Judgment (*sans* exhibits) is attached as Exhibit E to the Forum Defendants' Motion to Dismiss (Docket No. 12).

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

*Id.* at 1195-96 (emphasis added).

Letters written to protect or assert legal rights are a necessary part of the judicial process. *Richards v. Conklin*, 94 Nev. 84, 85, 575 P.2d 588, 589 (1978) ("the letters in question were written to protect the interest of respondents' clients in both a continuing and anticipated judicial proceeding and the letters were, therefore, subject to both an absolute and qualified privilege"). *Blanchard v. DirecTV, Inc.*, 123 Cal. App. 4th 903, 919, 20 Cal. Rptr. 3d 385, 396 (Cal. App. 2004) ("It has long been the law that communications that bear 'some relation' to an anticipated lawsuit fall within the privilege"). In many instances, such letters are a necessary prerequisite to bringing a judicial action to enforce legal rights. In the instant case, under the terms of the Lease, the Forum Defendants were required to give formal notice of the breaches committed by Chinois' and to give Chinois an opportunity to cure those breaches before any judicial action could be taken. Accordingly, those letters were absolutely privileged and cannot form the basis of any claim for relief against the Forum Defendants. *See 1100 Park Lane Associates v. Feldman*, 160 Cal. App. 4th 1467, 1488, 74 Cal. Rptr. 3d 1, 18 (Cal. App. 2008) (notice to quit served on a tenant prior to commencement of an unlawful detainer action was absolutely privileged requiring dismissal of tenant's claims for retaliatory eviction, wrongful eviction, negligence, negligent misrepresentation, breach of contract, unfair business practices and breach of the covenant of quiet enjoyment).[2]

### III. CONCLUSION

For the foregoing reasons, the letters sent by Forum Defendants to Chinois notifying Chinois that it was in breach of the Lease and that Chinois would be sued if the breaches were

---

[2] In their Joint Sur-Reply to Motion to Dismiss (Docket No. 43), Chinois argues that the Forum Defendants have failed to cite authority for the proposition that Chinois cannot maintain an action for breach of the covenant of quiet enjoyment so long as Chinois remains in possession of the premises. As held by the court in *1100 Park Lane Associates, supra*, where, as here, the cause of action is based solely on the giving of a notice of default -- which is absolutely privileged -- it must be dismissed.

not cured were absolutely privileged. Because these letters constitute the <u>only conduct</u> of the Forum Defendants forming the basis for Plaintiffs' Second Cause of Action (interference with contractual relations), Third Cause of Action (interference with prospective business advantage), Fourth Cause of Action (injunctive relief), Fifth Cause of Action (violation of 42 U.S.C. § 1981) and Seventh Cause of Action (conspiracy) these claims must be dismissed as a matter of law. *See Sahara Gaming Corp. v. Culinary Workers Union Local*, 226, 115 Nev. 212, 984 P.2d 164 (1999) (dismissing claims for civil conspiracy, interference with contract and interference with prospective economic damage based on communications protected by the litigation privilege).

Respectfully submitted,

LIONEL SAWYER & COLLINS

By: _____
Samuel S. Lionel (NSB #1766)
Charles H. McCrea, Jr. (NSB #104)
Christopher Mathews (NSB #10674)
Lauren D. Calvert (NSB #10534)
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

Tel   (702) 383-8888
Fax  (702) 383-8845

Attorneys for Defendants FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, AND SIMON PROPERTY GROUP, INC.