HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ., LTD.
5440 West Sahara Avenue, Third Floor
Las Vegas, Nevada 89146
Telephone: (702) 382-1714
Facsimile: (702) 382-1759
Attorneys for Love & Money, LLC

C. STANLEY HUNTERTON, ESQ.
Nevada Bar No. 1891
PAMELA R. LAWSON, ESQ.
Nevada Bar No. 5044
HUNTERTON & ASSOCIATES
333 South Sixth Street
Las Vegas, Nevada 89101
Telephone: (702) 388-0098
Attorneys for Phase II Chin, LLC

E-filed: 09/26/2008

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PHASE II CHIN, LLC and LOVE & MONEY, LLC, formerly O.P.M.L.V., LLC, <br><br> Plaintiffs, <br><br> v. <br><br> FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, SIMON PROPERTY GROUP, INC., CAESARS PALACE CORP, CAESARS PALACE REALTY CORP., DOES 1 through 20, AND ROE CORPORATIONS 1 through 20, <br><br> Defendants. | Case No. 2:08-cv-00162-JCM-GWF |

**PLAINTIFFS' JOINT OPPOSITION TO MOTION BY DEFENDANTS FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, SIMON PROPERTY GROUP, INC. TO FILE A "SUPPLEMENTAL MEMORANDUM" IN SUPPORT OF MOTION TO DISMISS**

1

On September 24, 2008, Defendants Forum Shops, LLC, Forum Developers Limited Partnership, Simon Property Group Limited Partnership, and Simon Property Group, Inc. (the "Forum Defendants") filed a Motion with the Court seeking leave to file a "Supplemental Memorandum" in support of their Motion To Dismiss, which is currently set for hearing before the Court on October 7, 2008. The Forum Defendants' Motion for leave to file the Supplemental Memorandum should be denied for the following three reasons:

<u>First</u>, in filing the Supplemental Memorandum, the Forum Defendants are <u>not</u> responding to issues raised in Plaintiffs' Joint Sur-Reply (filed on September 12, 2008). Instead, apparently recognizing the weakness of their Motion to Dismiss, the Forum Defendants are attempting to raise the entirely new claim that Plaintiffs' "sole basis" underlying their causes of action for interference with contractual relations, interference with prospective business advantage, injunctive relief, violation of 42 U.S.C. § 1981 and conspiracy is the "sending of four letters" that the Forum Defendants assert were protected by the litigation privilege. Because the Forum Defendants failed to present this issue to the Court in their Motion, Plaintiffs have not had the opportunity to respond to this argument. For this reason alone, Forum's request to file a Supplemental Memorandum should be rejected.[1]

<u>Second</u>, there is no reason to permit the filing of the Supplemental Memorandum, because the Forum Defendants' new privilege argument encompasses factual issues which cannot be decided on a motion to dismiss. *See Meltzer v. Grant*, 193 F. Supp. 2d 373 (D. Mass. 2002) (issue of whether pre-litigation letter was absolutely privileged could not be determined on motion to dismiss).[2] As the Nevada Supreme Court has held, when the communication at issue was "made before a judicial proceeding is initiated, it will be cloaked with immunity only if the

---

[1] At a minimum, if the Court permits the filing of the Supplemental Memorandum, due process requires that Plaintiffs be provided with an opportunity to file a supplemental brief to address this new argument.

[2] The case cited by the Forum Defendants, C*rockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 440 F. Supp. 2d 1184 (D. Nev. 2006) is factually distinguishable because in that case, the court dealt with the issue of whether an attorney should be liable for statements made to his client during the course of representation. Here, the statements were not made by an attorney to his clients, but were letters sent to Plaintiffs for the purposes of wrongfully interfering with Plaintiffs' contractual relationships.

communication is made in contemplation of initiation of the proceeding.  In other words, at the time the defamatory communication is made, the proceeding must be contemplated in good faith and under serious consideration." *Fink v. Oshins*, 118 Nev. 428, 433 (Nev. 2002).  Thus, before the Court can determine the Forum Defendants' privilege claim, the Forum Defendants will need to prove (among other things) that the letters were sent when litigation was contemplated in "good faith and under serious consideration."  However, the Forum Defendants have submitted no evidence of their good faith (nor could they on a motion to dismiss).

Indeed, to the extent that there are any facts relating to this issue, they support the contrary conclusion that there was no good faith contemplation of litigation.  For example, the Complaint alleges that the Forum Defendants engaged in a campaign of misconduct designed to harass the Plaintiffs for racially and financially motivated reasons – not to protect their legal rights.  *See* Complaint ¶¶27, 32.  Moreover, as alleged in the Complaint, the Forum Defendants sent the first letter on March 6, 2006, <u>more than a year and a half prior to filing their lawsuit in Delaware</u>.  *See* Complaint ¶43; Motion to Dismiss, Ex. E.  The extreme delay between sending this letter and filing the Delaware action strongly suggests that litigation was not "under serious consideration" when the letter was sent.  By their Supplemental Motion, the Forum Defendants are improperly requesting that the Court make a factual determination that the threat of litigation was made in good faith and was under serious consideration when the letters were sent, and thus Plaintiffs' claims cannot be dismissed on the basis of privilege.  *See Meltzer*, 193 F. Supp. 2d at 381.

<u>Third</u>, the assertion that Plaintiffs' allegations against the Forum Defendants only rest on the letters attached to their Motion to Dismiss is false.  The Complaint also alleges that the Forum Defendants interfered with Plaintiffs' contracts and discriminated against Plaintiffs and Plaintiffs' customers by, among other things, blaming Plaintiffs' customers for all security problems at Caesars involving African Americans and treating Plaintiffs less favorably than other tenants at the Forum Shops.  See Complaint ¶¶30, 31.  Plaintiffs are not required to allege every instance of wrongful conduct in the Complaint – as noted in the Complaint, the specific factual allegations regarding Defendants' wrongdoing is not "an exhaustive inventory."

Complaint ¶33; *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("a complaint is not required to allege all . . . of the facts logically entailed by the claim . . . . a complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing."). Moreover, the Forum Defendants' new position conflicts with its own assertion in the Motion to Dismiss, in which it stated that the allegations against the Forum Defendants include "letters <u>and visits</u> from Defendants regarding Chinois' violations of the lease". Motion to Dismiss at 22 (emphasis added). Because the Forum Defendants' premise in the Supplemental Memorandum – that the letters are the sole basis of liability against them – fails, so does their privilege argument.

* * *

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Forum Defendants' Motion for leave to file the Supplemental Memorandum.

Dated: September 26, 2008        HAROLD P. GEWERTER, ESQ., LTD.


                                 /s/ Harold P. Gewerter, Esq.
                                 HAROLD P. GEWERTER, ESQ.
                                 Nevada Bar No. 499
                                 5440 West Sahara Avenue, Third Floor
                                 Las Vegas, Nevada 89146
                                 Attorney for Plaintiffs

Dated: September 26, 2008        FAGELBAUM & HELLER LLP


                                 /s/ Philip Heller, Esq.
                                 Philip Heller, Esq. (admitted *pro hac vice*)
                                 2049 Century Park East, Suite 4250
                                 Los Angeles, CA 90067-3254

                                 HUNTERTON & ASSOCIATES
                                 C. Stanley Hunterton, Esq.
                                 Nevada Bar No. 1891
                                 333 South Sixth Street
                                 Las Vegas, Nevada 89101
                                 Attorneys for Phase II Chin, LLC

71039\3001\618948.1