E-filed: 10/15/08

HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ., LTD.
5440 West Sahara Avenue, Third Floor
Las Vegas, Nevada 89146
Telephone: (702) 382-1714
Facsimile: (702) 382-1759
Attorneys for Love & Money, LLC

C. STANLEY HUNTERTON, ESQ.
Nevada Bar No. 1891
PAMELA R. LAWSON, ESQ.
Nevada Bar No. 5044
HUNTERTON & ASSOCIATES
333 South Sixth Street
Las Vegas, Nevada 89101
Telephone: (702) 388-0098
Attorneys for Phase II Chin, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHASE II CHIN, LLC and LOVE & MONEY, LLC, formerly O.P.M.L.V., LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, SIMON PROPERTY GROUP, INC., CAESARS PALACE CORP, CAESARS PALACE REALTY CORP., DOES 1 through 20, AND ROE CORPORATIONS 1 through 20,<br><br>Defendants. | Case No. 2:08-cv-00162-JCM-GWF |

**PLAINTIFFS' JOINT REPLY TO SUPPLEMENTAL MEMORANDUM FILED BY DEFENDANTS FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, SIMON PROPERTY GROUP, INC. IN SUPPORT OF MOTION TO DISMISS**

1

On September 24, 2008, Defendants Forum Shops, LLC, Forum Developers Limited Partnership, Simon Property Group Limited Partnership, and Simon Property Group, Inc. (the "Forum Defendants") filed a "Supplemental Memorandum" in support of their Motion to Dismiss raising, <u>for the first time</u>, the claim that Plaintiffs' causes of action for interference with contractual relations, interference with prospective business advantage, injunctive relief, violation of 42 U.S.C. § 1981 and conspiracy are barred by the litigation privilege because the Forum Defendants' liability is purportedly based on the sending of four letters prior to the commencement of the Defendants' litigation in Delaware against Plaintiffs. Forum Defendant's argument is without merit for the following two reasons:

<u>First</u>, the Forum Defendants' privilege defense encompasses factual issues that cannot be resolved on a motion to dismiss; and

<u>Second</u>, the Forum Defendants' liability in this case is based on more than the four letters referenced in the Supplemental Memorandum.

**ARGUMENT**

**A.  The Forum Defendants' Privilege Defense Cannot Be Decided On A Motion To Dismiss.**

The Forum Defendants have improperly requested that the Court resolve, on a motion to dismiss, the factual issue of the possible application of the litigation privilege to four letters which form only a part of Plaintiffs' allegations. Not only do the Forum Defendants ignore that it is their burden to establish such a litigation privilege, but the determination of whether <u>prelitigation</u> communications are privileged requires the resolution of factual issues that cannot be determined at the pleading stage. *See Meltzer v. Grant*, 193 F. Supp. 2d 373 (D. Mass. 2002) (issue of whether pre-litigation letter was absolutely privileged could not be determined on motion to dismiss).

As the Nevada Supreme Court has held, when the communication at issue was "made before a judicial proceeding is initiated, it will be cloaked with immunity only if the communication is made in contemplation of initiation of the proceeding. <u>In other words, at the time the defamatory communication is made, the proceeding must be contemplated in good faith</u>

2

and under serious consideration." *Fink v. Oshins*, 118 Nev. 428, 433 (Nev. 2002) (emphasis added). As the Restatement notes, this is because "the bare possibility that the proceeding might be instituted is not to be used as a cloak to provide immunity for defamation when the possibility is not seriously considered." Rstmt (2d) Torts § 586, com. e. The California Supreme Court, in rejecting the claim that eviction notices are always shielded by the litigation privilege, reasoned that "[n]o public policy supports extending a privilege to persons who attempt to profit from hollow threats of litigation." *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1251 (2007).

The fact that the letters were sent prior to the litigation distinguishes this case from the decision cited by the Forum Defendants, *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 440 F. Supp. 2d 1184 (D. Nev. 2006), because the *Crockett* court expressly based its ruling on the belief that Nevada courts would hold that "the policy considerations surrounding the attorney-client relationship and the communications related to ongoing judicial proceedings privilege would protect an attorney's communications to his client in the course of representing her in an ongoing proceeding " *Id*. at 1196-97 (emphasis added). *Crockett* does not deal with prelitigation communications between the parties, and thus has no application to this case.

