MORRIS PETERSON
Steve Morris, No. 1543
Jean-Paul Hendricks, No. 10079
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 474-9400
Facsimile: (702) 474-9422
Email: sm@morrislawgroup.com
Email: jph@morrislawgroup.com

Attorneys for Defendants
Caesars Palace Corp. and
Caesars Palace Realty Corp.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHASE II CHIN, LLC and LOVE & MONEY, LLC, (formerly dba O.P.M.L.V., LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, SIMON PROPERTY GROUP, INC., CAESARS PALACE CORP., and CAESARS PALACE REALTY CORP., <br><br> Defendants. | CASE NO. 2:08-cv-162-JCM-GWF <br><br> OPPOSITION TO PLAINTIFF PHASE II CHIN, LLC'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL FOR THE CAESARS DEFENDANTS ATTORNEY STEVE MORRIS AND THE LAW FIRM OF MORRIS PETERSON; AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES |

Defendants Caesars Palace Corp. and Caesars Palace Realty Corp. ("Caesars") hereby oppose Plaintiff Phase II Chin, LLC's ("Chinois") Objections to the Magistrate Judge's Order denying Chinois' motion to disqualify Caesars' attorney, Steve Morris ("Morris") and the Law Firm of Morris Peterson. This opposition is based on the record in this case.

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

## I. INTRODUCTION

This dispute arises out of a single telephone call made by attorney Phillip Heller ("Heller") to Steve Morris in October 2007. Mr. Heller was shopping for a Las Vegas lawyer to act as local counsel in a lawsuit he planned to file in Las Vegas against Chinois' lessor of premises located in the Forum Shops adjacent to Caesars Palace. Heller told Morris he wished to sue the Forum Shops, LLC, an entity that is related to defendant Simon Property Group.

The Magistrate Judge found that Morris and Heller

> agree that they discussed the fact that Chinois had been sued in Delaware and that it intended to sue Simon in Nevada. They both agree that they discussed whether the suit should be filed in state or federal court and they discussed the local judiciary and Mr. Morris gave advice on those matters. Although Mr. Heller states that he discussed the eight causes of action to be alleged in Plaintiff's complaint, Mr. Morris recalls no such discussion. Nor does he recall any discussion about "litigation strategy in regard to the particulars of the case or discussions regarding Plaintiff's settlement position. Mr. Morris, however, recalls that he told Mr. Heller that the Simon entities would be a difficult opponent. Mr. Heller, however, states that they also discussed the effect that naming Caesars as a defendant would have on Chinois's settlement position.

Order, 2/19/09 at 13, Ex. E to Objections, and the conversation ended.[1]

The Magistrate Judge correctly concluded that when Morris spoke to Heller, Chinois was, at best, a *prospective* client. Chinois was not a current or

---

[1] There is no record of the telephone call, which until the hearing on February 12, 2009, the parties treated as having occurred in October 2007. At the hearing, attorney Fagelbaum said, "But I do know when it [the telephone call] took place. It was December 26, 2007." Transcript at 28, ll. 14-15. In an effort to prove his statement, Fagelbaum attempted to introduce a newly-discovered telephone record of his firm, which the Magistrate Judge rejected as having been inappropriately tendered in a reply argument at the hearing after both sides had confirmed "there was no contemporaneous record of when this phone call was made...." *Id.*, ll. 20-25.

This "record" and its significance to Chinois is raised again in the Objections at 4, n. 3. It is dealt with here only to dispose of it for good, as irrelevant and false: Morris was not in Las Vegas on December 27, 2007, so he could not have returned Heller's call on that day. Declaration of Steve Morris; Declaration of Jeana Hart, Exs. A and B hereto.

2

former client. Caesars was both. The Magistrate Judge also—and clearly and correctly—determined that Chinois "has not demonstrated that any information provided to him [Morris] in late 2007 could be significantly harmful to its position at this point in the litigation," Order at 15, ll. 15–18, as Nevada Model Rule 1.18 would require Chinois to demonstrate to disqualify Morris or his firm. Order at 8–9. The Magistrate Judge went on to say that the Court

> would not hesitate to disqualify Mr. Morris and his law firm if it was reasonably convinced that confidential information was disclosed to Mr. Morris by Mr. Heller in their 2007 conversation that could be significantly harmful to Plaintiff. Plaintiff has not shown, however, that confidential information was communicated to Mr. Morris which would have justified his or his law firm's disqualification in February 2008. The basis for such disqualification is even less apparent one year later. Under these circumstances the competing interests weigh heavily in favor of Defendant Caesars' right to be represented by counsel of its choice. Accordingly,
>
> **IT IS HEREBY ORDERED** that Plaintiff's Motion to Disqualify Attorney Steve Morris and the Law Firm of Morris Peterson (#70) is **denied**.

