LIONEL SAWYER & COLLINS
Samuel S. Lionel (NSB #1766)
slionel@lionelsawyer.com
Charles H. McCrea, Jr. (NSB #104)
cmccrea@lionelsawyer.com
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Tel     (702) 383-8888
Fax     (702) 383-8845

Attorneys for FORUM SHOPS, LLC, FORUM
DEVELOPERS LIMITED PARTNERSHIP,
SIMON PROPERTY GROUP LIMITED
PARTNERSHIP and SIMON PROPERTY
GROUP, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PHASE II CHIN, LLC and LOVE & MONEY, LLC (formerly dba O.P.M.L.V., LLC), | Case No. 2:08-cv-00162-JCM-GWF |
| Plaintiffs, | |
| v. | |
| FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, SIMON PROPERTY GROUP INC., CAESARS PALACE CORP., and CAESARS PALACE REALTY CORP. | |
| Defendants, | **ANSWER AND COUNTERCLAIM OF FORUM DEFENDANTS** |
| FORUM SHOPS, LLC, | |
| Counterclaimant, | |
| v. | |
| PHASE II CHIN, LLC, | |
| Counter-Defendant. | |

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

ANSWER AND COUNTERCLAIM OF FORUM DEFENDANTS, Page 1 of 26

Dockets.Justia.com

COME NOW Defendant/Counterclaimant FORUM SHOPS, LLC ("Forum Shops") and Defendants FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP and SIMON PROPERTY GROUP, INC. (collectively "Forum Defendants"), by and through their attorneys, the law firm of Lionel Sawyer & Collins and respond as follows to the Complaint (the "Complaint") filed January 8, 2008 herein by Plaintiff/Counter-Defendant PHASE II CHIN, LLC ('Chinois") and Plaintiff LOVE & MONEY, LLC ("L&M"; Chinois and L&M, collectively "Plaintiffs"):

**ANSWER**

AS AND FOR THEIR ANSWER to the Complaint, Forum Defendants aver as follows:

1.     In answering paragraph 1 of the Complaint, Forum Defendants admit that a Wolfgang Puck restaurant known as "Chinois-Las Vegas" is located at The Forum Shops at Caesars Palace, 3500 Las Vegas Boulevard South, Las Vegas, Nevada and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein including the correct name of the putative operator and manager of this restaurant.

2.     In answering paragraph 2 of the Complaint, Forum Defendants admit that a nightclub formerly called "OPM" and presently called "Poetry" (hereinafter, "OPM") is located at The Forum Shops at Caesars Palace, 3500 Las Vegas Boulevard South, Las Vegas, Nevada and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein including the correct name of the putative operator and manager of OPM.

3.     Forum Defendants admit the allegations set forth in paragraph 3 of the Complaint.

4.     In answering paragraph 4 of the Complaint, Forum Defendants admit the allegations set forth in the first sentence and deny the remaining allegations.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

5. In answering paragraph 5 of the Complaint, Forum Defendants admit that Simon Property Group Limited Partnership is a limited partnership organized under Delaware law acting as the general partner of Forum Developers Limited Partnership, with a majority interest in Forum Developers Limited Partnership and deny the remaining allegations.

6. In answering paragraph 6 of the Complaint, Forum Defendants admit that Simon Property Group, Inc. is a Delaware corporation acting as the general partner of Simon Property Group Limited Partnership and deny the remaining allegations.

7. Forum Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Forum Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Forum Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Forum Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Forum Defendants deny the allegations set forth in paragraph 11 of the Complaint.

12. Forum Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. In answering paragraph 13 of the Complaint, Forum Defendants admit that on or about June 1, 1990, Caesars Palace Realty Corp. and Forum Developers Limited Partnership entered into a Ground Lease but deny that the allegations set forth in paragraph 13 accurately and completely characterize the terms of the Ground Lease and refer the Court to the Ground Lease itself for the full and complete terms thereof.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

14. In answering paragraph 14 of the Complaint, Forum Defendants admit that on or about March 18, 1997, Forum Developers LP and GGH Restaurant, LLC entered into a lease ("the Lease") and refer the Court to the Lease itself for the full and complete terms thereof; admit that Forum Shops, LLC has succeeded to Forum Developers Limited Partnership's rights and obligations under the Lease as the lessor; and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 including the correct name of the Chinois entity succeeding to GGH's rights and obligations under the Lease and the correct name of the putative operator and manager of Chinois-Las Vegas on the leased premises.

15. In answering paragraph 15 of the Complaint, Forum Defendants admit that "Chinois-Las Vegas" is a dining establishment that serves Asian/Pacific Rim and American cuisine, including certain dishes of chef Wolfgang Puck and are without knowledge or information sufficient to form a belief as to the remaining allegations.

