Philip Heller, PLC (CA State Bar No. 113938)
ph@philipheller.com
Jerold Fagelbaum, Esq. (CA State Bar No. 92584)
office@fhllplaw.com
**FAGELBAUM & HELLER LLP**
2049 Century Park East, Suite 4250
Los Angeles, CA 90067
Telephone: 310.286.7666
Facsimile: 310.286.7086

C. STANLEY HUNTERTON, ESQ
Nevada Bar No. 5044
**HUNTERTON & ASSOCIATES**
333 S. Sixth Street
Las Vegas, NV 89101
Telephone: 702.388.0098
Facsimile: 702.388.0361

Attorneys for Plaintiff Phase II Chin, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHASE II CHIN, LLC and LOVE & MONEY LLC (formerly dba O.P.M.L.V., LLC),<br><br>Plaintiffs,<br><br>v.<br><br>FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, SIMON PROPERTY GROUP, INC., CAESARS PALACE CORP., and CAESARS PALACE REALTY CORP.<br><br>Defendants.<br><br>FORUM SHOPS, LLC<br><br>Counterclaimant,<br>v.<br>CHIN LV, LLC<br>Counter-Defendant. | Case No. 2:08-cv-00162-JCM-GWF<br><br>**REPLY BY PLAINTIFF AND COUNTER-DEFENDANT PHASE II CHIN LLC TO COUNTERCLAIM BY FORUM SHOPS, LLC**<br><br>[Hon. James C. Mahan] |

1

Dockets.Justia.com

Plaintiff and Counter-Defendant Phase II Chin LLC ("Counter-Defendant" or "Chinois") hereby replies to this Counterclaim filed by Defendant and Counterclaimant Forum Shops, LLC ("Counterclaimant" or "Forum Shops") on April 1, 2009.

**REPLY TO COUNTER-CLAIM**

1. Counter-Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 1 of the Counterclaim. Counter-Defendant admits that Forum Shops is the lessor under that certain lease between Forum Development Limited Partnership and GGH Restaurant, LLC entered into on or about March 18, 1997, as amended by the Lease Amendment entered into on or about October 9, 2003 and that the property which is the subject of the lease is located in the Forum Shops Mall in Las Vegas, Nevada. Counter-Defendant denies the remaining allegations of Paragraph 1 of the Counterclaim.

2. Counter-Defendant admits the allegations contained in Paragraph 2 of the Counterclaim.

3. Counter-Defendant admits that effective October 9, 2003, the parties entered into an amendment to the lease permitting Chinois to operate OPM in part of the leased premises Wednesdays through Sundays from 10:00 p.m. until 6:00 a.m. each following morning. Except as so admitted, Courter-Defendant denies the remaining allegations of Paragraph 2 of the Counterclaim.

4. Counter-Defendant denies the allegations of the first sentence of paragraph 4 of the Counterclaim to the extent that they inaccurately construe the Amendment which, as a written document, speaks for itself. Counter-Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Counterclaim.

5. Counter-Defendant admits that Tom Kaplan wrote a letter to Gary Lewis on November 12, 2002 which document speaks for itself. Except as so

admitted, Counter-Defendant denies the remaining allegations of Paragraph 5 of the Counterclaim.

6. Counter-Defendant denies the allegations of Paragraph 6 of the Counterclaim.

7. Counter-Defendant denies the allegations of Paragraph 7 of the Counterclaim.

8. Counter-Defendant denies the allegations of Paragraph 8 of the Counterclaim.

9. Counter-Defendant admits that Forum Shops sent a letter to Chinois dated March 6, 2006 which documents speaks for itself and that more than thirty days have elapsed since that time. Except as so admitted, Counter-Defendant denies every remaining allegations of Paragraph 9 of the Counterclaim.

10. In response to Paragraph 10 of the Counterclaim, Counter-Defendant admits the lease contains a Section 13.1 which document speaks for itself. Except as so admitted, Counter-Defendant denies every remaining allegation of Paragraph 10.

11. In response to Paragraph 11 of the Counterclaim, Counter-Defendant admits the lease contains a Section 13.1 which document speaks for itself. Except as so admitted, Counter-Defendant denies every remaining allegation of Paragraph 11.

12. Counter-Defendant denies the allegations of Paragraph 12 of the Counterclaim.

13. In response to Paragraph 13 of the Counterclaim, Counter-Defendant admits the lease contains a Section 18.1(b) which documents speak for itself. Except as so admitted, Counter-Defendant denies every remaining allegation of Paragraph 13.

14. Counter-Defendant denies the allegations of Paragraph 14 of the Counterclaim.

15. Counter-Defendant incorporates by reference each and every response to the foregoing paragraph as if fully set forth herein.

16. The allegations of Paragraph 16 of the Counterclaim set forth legal conclusions to which no response is required. To the extent Paragraph 16 includes allegations not facts, they are denied.

