**JOINTLY SUBMITTED**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PHASE II CHIN, LLC and LOVE & MONEY, LLC (formerly dba O.P.M.L.V., LLC),

               Plaintiffs,

v.

FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, SIMON PROPERTY GROUP, INC., CAESARS PALACE CORP., and CAESARS PALACE REALTY CORP.

               Defendants,

AND RELATED ACTIONS.

Case No. 2:08-cv-00162-JCM-GWF

**STIPULATED PROTECTIVE ORDER**

## STIPULATION

WHEREAS, in the course of this litigation disclosure may be sought of information that a party regards as proprietary, confidential or requiring special protection under Rule 26(c) of the Federal Rules of Civil Procedure (collectively "Confidential Information"); and

WHEREAS, in the course of producing documents and information in this litigation, a party may inadvertently produce documents or information subject to the attorney-client privilege or work-product immunity; and

WHEREAS, the parties hereto desire to establish a mechanism governing access to and use

STIPULATED PROTECTIVE ORDER, Page 1 of 10

of Confidential Information and preserving the attorney-client privilege and work-product immunity in this action. Accordingly,

IT IS HEREBY STIPULATED AND AGREED by and between the parties, through their respective counsel, that the following Protective Order shall govern the access to and use of Confidential Information produced in this action:

IT IS HEREBY ORDERED that:

1. This Order shall apply to all information produced during discovery in this action that shall be designated by the party or person producing it ("producing party") as "Confidential."

2. The restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made ("receiving party") in violation of this Order, or that is legitimately acquired from a source not subject to this Order. Documents and Information disclosed to and/or in possession of the Las Vegas Metropolitan Police Department are deemed to be public knowledge and not considered confidential under this order.

3. If a document or transcript contains information considered Confidential Information by a party, such document or transcript shall be marked with the legend "CONFIDENTIAL." Such notation shall be placed on every page of each document so designated.

4. The party designating material as confidential shall articulate to all parties at the time of the designation the particular grounds for the assertion. If there is a dispute as to whether the material is confidential, the information shall be temporarily treated as confidential subject to resolution pursuant to Paragraph 14.

5. All Confidential Information shall be used only for the purpose of

this litigation and not for any other business, proceeding, litigation, or other purpose whatsoever. Further, such information may not be disclosed to anyone except as provided in this Order.

6.     Information disclosed at a deposition or other testimony may be designated as "Confidential" at the time of the testimony or deposition, or within thirty (30) days following receipt of the transcript, and shall be subject to the provisions of this Order. Additional information disclosed during a deposition or other testimony may be designated as "Confidential" by notifying the other party, in writing, within thirty (30) days after receipt of the transcript, of the specific pages and line numbers of the transcript that should also be so designated. Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential" for a period of thirty (30) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraph 9.

7.     All Confidential Information filed with the Court pursuant to Paragraph 12 of this Order, or any pleading or memorandum purporting to reproduce, paraphrase, or otherwise disclose such Confidential Information, shall be maintained by the Court *in camera* by filing the same in the Clerk's Office in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title and docket number of this action, an indication of the nature of the contents of such sealed envelope or other container and the legend "Confidential."

8.     As used in this Protective Order, "Trial Counsel" refers exclusively to the attorneys, paralegals, agents and support staff of the attorneys to be used only as needed to aid in this litigation.

9.     Material designated as "Confidential" that has been obtained

during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated below, subject to the provisions of Paragraphs 10, 12 and 13 of this Order:

(a)    an officer, director, or designated employee of a party deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action;

(b)    independent experts or consultants (together with their clerical staff) retained by Trial Counsel to assist in the prosecution, defense, or settlement of this action;

(c)    court reporters employed in this action;

(d)    agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

(e)    witnesses in any deposition or other proceeding of this action who are the author(s) or recipient(s) of the "Confidential" material, or who, based on independent evidence, are shown to have been persons who have previously received a copy of the material; and

(f)    any other persons as to whom the parties in writing agree.

10.    Any officer, director or designated employee of any party under Paragraph 9(a), or independent experts or consultants (together with their clerical staff) identified under Paragraph 9(b) having access to Confidential Information shall be given a copy of this Order before being shown such Confidential Information, and its provisions shall be explained to them by an attorney. Each person, before having access to the Confidential Information, shall agree not to disclose to anyone any Confidential Information not exempted by this Order, and to not make use of any such Confidential Information other than solely for purpose of this litigation, and shall acknowledge in writing by signing a document in the form of Exhibit A attached hereto, notice of execution to be served on the producing party, that he or she is fully conversant with the terms of this Order and agrees to comply with it and be bound by it.

11.    For the purpose of this Protective Order an independent expert or consultant shall be defined as a person, who is not an employee of a party or scheduled to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party.

12.    Subject to the rules of evidence, Documents designated "Confidential" may be filed with the Court or offered in evidence at hearing or trial of this case upon at least five court days' written notice (provided by email or next day delivery service) of the intention to do so, or if that is not possible, on shorter notice as the circumstances permit. The party filing or offering the Documents may move the Court orally or in writing for an order that the "Confidential Information" be received *in camera* at the hearing or under other conditions to prevent disclosure. The Court will then determine whether the proffered evidence should be treated as confidential, and if so, what protections

shall be afforded to such Documents at the hearing.

