LIONEL SAWYER & COLLINS
Samuel S. Lionel (NSB #1766)
slionel@lionelsawyer.com
Charles H. McCrea, Jr. (NSB #104)
cmccrea@lionelsawyer.com
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Tel (702) 383-8888
Fax (702) 383-8845

Attorneys for FORUM SHOPS, LLC,
FORUM DEVELOPERS LIMITED
PARTNERSHIP, SIMON PROPERTY
GROUP LIMITED PARTNERSHIP and
SIMON PROPERTY GROUP, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PHASE II CHIN, LLC and LOVE & MONEY, LLC (formerly dba O.P.M.L.V., LLC), <br><br> Plaintiffs, <br><br> v. <br><br> FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, SIMON PROPERTY GROUP, INC., CAESARS PALACE CORP., and CAESARS PALACE REALTY CORP. <br><br> Defendants, <br><br> AND RELATED ACTIONS. | Case No. 2:08-cv-00162-JCM-GWF <br><br><br> **MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIM** |

Defendant FORUM SHOPS, LLC ("Forum"), by and through its counsel of record, Lionel Sawyer & Collins, hereby respectfully requests leave to amend its Counterclaim pursuant to Fed. R. Civ. P. 15(a). This Motion is made and based upon Fed. R. Civ. P. 15(a), the following

MOTION TO FILE FIRST AMENDED COUNTERCLAIM, Page 1 and 5

Memorandum of Points and Authorities, the pleadings on file herein and any oral argument that may be allowed by the Court at a hearing of this Motion. A copy of the proposed First Amended Counterclaim is attached hereto as Exhibit 1.

DATED this 10th day of June 2009.

LIONEL SAWYER & COLLINS

By: *(signature)*
Samuel S. Lionel (NSB #1766)
Charles H. McCrea, Jr. (NSB #104)
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

Tel  (702) 383-8888
Fax  (702) 383-8845

Attorneys for Defendants FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, AND SIMON PROPERTY GROUP, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

Fed. R. Civ. P. 15(a) counsels a liberal amendment policy and reflects a clear bias in favor of granting leave to amend. Forum's request is well in advance of trial, ensuring Plaintiffs adequate time to complete additional discover – if any is required – relevant to Forum's proposed amendments to its Counterclaim. As there is no conceivable prejudice to Plaintiffs from granting the Motion to Amend, it should be granted.

The original Counterclaim was filed in this action along with Forum's Answer on April 1, 2009. It asserted only one claim for relief -- for declaratory judgment. Since April 1, 2009, Forum has received responses to discovery requests made to Plaintiffs which establish facts supporting three additional claims for relief: (1) breach of contract, (2) fraud and (3) conspiracy. A copy of the proposed First Amended Counterclaim is attached hereto as Exhibit 1.

. . . .

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST

## II. LEGAL ARGUMENT

### A. Standard of Review.

Fed. R. Civ. P. 15(a) mandates that leave of court to amend a party's pleading "shall be freely given when justice so requires." The liberal allowance of amendments of pleadings is a recognition that controversies should be decided on the merits whenever practicable. *See Conley v. Gibson*, 355 U.S. 41, 48 (1957). Thus, where "the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A motion to amend a pleading is addressed to the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. *Id.* However, an outright refusal to grant leave to amend without any justifying reason appearing for the denial is an abuse of discretion and is inconsistent with the Federal Rules of Civil Procedure. *Id.*

### B. Circumstances of this Case Weigh in Favor of Granting Leave to Amend.

Courts generally consider four factors when deciding whether to grant a motion for leave to amend a pleading: (1) bad faith or dilatory motive; (2) undue delay in filing the motion; (3) prejudice to the opposing party; and (4) the futility of the proposed amendment. *Bellanger v. Health Plan of Nevada, Inc.*, 814 F. Supp. 914, 916 (D. Nev. 1992). Absent any apparent or declared instance of these factors, the leave to amend should be granted. *Id.*; *see also United States v. Truckee-Carson Irrigation District*, 107 F.R.D. 377, 380 (D. Nev. 1985); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