Far more on point is the *Meltzer* case, in which the District Court for Massachusetts analyzed whether it could grant a motion to dismiss based on the defendant's claim that a prelitigation communication was privileged. *Meltzer v. Grant*, 193 F. Supp. 2d 373 (D. Mass. 2002). The court rejected the defendant's privilege argument, holding (consistent with Nevada law) that the litigation privilege only applied to prelitigation letters when those letters were sent when "judicial proceedings [were] contemplated in good faith and under serious consideration." *Id.* at 381. Because the plaintiffs in that case disputed whether litigation was contemplated in good faith and under serious consideration, the court held that "the matter is not properly resolved on a motion to dismiss," because such a motion can only be granted "when the entitlement to the privilege is demonstrated by the complaint itself, taking all allegations of the complaint as true and drawing all reasonable inferences in favor of the plaintiffs." *Id.*

Accordingly, cases such as *1100 Park Lane Associates v. Feldman*, 160 Cal. App. 4th

3

1467 (2008), lend no support for the Forum Defendants' claim that the Court can apply the litigation privilege as a matter of law. First, in *1100 Park Lane Associates*, there was no real question that litigation was under "serious consideration" at the time the eviction notice was served, as the landlord initiated the eviction proceedings a mere <u>six weeks</u> after serving the notice. *Id.* at 1488. Second, *1100 Park Lane Associates* was not decided on the pleadings – the court specifically notes that it is basing its holding on <u>evidence</u> establishing that the privilege applied and that the plaintiff would not be able to prevail at trial. *Id.* at 1491. Third, contrary to the Forum Defendants' assertion that eviction notices are always privileged, *1100 Park Lane Associates* explicitly recognizes that a notice of eviction is only privileged to the extent that it "'relates to litigation that is contemplated in good faith and under serious consideration.'" *Id.* at 1487, quoting *Action Apartment*, 41 Cal. 4th at 1251.

Thus, in order to establish that the letters were privileged, the Forum Defendants will need to prove (among other things) that the letters were sent when litigation was contemplated in "good faith and under serious consideration." However, the Forum Defendants have submitted no evidence of their good faith (nor could they on a motion to dismiss). Indeed, the Court does not even have all of the allegedly privileged letters before it. The letters are not attached to the Complaint, nor were they provided to the Court as part of the Forum Defendants' Motion to Dismiss.[1] There are simply no facts on which the Court can determine the Forum Defendants' intent in sending the letters.

Indeed, to the extent that there are any facts relating to this issue, they support the contrary conclusion that there was no good faith contemplation of litigation. For example, the Complaint alleges that the Forum Defendants engaged in a campaign of misconduct designed to harass the Plaintiffs for racially and financially motivated reasons – not to protect their legal rights. *See* Complaint ¶¶27, 32. Moreover, as alleged in the Complaint, the Forum Defendants sent the first letter on March 6, 2006, <u>more than a year and a half prior to filing their lawsuit in Delaware</u>. *See* Complaint ¶43; Motion to Dismiss, Ex. E. The extreme delay between sending

---

[1] Only one letter (Exhibit D to the Motion) was provided to the Court.

4

this letter and filing the Delaware action strongly suggests that litigation was not "under serious consideration" when the letter was sent.

By their Supplemental Memorandum, the Forum Defendants are improperly requesting that the Court make a factual determination that the threat of litigation was made in good faith and was under serious consideration when the letters were sent, and thus Plaintiffs' claims cannot be dismissed on the basis of privilege. *See Meltzer*, 193 F. Supp. 2d at 381; *Action Apartment*, 41 Cal. 4th at 1252 (holding that "[b]ecause a factual inquiry is required in order to determine whether a particular eviction notice is privileged, it is impossible to conclude that the litigation privilege would bar every action . . . based on unfounded notices of eviction").

### B. The Forum Defendants' Liability In This Case Is Based On More Than Their Improper "Notices of Default".

The Forum Defendants are also incorrect when they assert that Plaintiffs' allegations against the Forum Defendants only rest on the letters attached to their Motion to Dismiss.