The objections to this clearly reasoned and supported order should be denied.

## II.     STANDARD OF REVIEW

A district judge may reconsider a magistrate's order on a non-dispositive matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1. Findings on questions of fact are reviewed under the deferential "clearly erroneous" standard. *United States v. Hughes Aircraft Co.*, 162 F.3d 1027, 1030 (9th Cir. 1999). Questions of law are reviewed de novo. *See Kulas v. Flores*, 255 F.3d 780, 783 (9th Cir. 2001). Under either or both standards the Magistrate Judge's order is supported by the law and evidence of record. Chinois has not shown otherwise; its objections should be denied.

3

## III. MAGISTRATE JUDGE FOLEY'S DECISION IS NOT CONTRARY TO LAW

As Magistrate Judge Foley pointed out, matters of attorney disqualification in federal courts are determined by state law. *In-N-Out Burger v. In & Out Tire & Auto, Inc.*, 2008 WL 2937294 at *2 (D. Nev. 2008), *citing In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000) ("because we apply state law in determining matters of disqualification, we must follow the reasoned view of the state supreme court when it has spoken on the issue"). Therefore the Nevada Model Rules of Professional Conduct, as adopted by the Nevada Supreme Court, govern disposition of the disqualification issues here. Local Rule IA 10-7(a) ["Model Rules of Prof. Conduct, ("Model Rules") as adopted and amended . . . by the Supreme Court of Nevada govern lawyers practicing in this federal District Court].

### A. Magistrate Foley Applied The Appropriate Model Rule Standard to Decide This Case.

Attorney conflicts of interest with former clients are generally governed by Nevada Mode Rule 1.9 which states an attorney's duties to former clients. Chinois is not a former client of Morris or Morris Peterson. Prior to the telephone call in dispute, Morris did not know Chinois or Heller, nor had Morris spoken to him. Magistrate Judge Foley correctly distinguished this case from cases in which communication with a former client was analyzed under Model Rule 1.9. Chinois was, at best, a *prospective client* when Heller spoke to Morris. In such a situation, Model Rule 1.9 comes into play only if the requirements of Model Rule 1.18 are first satisfied, and they have not been satisfied here.

Model Rule 1.18(c) states, "A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or substantially related matter if the lawyer receives information from the prospective client that could be *significantly harmful* to that person in the matter." (Emphasis added.) To meet the "significantly-harmful" standard, Chinois

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

must—but did not—produce evidence of such a disclosure by Chinois to Morris, as the Magistrate Judge found. He was not clearly erroneous in doing so: "In contrast to cases in which there was an explicit attorney client relationship which gives rise to a presumption that confidences were divulged, the question of whether confidential information passed between the prospective client and attorney is crucial in determining whether an implied attorney client relationship existed, and therefore must be *proved* rather than assumed" (emphasis added) Order at 10 (*citing Polyagro Plastics, Inc. v. Cincinnnati Milarcron, Inc.*, 903 F. Supp. 253, 257 (D. Puerto Rico 1999)). Chinois has failed to meet this burden; it assumes "significantly harmful facts" were disclosed without offering evidence to establish the facts of disclosure.

        In ruling against Chinois, the Court acknowledged the decision in *ADP, Inc. v. PMJ Enterprises, LLC*, 2007 WL 836658 *5 (D.N.J. 2008), "that under Rule 1.18(c) the moving party must proffer compelling evidence that significantly harmful information was disclosed." Magistrate Judge Foley then went on to discuss *Sturdivant v. Sturdivant*, 341 S.W.3d 740, 746 (Ark. 2006), which held that "a court may be more likely to infer that potentially harmful confidential information was disclosed where the consultation was with a lay person who may not fully appreciate the significance of the disclosures." Here the "consultation" was between experienced lawyers. Magistrate Foley explored the effect of attorney to attorney communications in cases tendered by Chinois, *People ex rel. Dept of Corporations v. SpeeDee Oil Change Systems*, 980 P.2d 371, 380 (Cal. 1999) and *Laryngeal Mask Company LTD v. Ambu*, 2008 WL 558561 *5 (S.D. Cal 2008), and concluded they were too dissimilar to be of help to Chinois in this case. He also considered the effect of Chinois' later disclosure of much of the alleged "confidential information" by the filing of the complaint in January 2008. Order at 12, *citing ADP*, 2007 WL 836658 at *5.