16. In answering paragraph 16 of the Complaint, Forum Defendants admit the allegations set forth in the first two sentences and deny the remaining allegations.

17. In answering paragraph 17 of the Complaint, Forum Defendants admit that Tom Kaplan wrote to Gary Lewis on March 12, 2002 but deny that the allegations set forth in paragraph 17 accurately and completely characterize the terms of the March 12, 2002 letter and refer the Court to the March 12, 2002 letter itself for the full and complete terms thereof. Forum Defendants are without knowledge or information sufficient to form a belief as to whether there was another nightclub at the Caesars Palace complex as of March 12, 2002. The remaining allegations set forth in paragraph 17 of the Complaint are denied.

18. In answering paragraph 18 of the Complaint, Forum Defendants admit that, as of June 20, 2002, a purported entity named Phase II Chin-LV, LLC and O.P.M.L.V. signed a

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

document entitled "Management Agreement" but deny that the allegations set forth in paragraph 18 accurately and completely characterize the terms of the "Management Agreement" and refer the Court to the "Management Agreement" itself for the full and complete terms thereof. By way of further response, Forum Defendants deny that the "Management Agreement" is a true management agreement; it is an invalid sublease entered into in violation of the Lease.

19.     In answering paragraph 19 of the Complaint, Forum Defendants deny the allegations set forth in the third sentence and deny that the remaining allegations set forth in paragraph 19 accurately and completely characterize the terms of the "Management Agreement" and refer the Court to the "Management Agreement" itself for the full and complete terms thereof.

20.     In answering paragraph 20 of the Complaint, Forum Defendants admit that Kaplan wrote a letter to Lewis dated November 12, 2002 but deny that the remaining allegations set forth in paragraph 20 accurately and completely characterize the terms of the November 12, 2002 letter. By way of further response, Forum Defendants state that Chinois made the following representations in the November 12, 2002 letter from Tom Kaplan to induce Forum Shops to enter into the Lease Amendment:

> Over the past year, Wolfgang Puck, Joe Essa - one of our partners, and I have been working extensively with Michael Goodwin and his associates from Albuquerque, New Mexico in creating what we believe will be an outstanding late-night lounge called "OPM Lounge at Chinois." We are confident that it will have mutually beneficial synergies and be an exciting addition to the Forum Shops at Caesars. Our intention is to open in early 2003.

> Project Overview

> Lounges and Clubs are extremely popular in Las Vegas. While some, like Rumjungle, Rain, Babies and Drai's, cater to a younger audience, OPM Lounge is targeting a more affluent crowd, much like Light at Bellagio and the Foundation Room at Mandalay Bay. We will provide a stunning location where upscale, adult tourists, locals, celebrities and entertainers can relax in an environment that offers outstanding cuisine, lavish décor, intimacy and privacy.

> OPM, located on the second floor of Chinois, will be designed, furnished and operated in a first-class manner.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

Forum Defendants refer the Court to the November 12, 2002 letter itself for the full and complete terms thereof.

21.     In answering paragraph 21 of the Complaint, Forum Defendants admit that Lewis sent Kaplan an email message dated December 1, 2002 and a letter dated January 28, 2003. Forum Defendants deny that the allegations set forth in paragraph 21 accurately and completely characterize the terms of the December 1, 2002 email and the January 28, 2003 letter and refer the Court to the documents themselves for the full and complete terms thereof. Forum Defendants further admit that Forum was provided with a redacted copy of the "Management Agreement". Forum Defendants are without knowledge or information sufficient to form a belief as to the specific date that this redacted copy was provided. The remaining allegations set forth in paragraph 21 are denied.

22.     In answering paragraph 22 of the Complaint, Forum Defendants admit that OPM opened for business in May 2003; deny that OPM opened in May 2003 as "an upscale dance club that plays a range of different types of music, including hip-hop;" and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

23.     In answering paragraph 23 of the Complaint, Forum Defendants admit that on October 9, 2003, Forum Developers LP and an entity purportedly named Phase II Chin-LV, LLC executed an amendment to the lease ("Lease Amendment") and are without knowledge or information sufficient to form a belief as to the party who suggested the Amendment. Forum Defendants deny that the remaining allegations set forth in paragraph 23 accurately and completely characterize the terms of the Lease Amendment and refer the Court to the Lease Amendment itself for the full and complete terms thereof.