17. The allegations of Paragraph 17 of the Counterclaim set forth legal conclusions to which no response is required. To the extent Paragraph 17 includes allegations not facts, they are denied.

18. The allegations of Paragraph 18 of the Counterclaim set forth legal conclusions to which no response is required. To the extent Paragraph 18 includes allegations not facts, they are denied.

19. The allegations of Paragraph 19 of the Counterclaim set forth legal conclusions to which no response is required. To the extent Paragraph 19 includes allegations not facts, they are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

20. The Counterclaim in whole or in part, fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

21. Counterclaimant's claims are barred, in whole or in part, by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

22. Counterclaimant's claims are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

23. No conduct of Counter-Defendant was either the legal cause or the cause in fact of the alleged harm for which Counterclaimant seeks relief.

**FIFTH AFFIRMATIVE DEFENSE**

24. The Counterclaim fails to meet the standard for issuance of a declaratory judgment under applicable law.

**SIXTH AFFIRMATIVE DEFENSE**

25. Counterclaimant is not entitled to attorney's fees under the lease.

**SEVENTH AFFIRMATIVE DEFENSE**

26. Counterclaimant's claims are barred, in whole or in part, by its own contractual breaches.

**EIGHTH AFFIRMATIVE DEFENSE**

27. Counter-Defendant did not breach any legal duty to Counterclaimant under the Lease, the Amendment or otherwise.

**NINTH AFFIRMATIVE DEFENSE**

28. Counter-Defendant currently has insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated affirmative defenses available and therefore reserves the right to assert additional affirmative defenses.

**TENTH AFFIRMATIVE DEFENSE**

29. Counterclaimant's claims are barred in whole or in part by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

30. If Counterclaimant was injured and damaged as alleged, which is specifically denied, then the injury and damages were caused, in whole or part, by the acts or omissions of others, whether individual, corporate or otherwise, whether named, or unnamed for whose conduct Counter-Defendant is not responsible.

**TWELFTH AFFIRMATIVE DEFENSE**

31. If Counter-Claimant was injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from an independent,

intervening and/or superseding cause or causes for which Counter-Defendant is not responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

32. Counterclaimant claims are barred in whole or in part by Counterclaimant's failure to mitigate its damages.

**WHEREFORE**, Counter-Defendant Chinois prays for relief as follows:

1. That Counterclaimant Forum Shops take nothing by way of its Counterclaim and that judgment be entered in favor of Counter-Defendant Chinois;
2. For an award of attorney fees and costs; and
3. For such other and further relief as the Court may deem just and proper.

Dated: April 16, 2009         **FAGELBAUM & HELLER LLP**

By: _____
Philip Heller
2049 Century Park East, Suite 4250
Los Angeles, CA 90067-3254

and

Dated: April 16, 2009         **HUNTERTON & ASSOCIATES**

By: _____
C. Stanley Hunterton
333 S. Sixth Street
Las Vegas, NV 89101
Attorneys for Phase II Chin, LLC

6

# CERTIFICATE OF SERVICE

[US DISTRICT COURT –NEVADA
CASE NO. 2:08-CV-00162 JCM (GWF)

I hereby certify that on April 16, 2009 I caused a true and correct copy of the foregoing document **REPLY BY PLAINTIFF AND COUNTER-DEFENDANT PHASE II CHIN LLC TO COUNTERCLIAM BY FORUM SHOPS** to be served on counsel for all parties via electronic filing the Court's ECF System.

**LIONEL SAWYER & COLLINS**

Samuel S. Lionel, Esq.
Charles McCrea, Esq.
**LIONEL SAWYER & COLLINS**
300 So. Fourth Street, # 1700
Las Vegas, Nevada 89101

Attorneys for Defendants Forum Shops, LLC Forum Developers Limited Partnership, Simon Property Group Limited Partnership and Simon Property Group, Inc.

**HUNTERTON & ASSOCIATES**

C. Stanley Hunterton, Esq.
Pamela R. Lawson, Esq.
333 S0. Sixth Street
Las Vegas, Nevada 89101

Attorneys for Plaintiff Phase II Chin, LV

**GEWETER LAW OFFICES**

Harold Gewerter, Esq.
**GEWETER LAW OFFICES**
5440 W. Sahara Avenue, Third Floor
Las Vegas, Nevada 89146

Attorneys for Plaintiff Love & Money, LLC

**MORRIS PETERSON**

Steve Morris, Esq.
**MORRIS PETERSON**
900 Bank of America Plaza
300 So. Fourth Street
Las Vegas, Nevada 89101

Attorneys for Defendants Caesars Palace Corp. and Caesars Palace Realty Corp.

_/s/ Zorina Shah-Sohl_
Zorina Shah-Sohl

-1-