13.     Any Confidential Information may be used in any deposition taken of the producing party or its employees, or otherwise used in any deposition with the written consent of the party that produced such Confidential Information, subject to the condition that when such Confidential Information is so used, the party who made the designation may notify the reporter that the portion of the deposition involving such Confidential Information is being taken pursuant to this Order. Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such Confidential Information pursuant to the terms of this Order.

14.     A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party or producing party of any information as "Confidential," the party objecting shall first try to resolve such disagreement with the producing party in good faith on an informal basis, such as by production of redacted copies. If the disagreement cannot be resolved on an informal basis, the objecting party may move the Court for an Order modifying the designated status of such information. In the event of any dispute as to the propriety of a redaction, the party objecting to the redaction may submit the issue to the Court for resolution.

15.     Notwithstanding anything to the contrary herein, if a party through inadvertence or mistake produces any Confidential Information without marking it with the legend "Confidential," the producing party may give written notice to the receiving party that the document, information, or testimony contains

Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall return said unmarked materials and not retain copies thereof, and must treat such documents, information, or transcripts as Confidential Information, and shall cooperate in restoring the confidentiality of such Confidential Information. The receiving party shall not be responsible for the disclosure or other distribution of belatedly-labeled Confidential Information as to such disclosure or distribution that occurred prior to the receipt of such notification of a claim of confidentiality, and any such disclosure or distribution shall not be deemed to be a waiver or a violation of this Protective Order.

16.     If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim. If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request, such information shall be returned promptly and, if a document, all copies of that document shall be destroyed. The party returning such information may move the Court for an Order compelling production of such information upon a good faith basis for challenging the privilege or protection but may not assert, as a basis for compelling production, waiver based on its inadvertent production in the first instance.

17.     It is not the intention of this Protective Order to fully address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, nor to preclude any party, including the producing party, from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

18.    This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Confidential Information.    The fact that Information is designated "Confidential" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.    This Order shall be without prejudice to the right of any party to bring before the Court the question of:

(a)    whether any particular document, information, or transcript is or is not Confidential Information;

(b)    whether any particular document, information, or transcript is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

(c)    whether any particular document, information, or transcript is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

19.    A non-party to this action may designate information requested via subpoena as "Confidential" and such Confidential Information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by this Order.

20.    To protect its own Confidential Information, the producing party may ask a non-party to execute a document in the form of Exhibit A.

21.    Within thirty (30) days following the conclusion of this litigation, all Confidential Information, except such documents or information which incorporate or are incorporated into attorney work product (a single copy of which may be retained in counsel's file), shall, upon request, be returned to the producing party, or disposed of pursuant to the instructions of the producing

party.

22. The restrictions provided for above shall not terminate upon the conclusion of this lawsuit, but shall continue until further Order of this Court. This Stipulated Protective Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

HUNTERTON & ASSOCIATES

By:     s/C. Stanley Hunerton
        C. Stanley Hunterton (NSB #1891)
        333 So. Sixth St.
        Las Vegas, Nevada 89101

*Counsel for Plaintiffs Phase II Chin, LLC
And Love & Money, LLC*

BOWLES & CROW

By:     s/Robert Jason Bowles
        Robert Jason Bowles (*Pro Hac Vice*)
        201 Third Street, Suite 1370
        Albuquerque, New Mexico 87102

*Counsel for Plaintiff Phase II Chin, LLC*

MORRIS & PETERSON

By:     s/Steve Morris
        Steve Morris (NSB #1543)
        300 South Fourth Street, Suite 900
        Las Vegas, Nevada 89101

*Counsel for Defendants Caesars Palace
Corp. and Caesars Palace Realty Corp.*

GORENCE & OLIVEROS, P.C.

By:     s/Louren Oliveros
        Louren Oliveros (*Pro Hac Vice*)
        201 12th Street NW
        Albuquerque, New Mexico 87102

*Counsel for Plaintiff Love & Money, LLC*

LIONEL SAWYER & COLLINS

By:     s/Charles McCrea
        Charles McCrea (NSB #104)
        300 South Fourth Street, Suite 1700
        Las Vegas, Nevada 89101

*Counsel for Defendants Forum Shops, LLC,
Forum Developers Limited Partnership,
Simon Property Group Limited Partnership
and Simon Property Group, Inc.*

## ORDER

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

DATE:_____

**EXHIBIT A**

<u>ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT</u>

I, _____, declare under penalty of perjury under the laws of the United States that:

1.    My address is: _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____

_____.

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Stipulated Protective Order (the "Order") entered in Case No. 2:08-cv-00162-JCM-GWF pending in the United States District Court, District of Nevada (the "Court"). I agree that I will not disclose any documents or information received by me pursuant to the Order, except for purposes directly related to this litigation, as explicitly allowed by said Protective Order, and I agree to be bound by the terms and conditions of this Order unless and until modified by further order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing the Order. I understand that I am to retain all copies of any of the materials I receive which have been labeled as Confidential Information in a safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Order. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

Dated: _____          _____