#### 1. Plaintiffs' Proposed First Amended Counterclaim Does Not Prejudice Defendants.

The crucial factor in determining whether to grant or deny leave to amend is whether granting leave will result in undue prejudice to the opposing party. *See Wyshack v. City National Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also Leighton*, 833 F.2d at 186. The undue prejudice that a court must guard against is that prejudice "which would cause a party undue difficulty in prosecuting a lawsuit as a result of a change in tactics or theories on the part of the other party." Mere allegations that the opposing party may have to engage in additional

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
BANK OF AMERICA PLAZA

time consuming or expensive discovery does not constitute the type of prejudice that would justify a denial of the motion to amend. *Securities and Exchange Commission v. Glick*, Fed. Sec. L. Rep. P 97,535 (D. Nev. 1980). None of these factors are present here.

The party opposing the motion bears the burden of showing prejudice. *Bellanger v. Health Plan of Nevada, Inc.*, 814 F. Supp. 914, 916. A conclusory statement that prejudice will result is not sufficient to deny leave to amend. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479 (6th Cir. 1973). The court should also take into account any prejudice to the moving party resulting from a denial of leave to amend. *Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69 (5th Cir. 1961).

Prejudice to the opposing party sufficient to justify denial of leave to amend must be undue or substantial. *Block v. First Blood Assoc.*, 988 F.2d 344 (2d Cir. 1993). Mere inconvenience is not grounds to deny a motion to amend. *Cuffy v. Getty Refining & Maketing Co.*, F. Supp. 802 (D. Del. 1986). (amendment allowed even though discovery had already been completed because while there would be inconvenience to the opposing party, there was no prejudice). Accordingly, the fact that an amended pleading may require the defendant to conduct additional discovery does not alone, constitute sufficient grounds to justify denial of a motion to amend. Rather, a court's inquiry should center on whether the non-moving party will have a fair opportunity to litigate the new issue and offer additional evidence.

It is proper to amend a pleading to set out the factual basis of a claim with greater precision. *Pension Ben. Guaranty Corp. v. Greene*, 87 F.R.D. 483 (W.D. Pa. 1980). And "[t]he court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Fed. R. Civ. P. 15(b).

**2. Forum's Request to Amend is Timely.**

The facts giving rise to Forum's proposed First Amended Counterclaim were developed through the course of discovery in this action. According to the Stipulated Discovery Plan and Scheduling Order that is operative in this case, the last day to amend pleadings is September 17,

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
BANK OF AMERICA PLAZA

2009 and the discovery cut-off date is December 11, 2009.[1] There is no pending trial date. Accordingly, Plaintiffs will have ample opportunity to address the issues raised by Forum's amended pleading.

## IV. CONCLUSION

Forum should be allowed to file its proposed First Amended Counterclaim. This Motion to Amend is not filed for any bad faith or dilatory motive, but rather to add proper and meritorious causes of action to conform to the evidence adduced in discovery. Plaintiffs will suffer no prejudice if the motion is granted.

DATED this 10th day of June 2009.

Respectfully submitted,

LIONEL SAWYER & COLLINS

By: _____
Samuel S. Lionel (NSB #1766)
Charles H. McCrea, Jr. (NSB #104)

Attorneys for Defendants FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, AND SIMON PROPERTY GROUP, INC.

---

[1] See Doc. No. 24 filed July 14, 2008 and Doc. No. 38 filed July 31, 2008. Magistrate Judge Foley's Order filed July 31, 2008 (Doc. No. 38) provided that the 270-day period of discovery called for in the Stipulated Discovery Plan and Scheduling Order would automatically commence upon the date of the Court's ruling on Defendants' then pending Motions to Dismiss (Doc. Nos. 12 and 20). The Order denying the Motions to Dismiss was entered on March 17, 2009 (Doc. No. 102).