The Complaint alleges far more than the letters, including facts relating to the Forum Defendants' interference with Plaintiffs' contracts and discrimination against Plaintiffs and Plaintiffs' customers by, among other things, blaming Plaintiffs' customers for all security problems at Caesars involving African Americans and treating Plaintiffs less favorably than other tenants at the Forum Shops. *See* Complaint ¶¶30, 31. For example, in February 2006, the Forum Defendants attempted to blame Plaintiffs for an altercation that occurred in the Caesars parking lot, even though the fight did not occur near Plaintiffs' establishments and there was no evidence that the individuals were Plaintiffs' customers. Complaint ¶40. Additionally, the Forum Defendants accuse Plaintiffs of permitting crowds to gather outside of the club, yet they regularly permit crowds to gather outside of other venues in the Forum Shops. Complaint ¶55.

Furthermore, Plaintiffs have alleged that the Forum Defendants conspired with the Caesars defendants to harass the Plaintiffs and interfere with Plaintiffs' relationships with their customers. As part of this conspiracy, the Caesars defendants have, among other things:

- interfered with Plaintiffs' customers' ability to gain access to the club by closing the door separating Caesars' casino from the Forum Shops during the club's

busiest hours, even though it will keep the door open for other Forum Shops tenants (Complaint ¶¶59-62);

- closed the main entrance to the Forum Shops, thus forcing Plaintiffs' customers to walk around the casino on a street with no sidewalk (Complaint ¶65); and
- claimed that they have a "problem . . . with the customers that OPM attracted" (Complaint ¶42).

If Plaintiffs establish that the Forum Defendants conspired with the other defendants to harass Plaintiffs and interfere with Plaintiffs' contracts, then the Forum Defendants would be held liable for the Caesars defendants' actions. *See Hilton Hotels Corp. v. Butch Lewis Prods.*, 109 Nev. 1043, 1049 (Nev. 1993). The Forum Defendants do not (nor could they) argue that the Caesars defendants' wrongful acts alleged in the Complaint are privileged.

Moreover, to the extent that the Forum Defendants are claiming that the Complaint contains insufficient allegations of the Forum Defendants' misconduct, Plaintiffs are not required to allege every instance of wrongful conduct in the Complaint – as noted in the Complaint, the specific factual allegations regarding Defendants' wrongdoing is not "an exhaustive inventory." Complaint ¶33; *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("a complaint is not required to allege all . . . of the facts logically entailed by the claim . . . . a complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing.").

Finally, the Forum Defendants' new position conflicts with its own assertion in the Motion to Dismiss, in which it stated that the allegations against the Forum Defendants include "letters <u>and visits</u> from Defendants[2] regarding Chinois' violations of the lease." Motion to Dismiss at 22 (emphasis added).

## CONCLUSION

For the foregoing reasons, and those set forth in Plaintiffs' Opposition briefs and their

---

[2] The term "Defendants" is defined in the Motion to Dismiss as the Forum Defendants. *See* Motion at p. 1.

6

Joint Sur-Reply, Plaintiffs respectfully request that the Court deny the Forum Defendants' Motion to Dismiss.

Dated: October 15, 2008          HAROLD P. GEWERTER, ESQ., LTD.


                                 /s/ Harold P. Gewerter, Esq.
                                 HAROLD P. GEWERTER, ESQ.
                                 Nevada Bar No. 499
                                 5440 West Sahara Avenue, Third Floor
                                 Las Vegas, Nevada 89146
                                 Attorney for Plaintiffs

Dated: October 15, 2008          FAGELBAUM & HELLER LLP


                                 /s/ Philip Heller, Esq.
                                 Philip Heller, Esq. (admitted *pro hac vice*)
                                 2049 Century Park East, Suite 4250
                                 Los Angeles, CA 90067-3254

                                 HUNTERTON & ASSOCIATES
                                 C. Stanley Hunterton, Esq.
                                 Nevada Bar No. 1891
                                 333 South Sixth Street
                                 Las Vegas, Nevada 89101
                                 Attorneys for Phase II Chin, LLC

71039\3001\620324.2

7