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

5

Magistrate Judge Foley found *NO* evidence, other than the self-serving conclusory declarations of Heller, that would support a finding of disclosure of information significantly harmful to Chinois in this litigation to Morris in 2007 in a single telephone call between these two attorneys. Thus, "unless there is evidence to the contrary ... the court must assume that an attorney will observe his responsibilities to the legal system as well as the client." *United Stats v. Walker River Irrigation, Dist.* 2006 WL 618823 at *5 (D. Nev. 2006, McQuaid, M.J.) (citing *Geders v. United States*, 425 U.S. 80, 93 (1976). There is no evidence that Morris acted irresponsibly in turning down a lawsuit against his own client, Caesars, in 2008, after speaking to Heller in 2007.

**B.    Magistrate Judge Foley Did Not Require Chinois to Divulge Any Confidences on Risk of Losing the Motion to Disqualify.**

A client is not required to divulge confidences disclosed to his attorney to prove that an attorney-client relationship was formed. *Laryngeal Mask Company LTD v. Ambu*, 2008 WL 558561 *5 (S.D. Cal 2008). Chinois was not required to do so here. Magistrate Judge Foley thoroughly reviewed Chinois' evidence of disclosures to Morris, including the circumstances of the telephone conversation between Heller and Morris, and found that no "significantly harmful" confidences were disclosed to Morris. A party moving for disqualification on behalf of a prospective client "must have evidence to buttress the claim that a conflict exists." *In-N-Out Burger*, 2008 WL 2937294 at *4 (citing *Robbins v. Gillock*, 109 Nev. 1015, 1017 (1993). Chinois did not establish the existence of a conflict through disclosures to Morris, and the Magistrate Judge was not clearly erroneous in so ruling.

**C.    The Cases Relied by Chinois Do Not Support Overturning the Magistrate Judge's Order.**

Chinois has not shown that Magistrate Judge Foley's order is "contrary to law." With the exception of the two cases discussed below, the facts of each of

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

6

the cases cited by Chinois have been extensively discussed in Caesar's opposition and will not be repeated in this response.[2]

First, Chinois relies on *Fierro v. Gallucci* for the proposition that a party moving to disqualify opposing counsel is only required to prove that it was likely the attorney had access to confidential information on facts—and law—dissimilar to those in this case. The question was decided without reference to Mode Rule 1.18(c) because New York does not adhere to the Model Rules. Moreover, in *Fierro* there was more than one discussion with the challenged lawyer. The discussions included facts, defenses, dollars at risk by the plaintiff, case law and applicable legal theories. A fax—*a writing*—was sent by the challenged law firm to Fierro regarding the case law applicable to the action. These facts are absent here.

Chinois also cites *Doucette v. Dlugolecki* for the proposition that an attorney can be disqualified prospective client contact for a call lasting only 15 minutes with no face to face contact or exchange of documents. This case, too, does not address Rule 1.18(c), but as in *Fierro*, it was the facts disclosed in the telephone call that produced the court's decision: the challenged attorney discussed and commented on the merits of the plaintiff's claims and expressed the opinion that it was a "strong case," which prompted plaintiff to file the action, after the attorney declined to represent him. Thereafter, the attorney showed up to defend against the case he counseled filing. And the court found the relationship between the discussion and the issues in the lawsuit "patently clear." There are no such facts

---

[2] The following cases are discussed at length in Caesar's opposition to Chinois motion to disqualify as indicated. *In-N-Out Burger v. In & Out Tire & Auto*, 2008 WL 2937294 (D. Nev.) Opp at 10; *Robbins v. Gillock*, 109 Nev. 1015 (1993) Opp at 10; *The People ex rel. Dept. of Corps., v. Speedee Oil Corp.*, 20 Cal. 4th 1135 (1999) Opp at 14; *Bays v. Theron*, 418 Mass. 685 (1994) Opp at 13; *Polyagro Plastics, Inc. v. Cincinnati Milacron, Inc.*, 903 F. Supp. 253 (D. Puerto Rico) Opp at 12. These cases and the newly-cited cases of *Fierro v. Gallucci*, 2007 WL 4287707 *21 (E.D.N.Y); and *Doucette v. Dlugolecki*, 2006 WL 2709456 (Conn. Super.), turn on rules similar to Model Rule 1.9. They do not reflect application or consideration of Model Rule 1.18 that addresses a *prospective* attorney-client relationship.