24.     In answering paragraph 24 of the Complaint, Forum Defendants admit that several members of Forum Shops' mall management attended OPM's opening in 2003; deny that "Simon

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

mall management" are employed by "Simon," as that term is defined in paragraph 6 of the Complaint; deny that any Simon executives attended OPM's opening; and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

25. In answering paragraph 25 of the Complaint, Forum Defendants deny the first sentence and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. The allegations set forth in paragraph 25 pertaining to Simon are denied.

26. In answering paragraph 26 of the Complaint, Forum Defendants deny the allegations set forth in the first sentence and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. In further response, Forum Defendants deny that OPM's alleged receipt of the awards referenced in paragraph 26 is in any way relevant to the claims in this litigation.

27. Forum Defendants deny the allegations set forth in paragraph 27 of the Complaint. Further, the allegation that Forum Defendants harbor "hostility towards, and prejudice against, African-Americans" is utterly baseless, scurrilous and highly offensive.

28. In answering paragraph 28 of the Complaint, Forum Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and specifically deny that they have engaged in any conduct at any time intended to discriminate against any person based on race. In further response, Forum Defendants deny that any alleged "report" by any "self-described community organization" concerning alleged activities in another state is in any way relevant to the claims in this action.

29. The allegations set forth in paragraph 29 of the Complaint are denied.

30. The allegations set forth in paragraph 30 of the Complaint are denied.

31. The allegations set forth in paragraph 31 of the Complaint are denied.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

32. In answering paragraph 32 of the Complaint, Forum Defendants admit that Forum Shops, LLC served formal legal notices of default under the Lease on Chinois and deny the remaining allegations.

33. The allegations set forth in paragraph 33 of the Complaint are denied.

34. In answering paragraph 34 of the Complaint, Forum Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, which are directed to Defendants Caesars Palace Corp. and Caesars Palace Realty Corp.

35. Forum Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36. The allegations set forth in paragraph 36 of the Complaint are denied.

37. In answering paragraph 37 of the Complaint, Forum Defendants deny that OPM patrons were not responsible for security problems at The Forum Shops Mall and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. By way of further response, Forum Defendants state that Chinois has permitted the nightclub to be operated in a manner that countenances rowdy and unruly behavior on the part of its patrons, including public drunkenness, shouting of obscenities, urination and vomiting in public areas, fighting, vandalism to property of other tenants in the Forum Shops Mall and assault and battery of customers and security personnel. Such behavior of the nightclub's patrons has required the repeated attention of security personnel and Las Vegas Metropolitan Police.

38. In answering paragraph 38 of the Complaint, Forum Defendants admit that they do not hire Las Vegas Metropolitan Police to work inside of The Forum Shops on a regular basis and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

39. The allegations set forth in paragraph 39 of the Complaint are denied. Forum Defendants further deny that Plaintiffs can adduce evidence of any wrongdoing by Forum Defendants, much less an alleged "exhaustive inventory" that has not been pled in this paragraph or anywhere else.

40. Forum Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint. By way of further response, Forum Defendants deny that OPM patrons were not responsible for security problems at The Forum Shops Mall. Forum Defendants state that Chinois has permitted the nightclub to be operated in a manner that countenances rowdy and unruly behavior on the part of its patrons, including public drunkenness, shouting of obscenities, urination and vomiting in public areas, fighting, vandalism to property of other tenants in the Forum Shops Mall and assault and battery of customers and security personnel. Such behavior of the nightclub's patrons has required the repeated attention of security personnel and Las Vegas Metropolitan Police.

41. Forum Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42. Forum Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43. In answering paragraph 43 of the Complaint, Forum Defendants admit that Forum Shops, LLC sent Chinois a letter dated March 6, 2006 and that this letter constitutes a formal legal notice of default under the Lease but deny that the remaining allegations set forth in paragraph 43 accurately and completely characterize the terms of the March 6, 2006 letter and refer the Court to the March 6, 2006 letter itself for the full and complete terms thereof.

44. In answering paragraph 44 of the Complaint, Forum Defendants admit that Forum Shops LLC gave formal legal notice to Chinois that the "Management Agreement" constituted an

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

illegal sublease in violation of Section 13.1 of the Lease but deny that the allegations set forth in paragraph 44 accurately and completely characterize the terms of the March 6, 2006 letter and refer the Court to the March 6, 2006 letter itself for the full and complete terms thereof.

45. In answering paragraph 45 of the Complaint, Forum Defendants admit that Forum Shops LLC gave formal legal notice to Chinois that it was operating the nightclub in violation of Sections 8.4 and 8.9 of the Lease but deny that the allegations set forth in paragraph 45 accurately and completely characterize the terms of the March 6, 2006 letter and refer the Court to the March 6, 2006 letter itself for the full and complete terms thereof.