MOTION TO FILE FIRST AMENDED COUNTERCLAIM, Page 5 and 5

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
BANK OF AMERICA PLAZA

# EXHIBIT 1

| | LIONEL SAWYER & COLLINS |
|---|---|
| 1 | Samuel S. Lionel (NSB #1766) |
| 2 | slionel@lionelsawyer.com |
| 3 | Charles H. McCrea, Jr. (NSB #104) |
|   | cmccrea@lionelsawyer.com |
| 4 | 1700 Bank of America Plaza |
|   | 300 South Fourth Street |
| 5 | Las Vegas, Nevada 89101 |
|   | Tel    (702) 383-8888 |
| 6 | Fax   (702) 383-8845 |
| 7 | |
|   | Attorneys for Forum Shops, LLC, Forum |
| 8 | Developers Limited Partnership, Simon |
|   | Property Group Limited Partnership and Simon |
| 9 | Property Group, Inc. |

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PHASE II CHIN, LLC and LOVE & MONEY, LLC (formerly dba O.P.M.L.V., LLC), | Case No. 2:08-cv-00162-JCM-GWF |
| Plaintiffs, | |
| v. | |
| FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, SIMON PROPERTY GROUP, INC., CAESARS PALACE CORP., and CAESARS PALACE REALTY CORP. | |
| Defendants, | [PROPOSED] **FIRST AMENDED COUNTERCLAIM** |
| FORUM SHOPS, LLC, | |
| Counterclaimant, | |
| v. | |
| PHASE II CHIN, LLC; and LOVE & MONEY, LLC (formerly dba O.P.M.L.V., LLC), | |
| Counter-Defendants. | |

COMES NOW Defendant/Counterclaimant FORUM SHOPS, LLC ("Forum"), by and through its attorneys Lionel Sawyer & Collins, and, as and for its First Amended Counterclaim against Plaintiff/Counter-Defendant PHASE II CHIN, LLC ('Chinois") and Plaintiff/Counter-Defendant LOVE & MONEY, LLC ("L&M"; Chinois and L&M, collectively "Plaintiffs"), claims and alleges as follows:

## GENERAL ALLEGATIONS

1.  Forum is a Delaware limited liability company qualified to do business in the State of Nevada with a principal place of business in Clark County, Nevada. Forum is the present day successor-in-interest to the landlord under that certain Lease dated March 18, 1997 by and between Forum Developers Limited Partnership and GGH Restaurant, LLC, a copy of which is attached to the Complaint on file herein as Exhibit A (the "Lease"). The property that is the subject of the Lease (the "Premises") is located in The Forum Shops Mall in Las Vegas, Nevada.

2.  Chinois is a Delaware limited liability company qualified to do business in the State of Nevada with a principal place of business in Clark County, Nevada. Chinois is the present day successor-in-interest to GGH Restaurant, LLC, the lessee under the Lease.

3.  L&M is a Nevada limited liability company qualified to do business in the State of Nevada with a principal place of business in Clark County, Nevada.

4.  On October 9, 2003, Forum and Chinois executed an amendment to the Lease denominated "Lease Amendment," a copy of which is attached to the Complaint on file herein as Exhibit B (the "Lease Amendment"). The Lease Amendment granted Chinois the right to operate an "after-hours club" in the Premises.

### Chinois' Failure to Operate in a First-Class Manner

5.  The Lease Amendment modifies Section 8.4 of the Lease to require that Chinois "operate the nightclub in a first class manner in keeping with the standards of the Center." The

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

Forum Shops Mall is the preeminent shopping complex in the United States, with the highest sales per square foot of any mall in the nation. The mall is composed of elite retailers such as Emporio Armani, Louis Vuitton, Gianni Versace, Tiffany & Co., Dolce & Gabbana and Giuseppe Zanotti.

6. To induce Forum to enter into the Lease Amendment, in a letter from Tom Kaplan dated November 12, 2002, Plaintiffs made the following representations:

> Over the past year, Wolfgang Puck, Joe Essa - one of our partners, and I have been working extensively with Michael Goodwin and his associates from Albuquerque, New Mexico in creating what we believe will be an outstanding late-night lounge called "OPM Lounge at Chinois." We are confident that it will have mutually beneficial synergies and be an exciting addition to the Forum Shops at Caesars. Our intention is to open in early 2003.
>
> Project Overview
>
> Lounges and Clubs are extremely popular in Las Vegas. While some, like Rumjungle, Rain, Babies and Drai's, cater to a younger audience, OPM Lounge is targeting a more affluent crowd, much like Light at Bellagio and the Foundation Room at Mandalay Bay. We will provide a stunning location where upscale, adult tourists, locals, celebrities and entertainers can relax in an environment that offers outstanding cuisine, lavish décor, intimacy and privacy.
>
> OPM, located on the second floor of Chinois, will be designed, furnished and operated in a first-class manner.