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

7

here, nor are the relationships between the facts allegedly disclosed by Heller and the issues in this lawsuit patently clear.

### D. The "Appearance of Impropriety" Standard Not a Standard to Determine Disqualification.

Chinois criticizes Magistrate Judge Foley for not addressing the appearance of impropriety and Chinois' belief that because of Heller's telephone call to Morris, "public confidence in the integrity of the bar is challenged when ethical rules are circumvented for the sake of expediency" Objection at 16. There are two things wrong with this "objection": (1) "appearance of impropriety" is a subjective statement; it is not a standard for evaluating lawyer contacts: "the appearance of impropriety is no longer grounds for disqualifying a lawyer from representing a party to a lawsuit." *Herman v. Gutterguard*, 199 Fed. Appx. 745, 755 (11th Cir. 2006). In upholding the lower courts decision to disqualify counsel the court noted, "the [district] court properly applied the conflict of interest standard and not the outdated appearance of impropriety standard." *Id*. The "appearance of impropriety" is simply not a standard for disqualification in Nevada and in other states that have adopted the Model Rules.

(2): The ethical rule involved here is Model Rule 1.18(c). It is the "law" applied by the Court to the facts—or absence of facts—tendered by Chinois. Magistrate Judge Foley understood and correctly applied Rule 1.18(c). Thus, neither the Court nor Morris has "circumvented" an ethical rule that will challenge "public confidence in the integrity of the bar." Objection at 16.

Magistrate Judge Foley's order denying Chinois motion to disqualify was not contrary to law. The objections to his order that correctly states and applies the law should be overruled and his order affirmed.

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

8

## IV. MAGISTRATE JUDGE FOLEY'S ORDER IS NOT THE PRODUCT OF CLEAR ERROR

### A. The Legal Standard.

When reviewing a Magistrate Judge's order, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). The District Court must accept a Magistrate Judge's findings of fact unless the District Court is left with the "definite and firm conviction that a mistake has been committed." *United States v. Hughes Aircraft Co.*, 162 F.3d 1027, 1030 (9th Cir. 1999). The Ninth Circuit has said that "[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week-week-old unrefrigerated dead fish." *Hayes v. Woodford*, 301 F.3d 1054, 1067 n. 8 (9th Cir. 2002). Chinois has not tendered such a carcass to this Court. There is no evidence of record to support the self-serving declaration of Heller that he disclosed significantly harmful information to Morris that is not of record and could hereafter be used against Chinois. Because of the near complete lack of evidence to support its claims, Chinois has not created a "definite and firm conviction that a mistake has been made." Its objections should be denied.

### B. Magistrate Foley's Findings of Fact Are Supported by the Record.

Magistrate Foley conducted a reasoned and thorough survey of the evidence presented in this case, including reasonable inferences drawn from the evidence. He acknowledged that Morris and Heller disagreed in their declarations as to the substance of their one telephone call, the length of the call, and whether other lawyers were also being consulted to act as local counsel. Order at 12-13. Most importantly, the Magistrate Judge, following the applicable law, stated that "the plaintiff has the burden of showing confidential information was disclosed to

MORRIS PETERSON
ATTORNEYS AT LAW
00 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

Morris that could be significantly harmful," Order at 13, just as Rule 1.18(c) mandates. Chinois has failed to carry its burden.[3]

Because the declarations of the parties were at odds, the Court considered "other relevant facts and circumstances that tend to support or undermine the parties position." Order at 13. These facts included: 1) that there was no face to face meeting between Heller and Morris; *Id.*; 2) the benign nature of discussing the characteristics of Nevada state and federal courts, *Id.*; 3) the fact that no documents were sent to or from Morris, *Id.*; 4) Heller's apparent waiver of conflict by allowing Morris Peterson to continue to represent Caesars in light of the alleged conflict; *Id.* at 15, and 5) later filing of this lawsuit and disclosure therein of the eight causes of action allegedly disclosed to Morris 18 months ago. Order at 14. These *facts* led Magistrate Foley to determine that Morris is not the repository of significantly harmful information that would require disqualification of him or his firm.