46. In answering paragraph 46 of the Complaint, Forum Defendants deny that the allegations set forth in paragraph 46 accurately and completely characterize the terms of the March 6, 2006 letter and refer the Court to the March 6, 2006 letter itself for the full and complete terms thereof.

47. In answering paragraph 47 of the Complaint, Forum Defendants admit that Chinois' counsel responded to the March 6, 2006 letter by a self-serving letter dated March 9, 2006; deny that the remaining allegations set forth in paragraph 47 accurately and completely characterize the terms of the self-serving March 9, 2006 letter and refer the Court to the letter itself for the full and complete terms thereof. All of the remaining allegations in paragraph 47 are denied.

48. The allegations set forth in 48 of the Complaint are denied. In further response, Forum Defendants deny that the allegations set forth in paragraph 48 accurately and completely characterize the terms of the self-serving March 9, 2006 letter or the Lease and refer the Court to the letter and the Lease themselves for the full and complete terms thereof.

49. The allegations set forth in 49 of the Complaint are denied. In further response, Forum Defendants deny that the allegations set forth in paragraph 48 accurately and completely

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

ANSWER AND COUNTERCLAIM OF FORUM DEFENDANTS, Page 10 of 26

characterize the terms of the self-serving March 9, 2006 letter or the Lease and refer the Court to the letter and the Lease themselves for the full and complete terms thereof.

50. In answering paragraph 50 of the Complaint, Forum Defendants admit that the parties engaged in unsuccessful attempts to resolve their differences and deny the remaining allegations.

51. In answering paragraph 51 of the Complaint, Forum Defendants deny that Jeanene Straitz served as "Simon's head of night security" prior to the altercation referenced in this paragraph and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

52. In answering paragraph 52 of the Complaint, Forum Defendants admit that Forum Shops, LLC sent a letter to Chinois dated February 27, 2007 and that this letter constitutes a formal legal notice of default under the Lease; deny that the allegations set forth in paragraph 52 accurately and completely characterize the terms of the February 27, 2007 letter and refer the Court to the February 27, 2007 letter itself for the full and complete terms thereof. The remaining allegations in paragraph 52 are denied.

53. In answering paragraph 53 of the Complaint, Forum Defendants admit that Chinois' counsel responded by a self-serving letter dated March 9, 2007; deny that the allegations set forth in paragraph 53 accurately and completely characterize the terms of the self-serving March 9, 2007 letter and refer the Court to the letter itself for the full and complete terms thereof. On information and belief, the remaining allegations in paragraph 53 are denied.

54. In answering paragraph 54 of the Complaint, Forum Defendants deny that the allegations set forth in paragraph 54 accurately and completely characterize the terms of the self-serving March 9, 2007 letter and refer the Court to the letter itself for the full and complete terms thereof.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

55.     In answering paragraph 55 of the Complaint, Forum Defendants admit that the "Atlantis" exhibit runs every day on the hour from 10 a.m. to 10 p.m. in The Forum Shops and deny the remaining allegations.

56.     In answering paragraph 56 of the Complaint, Forum Defendants admit that Forum Shops, LLC sent Chinois a letter dated March 9, 2007 and that this letter constitutes a formal legal notice of default under the Lease; deny that the allegations set forth in paragraph 56 accurately and completely characterize the terms of the self-serving March 9, 2007 letter and refer the Court to the letter itself for the full and complete terms thereof; and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

57.     In answering paragraph 57 of the Complaint, Forum Defendants admit that Chinois' counsel responded by a self-serving letter dated March 23, 2007 but deny that the allegations set forth in paragraph 57 accurately and completely characterize the terms of the March 23, 2007 letter and refer the Court to the letter itself for the full and complete terms thereof. Forum Defendants further deny the allegations of prejudicial treatment and other wrongful conduct alleged in the March 23, 2007 letter.

58.     In answering paragraph 58 of the Complaint, Forum Defendants admit that Caesars has closed the entrance between The Forum Shops and the Casino at various times and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, which are directed to Defendants Caesars Palace Corp. and Caesars Palace Realty Corp.

59.     Forum Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint, which are directed to Defendants Caesars Palace Corp. and Caesars Palace Realty Corp.

60.     In answering paragraph 60 of the Complaint, Forum Defendants admit that OPM is the only Forum Shops business open after 12 a.m.; deny the allegations set forth in the last

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

sentence; and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

61.     The allegations set forth in paragraph 61 of the Complaint are denied.   Forum Defendants further deny any allegations that Forum Defendants have engaged in prejudicial treatment and other wrongful conduct.

62.     Forum Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint, which are directed to Defendants Caesars Palace Corp. and Caesars Palace Realty Corp.  To the extent the allegations set forth in paragraph 62 of the Complaint might be directed to Forum Defendants, they are denied.