7. Contrary to the foregoing representations, Chinois has permitted the nightclub to be operated in a manner that, among other things, creates an environment that results in rowdy and unruly behavior, such as public drunkenness, vomiting in mall public areas, shouting obscenities in mall public areas, urinating in mall public areas, fighting, damaging property in mall public areas, assault and battery of customers and security personnel, use of illegal or controlled substances and otherwise engaging in disorderly behavior requiring the repeated attention of security personnel and the Las Vegas Metropolitan Police Department.

8. Chinois has permitted the nightclub to be operated in a manner that violates Section 8.4 of the Lease which requires the nightclub to be operated in a "first class manner in keeping with the standards of the Center."

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

9. In further violation of Section 8.4 of the Lease, Chinois has permitted the nightclub to be operated in a manner that constitutes a nuisance as defined in NRS 40.2514(4).

10. Pursuant to Section 18.1 of the Lease, on or about March 6, 2006, Forum served written notice upon Chinois of Chinois' default under the terms of the Lease and Lease Amendment (the "Default Notice"). Chinois failed to cure its default. More than thirty (30) days have passed since the service of the Default Notice.

### Chinois' Failure to Obtain Forum Shop's Prior Written Consent to Sublet

11. Section 13.1 of the Lease requires that Chinois "shall not sell, assign, or in any manner transfer this Lease or any interest therein, nor shall sublet all or any part of the Premises…without Landlord's prior written consent…."

12. The Lease Amendment did not modify Section 13.1 of the Lease or otherwise authorize a sublease of any part of the Premises.

13. On or about June 20, 2002, through a written instrument styled "Management Agreement," Chinois breached the Lease by assigning, transferring or subletting a portion of the Premises, or an interest therein, to L&M (the "Sublease") without the prior written consent of Forum. The "Management Agreement" was never submitted to Forum to be approved as a sublease. At all relevant times, to and including the present day, Plaintiffs have asserted that "[t]he Management Agreement did not assign or transfer any of Chinois' rights or obligations under the Lease to [L&M] and did not in any respect constitute a sublease of the leased premised." This assertion is false.

14. Under Section 18.1(h) of the Lease, Forum has the right to terminate the Lease "without grace period, demand or notice" in the event "the Premises come into the hands of any person other than expressly permitted under [the] Lease."

15. Chinois' assignment, transfer, or subletting of a portion of the Premises to L&M

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

without the prior written consent of Forum in violation of Section 13.1 of the Lease is an event of default under Section 18.1(h) of the Lease allowing Forum to terminate the Lease "without grace period, demand or notice."

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment)**

16. Forum restates paragraphs 1 through 15 above.

17. A justiciable controversy exists between Forum and Chinois.

18. The interests of Forum and Chinois are adverse.

19. The controversy between Forum and Chinois is ripe for judicial determination because Forum has suffered and will continue to suffer harm until such determination is made.

20. Forum has a legally protectible interest in the controversy and is entitled to an order declaring (a) that Chinois has committed events of default under the Lease; (b) that the Lease is terminated; (c) that Chinois is required to immediately surrender possession of the Premises to Forum; (d) that Forum is entitled to damages in excess of $10,000 according to proof; and (e) that Forum is entitled to its reasonable attorneys' fees and costs incurred herein.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract)**

21. Forum realleges paragraphs 1 through 20 above.

22. Section 13.1 of the Lease provides, "In the event of any assignment or subletting… there shall be paid to Landlord, in addition to the Minimum Annual Rent and other charges due Landlord pursuant to this Lease, such additional consideration as shall be attributable to the right of use and occupancy of the Premises, whenever the same is receivable by Tenant . . . as additional rent…." (the "Sublease Rental").

23. Forum is informed and believes that since the inception of the Sublease through May 31, 2009, L&M has paid Sublease Rental to Chinois in an amount in excess of $2.2 million

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

and continues to pay Sublease Rental of $34,000 per month, which increases annually each February 1 by $750 per month.