### C. Chinois' Objections to the Magistrate's Reasoning That Led to His Order Do Not Lead to a Different Result.

Chinois complains that the magistrate "missed the point" when stating that no ethical wall was created prior to the February 13th call between Morris and Chinois. The *facts* show that "the point" was not missed by the Court: Morris Peterson represented Caesars in this action prior to Heller's February 13 call to Morris. That call did not result in an "ethical screen" nor was one discussed. Morris did not know of this case at the time. Kris Pickering was representing Caesars and continued to do so without objection by Chinois. Morris was not

---

[3] Chinois complains that taking Morris's declaration that he did not receive confidential information at face value would defeat all motions to disqualify. This contention merely overlooks what is at issue here: Chinois was not Morris's former client. It was a *prospective* client whose disclosures to Morris are evaluated under Model Rule 1.18(c). If Heller's declaration meets the requirements of Rule 1.18(c) by asserting conclusions without evidence to support them, then the Rule becomes meaningless: "Significantly harmful" information would be shown to have been disclosed by merely saying that it was, which is all Heller's declarations accomplish.

MORRIS PETERSON
ATTORNEYS AT LAW
)0 BANK OF AMERICA PLAZA
.00 SOUTH FOURTH STREET
-AS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

10

involved in that work at all. As noted by the Magistrate Judge, "this appeared to be a reasonable solution [to Heller's concern], not an admission of conflict." Order at 14.

Chinois also contends that Magistrate Foley erred when he determined that the confidential information allegedly disclosed to Morris was rendered harmless by Chinois agreement to allow Ms. Pickering to continue to represent Caesars. Chinois asks,"why was Heller not entitled to rely on Morris' representation in February 2008?...[and] Ms. Pickering's assurances that Morris' call with Heller would not be discussed." Magistrate Judge Foley answers the question in his review of an email exchange between Morris and Heller regarding the alleged confidential information. The Court noted that Heller accepted Morris's representation that he had little recollection of the earlier conversation. "Perhaps more tellingly, even after being informed that Ms. Pickering is not only Morris's law partner, but also his spouse, Heller did not express any concern about her handling Caesar's defense." Order at 14. This is clear evidence of waiver, if not an admission that the unknown information would not be of consequence to Chinois if disclosed in the future.

Magistrate Foley's order should be applauded, not condemned, and it should be affirmed.

## V. CONCLUSION

Chinois has not met its burden to establish that the Magistrate Judge Foley's order is clearly erroneous on the facts or contrary to law in stating the effect of the facts. The Magistrate Judge's factual conclusions are supported by the record and the inferences drawn therefrom are reasonable. The Magistrate Judge correctly applied the law regarding communication with a prospective client in making the order Chinois objects to. Chinois failed to show that it disclosed information to Morris in 2007 that would be significantly harmful to Chinois if disclosed in 2009.

For these reasons the Plaintiff Phase II Chin, LLC's Objections to the Magistrate Judge's Order Denying Plaintiff's Motion to Disqualify Counsel for the Caesars Defendants Attorney Steve Morris and the Law Firm of Morris Peterson should be denied.

MORRIS PETERSON

By: _____
Steve Morris, No. 1543
Jean-Paul Hendricks, No. 10079
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

Attorneys for Defendants
Caesars Palace Corp. and
Caesars Palace Realty Corp.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of Morris Peterson, and that the following documents were served via electronic service:

**OPPOSITION TO PLAINTIFF PHASE II CHIN, LLC'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL FOR THE CAESARS DEFENDANTS ATTORNEY STEVE MORRIS AND THE LAW FIRM OF MORRIS PETERSON; AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

TO:

C. Stanley Hunterton
Pamela R. Lawson
HUNTERTON & ASSOCIATES
333 South Sixth Street
Las Vegas, Nevada 89101

Philip Heller
FAGELBAUM & HELLER, LLP
2049 Century Park East, Suite 4250
Los Angeles, CA 90067

Attorneys for Plaintiff
Phase II Chin, LLC

Samuel S. Lionel
LIONEL SAWYER & COLLINS
300 S. Fourth St., #1700
Las Vegas, Nevada 89101

Attorneys for Defendants
Forum Shops, LLC, Forum Developers Limited Partnership, Simon Property Group Limited Partnership, and Simon Property Group, Inc.

Harold Gewerter
GEWERTER LAW OFFICES
5440 W. Sahara Ave. Third Floor
Las Vegas, Nevada 89146

Attorneys for Plaintiff
Love & Money, LLC

DATED this 11th day of March, 2009.

By: /s/ [signature]