63.     In answering paragraph 63 of the Complaint, Forum Defendants admit that Caesars has stated that it would be willing to keep the door open if O.P.M.L.V. paid for the cost of security near the doorway (which under the terms of the Lease Amendment Chinois would be required to do in any event) and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

64.     Forum Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65.     Forum Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint, which are directed to Defendants Caesars Palace Corp. and Caesars Palace Realty Corp.  To the extent the allegations set forth in paragraph 65 of the Complaint might be directed to Forum Defendants, they are denied.

66.     In answering paragraph 66 of the Complaint, Forum Defendants admit that Forum Shops has served formal legal notices of default under the Lease on Chinois, including a notice

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

1  dated November 30, 2007; admit that Chinois' counsel responded to the November 30, 2007

2  notice with a letter dated December 13, 2007 but deny that the allegations set forth in paragraph 66

3  accurately and completely characterize the terms of the November 30, 2007 notice and the

4  December 13, 2007 letter and refer the Court to the documents themselves for the full and

5  complete terms thereof.

6

7        67.    The allegations set forth in paragraph 67 of the Complaint are denied.

8        68.    In answering paragraph 68 of the Complaint, Forum Defendants admit that OPM is

9  required to provide adequate security under the Lease Amendment and are without knowledge or

10  information sufficient to form a belief as to the truth of the remaining allegations.

11        69.    In answering paragraph 69 of the Complaint, Forum Defendants admit that OPM is

12  operated on the second level of the Premises leased to Chinois, which is open to The Forum

13  Shops' common area; admit that the Lease requires Forum Shops to "provide and maintain a

14  system of condensed water to the Premises as installed as provided in Exhibit C" and at all

15  relevant times Forum Shops has been in full compliance therewith; deny that the allegations set

16  forth in paragraph 69 accurately and completely characterize the terms of the Lease and refer the

17  Court to the Lease itself for the full and complete terms thereof; and are without knowledge or

18  information sufficient to form a belief as to the truth of the remaining allegations.

19        70.    In answering paragraph 70 of the Complaint, Forum Defendants admit that the air

20  conditioning system at the nightclub has been brought to Forum Shops' attention, that Plaintiffs

21  requested permission to install a glass wall between OPM and Forum Shops Mall at Plaintiffs'

22  expense and that FOA Schwartz occupies a third floor space which is glassed in. The remaining

23  allegations set forth in paragraph 70 of the Complaint are denied.

24

25  . . . .

26

27  . . . .

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

## FIRST CAUSE OF ACTION

71.     Forum Defendants re-allege and incorporate their responses to paragraphs 1 through 70 above as if fully set forth herein.

72.     The allegations set forth in paragraph 72 of the Complaint are denied.

73.     In answering paragraph 73 of the Complaint, Forum Defendants admit that a justiciable controversy exists between the parties regarding their respective rights and duties under the Lease.  Forum Defendants further admit that this controversy involves, among other things, the issues enumerated in sections (1)–(5) of paragraph 73 of the Complaint, although Forum Defendants deny that Plaintiffs are entitled to any remedy under the Lease.   The remaining allegations set forth in paragraph 73 of the Complaint are denied.

## SECOND CAUSE OF ACTION

74.     Forum Defendants re-allege and incorporate their responses to paragraphs 1 through 73 above as if fully set forth herein.

75.     The allegations set forth in paragraph 75 of the Complaint are denied.

76.     In answering paragraph 76 of the Complaint, Forum Defendants admit that they are aware of the existence of the "Management Agreement" and deny the remaining allegations.

77.     The allegations set forth in paragraph 77 of the Complaint are denied.

78.     The allegations set forth in paragraph 78 of the Complaint are denied.

## THIRD CAUSE OF ACTION

79.     Forum Defendants re-allege and incorporate their responses to paragraphs 1 through 78 above as if fully set forth herein.

80.     The allegations set forth in paragraph 80 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Forum Defendants are without knowledge or information sufficient to form a belief as to the truth of said allegations.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

81. The allegations set forth in paragraph 81 of the Complaint are denied.

82. The allegations set forth in paragraph 82 of the Complaint are denied.

83. The allegations set forth in paragraph 83 of the Complaint are denied.

## FOURTH CAUSE OF ACTION

84. Forum Defendants re-allege and incorporate their responses to paragraphs 1 through 83 above as if fully set forth herein.