24. Forum has performed all the material conditions, covenants, and promises required of it in accordance with the terms and conditions of the Lease.

25. Chinois has failed and refused to honor its promises and obligations under the Lease and is in material breach thereof.

26. As a direct and proximate result of Chinois' breach of the Lease, Forum has been damaged in an amount at least equal to all of the Sublease Rental paid or payable to Chinois by L&M plus costs, disbursements and interest.

27. It has been necessary for Forum to utilize the services of attorneys to prosecute this action and Forum is entitled to an award of reasonable attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### (Fraud)

28. Forum realleges paragraphs 1 through 27 above.

29. In addition to the representations made by Plaintiffs set forth in paragraph 6 above, Plaintiffs represented that the after-hours club would be operated by Chinois and, although it would be managed by L&M, the Premises would not be sublet to L&M. All of these representations (including the representations set forth in paragraph 6) were false and were known by Plaintiffs to be false at the time they were made. In truth, Plaintiffs did not intend to create an after-hours club "targeting a more affluent crowd, much like Light at Bellagio and the Foundation Room at Mandalay Bay." They intended to cater to a younger, less affluent and rowdier crowd. In addition, contrary to Chinois' representations, Chinois did not intend to operate the club but intended to sublease a portion of the Premises and turnover all responsibility for the club's operation to L&M.

30. Plaintiffs' false representations were made to induce Forum to approve a change in

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

FIRST AMENDED COUNTERCLAIM, Page 6 of 8

use of the Premises to allow the operation of an after-hours club. Forum justifiably relied upon Plaintiffs' representations believing them to be true and executed the Lease Amendment amending the Lease to allow Chinois to operate an after-hours club on the Premises.

31. As a direct and proximate result of Plaintiffs' fraud, Forum has suffered general damages in an amount at least equal to all of the Sublease Rental paid or payable to Chinois by L&M plus costs, disbursements and interest, all in excess of $10,000.

32. As a further direct and proximate result of Plaintiffs' fraud, Forum has suffered special and consequential damages in excess of $10,000.

33. Plaintiffs' actions were intentional, willful and malicious, and Forum is entitled to punitive and exemplary damages pursuant to NRS 42.005.

34. It has been necessary for Forum to utilize the services of attorneys to prosecute this action and Forum is entitled to an award of reasonable attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
(Conspiracy)

35. Forum realleges paragraphs 1 through 32 above.

36. Chinois and L&M, and each of them, acted in concert, directly or through common agents, to further the unlawful objective of depriving Forum of the Sublease Rental by guile, deception and fraud. In furthering their unlawful objective, Chinois and L&M knowingly attempted to conceal their true relationship and L&M's sub-tenancy in the Premises by disguising the Sublease as a "Management Agreement."

37. As a direct and proximate result of the concerted action of Chinois and L&M, Forum has suffered general damages in an amount at least equal to all of the Sublease Rental paid or payable to Chinois by L&M plus costs, disbursements and interest, all in excess of $10,000.

38. As a further direct and proximate result of the concerted action of Chinois and L&M, Forum has suffered special and consequential damages in excess of $10,000.

39. Plaintiffs' actions were intentional, willful and malicious, and Forum is entitled to

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

punitive and exemplary damages pursuant to NRS 42.005.

40. It has been necessary for Forum to utilize the services of attorneys to prosecute this action and Forum is entitled to an award of reasonable attorneys' fees and costs.

WHEREFORE, Forum prays for Judgment against Chinois as follows:

A. For a declaration that the Lease is terminated;

B. For an Order evicting Chinois and L&M from the Premises;

C. For general damages in excess of $10,000 in the amount of all Sublease Rental paid or payable to Chinois by L&M under the Sublease;

D. For special and consequential damages in excess of $10,000;

E. For punitive damages in excess of $10,000;

F. For prejudgment interest;

G. For attorneys' fees and costs; and

H. For such other and further relief as to the Court seems just.

LIONEL SAWYER & COLLINS

By: _____
Samuel S. Lionel (NSB #1766)
Charles McCrea (NSB #104)

Attorneys for FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP and SIMON PROPERTY GROUP, INC.