85. In answering paragraph 85 of the Complaint, Forum Defendants admit that Forum Shops has served formal legal notices of defaults under the Lease on Chinois notifying Chinois that if certain breaches of the Lease were not timely cured the Lease would be terminated and deny all remaining allegations set forth therein. The allegations pertaining to any "racially-motivated misconduct" on the part of Forum Defendants are utterly baseless, scurrilous and highly offensive.

86. Forum Defendants deny the allegations set forth in paragraph 86 of the Complaint as being utterly baseless, scurrilous and highly offensive.

87. The allegations set forth in paragraph 87 of the Complaint are denied.

88. The allegations set forth in paragraph 88 of the Complaint are denied.

## FIFTH CAUSE OF ACTION

89. Forum Defendants re-allege and incorporate their responses to paragraphs 1 through 88 above as if fully set forth herein.

90. Forum Defendants deny the allegations set forth in paragraph 90 of the Complaint as being utterly baseless, scurrilous and highly offensive.

91. The allegations set forth in paragraph 91 of the Complaint are denied.

92. The allegations set forth in paragraph 92 of the Complaint are denied.

. . . .

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

## SIXTH CAUSE OF ACTION

93.     Forum Defendants re-allege and incorporate their responses to paragraphs 1 through 92 above as if fully set forth herein.

94.     The allegations set forth in paragraph 94 of the Complaint are denied.

95.     The allegations set forth in paragraph 95 of the Complaint are denied.

96.     The allegations set forth in paragraph 96 of the Complaint are denied.

## SEVENTH CAUSE OF ACTION

97.     Forum Defendants re-allege and incorporate their responses to paragraphs 1 through 96 above as if fully set forth herein.

98.     The allegations set forth in paragraph 98 of the Complaint are denied.

99.     The allegations set forth in paragraph 99 of the Complaint are denied.

## EIGHTH CAUSE OF ACTION

100.    Forum Defendants re-allege and incorporate their responses to paragraphs 1 through 99 above as if fully set forth herein.

101.    The allegations set forth in paragraph 101 of the Complaint regarding the duty of good faith and fair dealing owed to Plaintiffs state a legal conclusion to which no response is required.

102.    The allegations set forth in paragraph 102 of the Complaint are denied.

103.    The allegations set forth in paragraph 103 of the Complaint are denied.

104.    The allegations set forth in paragraph 104 of the Complaint are denied.

105.    Forum Defendants deny that Chinois is entitled to the declaration alleged in section (1) of the "WHEREFORE" clause.  Forum Defendants further deny that Plaintiffs are entitled to any of the relief set forth in sections (2)-(6) of the "WHEREFORE" clause.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

106. Forum Defendants deny all allegations set forth in the Complaint not expressly admitted in paragraphs 1 through 105 above.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state claims for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute(s) of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by Chinois' own contractual breaches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the express terms of the Lease and Amendment.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have waived their right to trial by jury under the terms of the Lease.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiffs were injured and damaged as alleged, which is specifically denied, then the injuries and damages were caused, in whole or in part, by the acts or omissions of others, whether

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

individual, corporate, or otherwise, whether named or unnamed in each and every claim, for whose conduct Forum Defendants are not responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs were injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent, intervening and/or superseding cause or causes for which Forum Defendants are not responsible.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate their damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs cannot prove their entitlement to punitive damages under the facts of this case and/or the applicable law.

Further, with regard to Plaintiffs' claim for exemplary or punitive damages:

### *Standard of Proof*

Forum Defendants require Plaintiffs to prove their claim for exemplary or punitive damages by a minimum standard of clear and convincing evidence, as required by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, sections 6, 8 and 18 of the Nevada Constitution. Forum Defendants further require Plaintiffs to prove their claim for exemplary damages beyond a reasonable doubt, as required by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, sections 6, 8 and 18 of the Nevada Constitution.

### *Conduct to be Considered*

Forum Defendants deny liability for any award of exemplary damages not based solely on the specific allegations of Forum Defendants' conduct made the subject of this lawsuit, because

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

consideration of other conduct would subject Forum Defendants to impermissible multiple punishments for the same conduct, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, sections 6, 8 and 18 of the Nevada Constitution.

### *Separation of Powers*

Forum Defendants deny liability for exemplary damages to the extent that such are awarded to compensate Plaintiffs for elements of damage not otherwise recognized by Nevada law, as such an award violates the separation of powers doctrine and the Fourteenth Amendment to the United States Constitution.

### *Other Constitutional Considerations*

Forum Defendants deny liability for any award of exemplary damages, because under the current rules governing discovery and trial practices, current evidentiary rules and current vague substantive standards, such an award would violate Forum Defendants' rights under article I, sections 8, 9 and 10 of the United States Constitution, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article 1, sections 6, 8 and 18 of the Nevada Constitution. In particular, Forum Defendants deny liability for exemplary damages because:

(a) There is no standard of sufficient clarity to guide the trier of fact in determining whether to award exemplary damages or the amount of exemplary damages to be awarded;

(b) The trier of fact is not instructed on the limits on exemplary damages imposed by the applicable principles of deterrence and punishment;

(c) The trier of fact is not expressly prohibited from awarding exemplary damages, or from determining the amount of an award of exemplary damages, in whole or in part, on the basis of individual discriminatory characteristics such as Forum Defendants' wealth;

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

(d)     The trier of fact does not receive instruction concerning standards of sufficient clarity, objectivity and uniformity for determining either the appropriateness or the appropriate size of exemplary damages;

(e)     The standard for determining liability for exemplary damages is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes exemplary damages permissible, such that it does not give Forum Defendants adequate notice of the kind of conduct for which they may be liable for exemplary damages or the extent of their possible liability;

(f)     If the trier of fact is a jury, it would be permitted to award exemplary damages on a decision that is not unanimous;

(g)     The award of exemplary damages is not subject to judicial review based on objective standards; and

(h)     The exemplary damages sought are tantamount to a penalty under criminal law, but Forum Defendants have been denied the basic protections of criminal procedure.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred in whole or in part by the Plaintiffs' lack of standing.

## FIFTEENTH AFFIRMATIVE DEFENSE

At all relevant times, Forum Defendants met any and all of their obligations to Plaintiffs and their actions toward Plaintiffs were at all times based on legitimate, non-discriminatory business reasons.

## SIXTEENTH AFFIRMATIVE DEFENSE

All affirmative defenses set forth in FED. R. CIV. P. 8 and 12 are incorporated herein for the specific purpose of not waiving the same.

. . . .

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent discovery reveals additional defenses, Forum Defendants reserve the right to amend this Answer to assert additional affirmative defenses.

WHEREFORE, having answered Plaintiffs' Complaint fully, Forum Defendants request relief as follows:

A.     For judgment in favor of Forum Defendants;

B.     For dismissal of the Complaint with prejudice;

C.     For an award of Forum Defendants' reasonable attorney's fees and costs; and

D.     For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

AS AND FOR ITS COUNTERCLAIM against Plaintiff/Counterdefendant PHASE II CHIN, LLC ("Chinois"), Defendant/Counterclaimant FORUM SHOPS, LLC ("Forum Shops") claims and alleges as follows:

1.     Forum Shops is a Delaware limited liability company qualified to do business in the State of Nevada with a principal place of business in Clark County, Nevada. Forum Shops is the present day successor-in-interest to the landlord under that certain Lease dated March 18, 1997 by and between Forum Developers Limited Partnership and GGH Restaurant, LLC, a copy of which is attached to the Complaint on file herein as Exhibit A. The property (the "Premises") that is the subject of the Lease is located in the Forum Shops Mall in Las Vegas, Nevada.

2.     Chinois is a Delaware limited liability company qualified to do business in the State of Nevada with a principal place of business in Clark County, Nevada. Chinois is the present day successor-in-interest to GGH Restaurant, LLC, the lessee under the Lease.

3.     On October 9, 2003, Forum Shops and Chinois executed an amendment to the Lease denominated "Lease Amendment," a copy of which is attached to the Complaint on file

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

ANSWER AND COUNTERCLAIM OF FORUM DEFENDANTS, Page 22 of 26

herein as Exhibit B.  The Lease Amendment granted Chinois the right to operate an "after-hours club" in the Premises.

## Chinois' Failure to Operate in a First-Class Manner

4.     The Lease Amendment modifies Section 8.4 of the Lease to require that Chinois operate the nightclub "in first class manner in keeping with the standards of the Center."  The Forum Shops Mall is the preeminent shopping complex in the United States, with the highest sales per square foot of any mall in the nation.  The mall is composed of elite retailers such as Emporio Armani, Louis Vuitton, Gianni Versace, Tiffany & Co., Dolce & Gabbana and Giuseppe Zanotti.

5.     To induce Forum Shops to enter into the Lease Amendment, in a letter from Tom Kaplan dated November 12, 2002, Chinois made the following representations:

> Over the past year, Wolfgang Puck, Joe Essa - one of our partners, and I have been working extensively with Michael Goodwin and his associates from Albuquerque, New Mexico in creating what we believe will be an outstanding late-night lounge called "OPM Lounge at Chinois."  We are confident that it will have mutually beneficial synergies and be an exciting addition to the Forum Shops at Caesars.  Our intention is to open in early 2003.

> ### Project Overview

> Lounges and Clubs are extremely popular in Las Vegas.  While some, like Rumjungle, Rain, Babies and Drai's, cater to a younger audience, OPM Lounge is targeting a more affluent crowd, much like Light at Bellagio and the Foundation Room at Mandalay Bay.  We will provide a stunning location where upscale, adult tourists, locals, celebrities and entertainers can relax in an environment that offers outstanding cuisine, lavish décor, intimacy and privacy.

> OPM, located on the second floor of Chinois, will be designed, furnished and operated in a first-class manner.

6.     Contrary to the foregoing representations, Chinois has permitted the nightclub to be operated in a manner that, among other things, creates an environment that results in rowdy and unruly behavior, such as public drunkenness, vomiting in mall public areas, shouting obscenities in mall public areas, urinating in mall public areas, fighting, damaging property in mall public areas, assault and battery of customers and security personnel, use of illegal or controlled substances and

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

otherwise engaging in disorderly behavior requiring the repeated attention of security personnel and the Las Vegas Metropolitan Police Department.

7.     Chinois has permitted the nightclub to be operated in a manner that violates Section 8.4 of the Lease and the Lease Amendment which requires the nightclub to be operated in a "first class manner in keeping with the standards of the Center."

8.     In further violation of Section 8.4 of the Lease, Chinois has permitted the nightclub to be operated in a manner that constitutes a nuisance as defined in NRS 40.2514(4).

9.     Pursuant to Section 18.1 of the Lease, on or about March 6, 2006, Forum Shops served written notice upon Chinois of Chinois' default under the terms of the Lease and Lease Amendment (the "Default Notice"). Chinois failed to cure its default. More than thirty (30) days has passed since the service of the Default Notice.

### Chinois' Failure to Obtain Forum Shop's Prior Written Consent to Sublet

10.     Section 13.1 of the Lease requires that Chinois "shall not sell, assign, or in any manner transfer this Lease or any interest therein, nor shall sublet all or any part of the Premises…without Landlord's prior written consent…."

11.     The Lease Amendment did not modify Section 13.1 of the Lease or otherwise authorize a sublease of any part of the Premises.

12.     Chinois has breached the Lease by assigning, transferring or subletting a portion of the Premises, or an interest therein, to O.P.M.L.V., LLC without the prior written consent of Forum Shops.

13.     Under Section 18.1(h) of the Lease, Forum Shops has the right to terminate the Lease "without grace period, demand or notice" in the event "the Premises come into the hands of any person other than expressly permitted under [the] Lease."

14.     Chinois' assignment, transfer, or subletting of a portion of the Premises to

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

O.P.M.L.V., LLC without the prior written consent of Forum Shops in violation of Section 13.1 of the Lease is an event of default under Section 18.1(h) of the Lease allowing Forum Shops to terminate the Lease "without grace period, demand or notice."

## CLAIM FOR RELIEF

### (Declaratory Judgment)

15.     Forum Shops restates paragraphs 1 through 24 immediately above as if the same were set forth in full.

16.     A justiciable controversy exists between Forum Shops and Chinois.

17.     The interests of the Forum Shops and Chinois are adverse.

18.     The controversy between Forum Shops and Chinois is ripe for judicial determination because Forum Shops has suffered and will continue to suffer harm until such determination is made.

19.     Forum Shops has a legally protectible interest in the controversy and is entitled to an order declaring (a) that Chinois has committed events of default under the Lease; (b) that the Lease is terminated; (c) that Chinois is required to immediately surrender possession of the Premises to Forum Shops; (d) that Forum Shops is entitled to damages in excess of $10,000 according to proof; and (e) that Forum Shops is entitled to its reasonable attorneys' fees and costs incurred herein.

WHEREFORE, Forum Shops prays for Judgment against Chinois as follows:

A.     For a declaratory judgment declaring that (a) Chinois has committed events of default under the Lease; (b) the Lease is terminated; (c) Chinois is required to immediately surrender possession of the Premises to Forum Shops; (d) Forum Shops is entitled to damages in excess of $10,000 according to proof; and (e) Forum Shops is entitled to its reasonable attorneys' fees and costs incurred herein;

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

1    B.    For such other and further relief as to the Court seems just.

2                                          LIONEL SAWYER & COLLINS

3                                          By: _____

4                                          Samuel S. Lionel (NSB #1766)
                                           Charles McCrea (NSB #104)

5

6                                          Attorneys for FORUM SHOPS, LLC,
                                           FORUM DEVELOPERS LIMITED
7                                          PARTNERSHIP, SIMON PROPERTY
                                           GROUP LIMITED PARTNERSHIP and
8                                          SIMON PROPERTY GROUP, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101