Robert J. Gorence, No. NM 981
Louren Oliveros, No. NM 14689
**GORENCE & OLIVEROS, P.C.**
201 12th Street NW
Albuquerque, NM 87102
Telephone:    (505) 244-0214
Facsimile:    (505) 244-0888
Email:        gorence@gopcfirm.com
Email:        oliveros@gopcfirm.com
*Attorneys for Plaintiff Love & Money, LLC*
*(formerly dba O.P.M.L.V., LLC)*
*(Pro Hac Vice)*

Jason Bowles, No. NM 8922
B.J. Crow, No. NM 17915
**BOWLES & CROW**
201 Third Street NW, Suite 1370
P.O. Box 25186
Albuquerque, NM 87125-5186
Telephone:    (505) 217-2680
Facsimile:    (505) 217-2681
Email:        jason@bowlesandcrow.com
Email:        bj@bowlesandcrow.com
*Attorneys for Plaintiff Phase II Chin, LLC*
*(Pro Hac Vice)*


C. Stanley Hunterton , No. NSB 1891
Pamela R. Lawson, No. NSB 5044
**HUNTERTON & ASSOCIATES**
333 South Sixth Street
Las Vegas, NV 89101
Telephone:    (702) 388-0098
Facsimile:    (702) 388-0361
Email:        shunterton@huntertonlaw.com
Email:        plawson@huntertonlaw.com
*Attorneys for Plaintiff Love & Money, LLC*
*and Plaintiff Phase II Chin, LLC*
*(Local Counsel)*

| | |
|---|---|
| PHASE II CHIN, LLC and LOVE & MONEY, LLC (formerly dba O.P.M.L.V., LLC), <br> Plaintiffs, <br> v. <br> FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, SIMON PROPERTY GROUP, INC., CAESARS PALACE CORP., and CAESARS PALACE REALTY CORP. <br> Defendants, <br> ──────────────────────────── <br> FORUM SHOPS, LLC, <br> Counterclaimant, <br> v. <br> CHIN LV, LLC, <br> Counter-Defendant. | Case No. 2:08-cv-00162-JCM-GWF <br><br> **REPLY BY PLAINTIFFS / COUNTER-DEFENDANTS LOVE & MONEY, LLC AND PHASE II CHIN, LLC TO COUNTERCLAIM BY FORUM SHOPS, LLC** <br><br> **[Hon. James C. Mahan]** |

Plaintiffs / Counter-Defendants LOVE & MONEY, LLC and PHASE II CHIN, LLC hereby reply to Counterclaim by Forum Shops, LLC, as follows:

## REPLY TO COUNTERCLAIM

## REPLY TO GENERAL ALLEGATIONS

1. Plaintiffs / Counter-Defendants Love & Money, LLC and Phase II Chin, LLC are without sufficient knowledge or information to form a belief as to the truth of the allegations of the first sentence of Paragraph 1 of the First Amended Counterclaim. Plaintiffs / Counter-Defendants admit that Forum Shops is the lessor under that certain lease between

Forum Development Limited Partnership and GGH Restaurant, LLC entered into on or about March 18, 1997, as amended by the Lease Amendment entered into on or about October 9, 2003 and that the property which is the subject of the lease is located in the Forum Shops Mall in Las Vegas, Nevada.  Plaintiffs / Counter-Defendants deny the remaining allegations of Paragraph 1 of the First Amended Counterclaim.

     2.     Plaintiffs / Counter-Defendants admit the allegations contained in Paragraph 2 of the First Amended Counterclaim.

     3.     Plaintiffs / Counter-Defendants admit the allegations contained in Paragraph 3 of the First Amended Counterclaim.

     4.     Plaintiffs / Counter-Defendants admit that effective October 9, 2003, Forum Shops and Chinois entered into an amendment to the lease permitting Chinois to operate OPM in part of the leased premises Wednesdays through Sundays from 10:00 p.m. until 6:00 a.m. each following morning.  Except as so admitted, Plaintiffs / Counter-Defendants deny the remaining allegations of Paragraph 4 of the First Amended Counterclaim.

     5.     Plaintiffs / Counter-Defendants deny the allegations of the first sentence of Paragraph 5 of the First Amended Counterclaim to the extent that they inaccurately construe the Amendment which, as a written document, speaks for itself.  Plaintiffs / Counter-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of the First Amended Counterclaim.

     6.     Plaintiffs / Counter-Defendants admit that Tom Kaplan wrote a letter to Gary Lewis on November 12, 2002, which document speaks for itself.  Except as so admitted, Plaintiffs / Counter-Defendants deny the remaining allegations of Paragraph 6 of the First Amended Counterclaim.

7. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 7 of the First Amended Counterclaim.

8. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 8 of the First Amended Counterclaim.

9. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 9 of the First Amended Counterclaim.

10. Plaintiffs / Counter-Defendants admit that Forum Shops sent a letter to Chinois dated March 6, 2006 which document speaks for itself and that more than thirty days have elapsed since that time. Except as so admitted, Plaintiffs / Counter-Defendants deny every remaining allegation of Paragraph 10 of the First Amended Counterclaim.

11. In response to Paragraph 11 of the First Amended Counterclaim, Plaintiffs / Counter-Defendants admit the lease contains a Section 13.1 which document speaks for itself. Except as so admitted, Plaintiffs / Counter-Defendants deny every remaining allegation of Paragraph 11.

12. In response to Paragraph 12 of the First Amended Counterclaim, Plaintiffs / Counter-Defendants admit the lease contains a Section 13.1 which document speaks for itself. Except as so admitted, Plaintiffs / Counter-Defendants deny every remaining allegation of Paragraph 12.

13. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 13 of the First Amended Counterclaim.

14. In response to Paragraph 14 of the First Amended Counterclaim, Plaintiffs / Counter-Defendants admits the lease contains a Section 18.1(h) which document speaks for itself. Except as so admitted, Plaintiffs / Counter-Defendants deny every remaining allegations of Paragraph 14.

15. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 15 of the First Amended Counterclaim.

**REPLY TO FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment)**

16. Plaintiffs / Counter-Defendants incorporate by reference each and every response to the foregoing paragraphs as if fully set forth herein.

17. The allegations of Paragraph 17 of the First Amended Counterclaim set forth legal conclusions to which no response is required. To the extent that Paragraph 17 includes allegations that require a response, the allegations are denied.

18. The allegations of Paragraph 18 of the First Amended Counterclaim set forth legal conclusions to which no response is required. To the extent that Paragraph 18 includes allegations that require a response, the allegations are denied.

19. The allegations of Paragraph 19 of the First Amended Counterclaim set forth legal conclusions to which no response is required. To the extent that Paragraph 19 includes allegations that require a response, the allegations are denied.

20. The allegations of Paragraph 20 of the First Amended Counterclaim set forth legal conclusions to which no response is required. To the extent that Paragraph 20 includes allegations that require a response, the allegations are denied.

**REPLY TO SECOND CLAIM FOR RELIEF**
**(Breach of Contract)**

21. Plaintiffs / Counter-Defendants incorporate by reference each and every response to the foregoing paragraphs as if fully set forth herein.

22. In response to Paragraph 22 of the First Amended Counterclaim, Plaintiffs / Counter-Defendants admit the lease contains a Section 13.1 which document speaks for itself.

Except as so admitted, Plaintiffs / Counter-Defendants deny every remaining allegation of Paragraph 22.

23. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 23 of the First Amended Counterclaim.

24. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 24 of the First Amended Counterclaim.

25. The allegations contained in Paragraph 25 of the First Amended Counterclaim are not directed to the Plaintiff / Counter-Defendant Love & Money, LLC and, as such, no response is required. To the extent that a response is required, Plaintiff / Counter-Defendant Love & Money, LLC denies the allegations contained in Paragraph 25 of the First Amended Counterclaim. Plaintiff / Counter-Defendant Phase II Chin, LLC denies the allegations set forth in Paragraph 25.

26. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 26 of the First Amended Counterclaim.

27. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 27 of the First Amended Counterclaim and demands strict proof thereof.

**REPLY TO THIRD CLAIM FOR RELIEF**

28. Plaintiffs / Counter-Defendants incorporate by reference each and every response to the foregoing paragraph as if fully set forth herein.

29. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 29 of the First Amended Counterclaim.

30. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 30 of the First Amended Counterclaim.

31. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 31 of the First Amended Counterclaim.

32. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 32 of the First Amended Counterclaim.

33. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 33 of the First Amended Counterclaim.

34. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 34 of the First Amended Counterclaim.

## REPLY TO THIRD CLAIM FOR RELIEF

35. Plaintiffs / Counter-Defendants incorporate by reference each and every response to the foregoing paragraph as if fully set forth herein

36. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 36 of the First Amended Counterclaim.

37. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 37 of the First Amended Counterclaim.

38. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 38 of the First Amended Counterclaim.

39. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 39 of the First Amended Counterclaim.

40. Plaintiffs / Counter-Defendants deny the allegations of Paragraph 40 of the First Amended Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

41. The Counterclaim, in whole or in part, fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

42. Counterclaimant's claims are barred, in whole or in part, by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

43. Counterclaimant's claims are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

44. Counterclaimant's claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

45. The Counterclaim fails to meet the standard of issuance of a declaratory judgment under applicable law.

### SIXTH AFFIRMATIVE DEFENSE

46. Counterclaimant is not entitled to attorney's fees under the lease.

## SEVENTH AFFIRMATIVE DEFENSE

47. Counterclaimant's claims are barred, in whole or in part, by its own contractual breaches.

## EIGHTH AFFIRMATIVE DEFENSE

48. Plaintiffs / Counter-Defendants did not breach any legal duty to Counterclaimant under the Lease, the Amendment, or otherwise.

## NINTH AFFIRMATIVE DEFENSE

49. Counterclaimant's claims are served, in whole or in part, by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

50. Counterclaimant's claims are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

51. If Counterclaimant was injured and damaged as alleged, which is specifically denied, then the injury and damages were caused, in whole or in part, by the acts or omissions of others, whether individual, corporate or otherwise, whether named or unnamed for whose conduct Plaintiffs / Counter-Defendants are not responsible.

## TWELFTH AFFIRMATIVE DEFENSE

52. If Counterclaimant was injured and damaged as alleged, which is specifically denies, then the injuries and damages resulted from an independent, intervening and/or superseding cause or causes for which Plaintiffs / Counter-Defendants are no responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

53. Counterclaimant's claims are barred, in whole or in part, by the doctrine of acquiescence.

**FOURTEENTH AFFIRMATIVE DEFENSE**

54. Counterclaimant's claims are barred, in whole or in part, by the doctrine of ratification.

**FIFTEENTH AFFIRMATIVE DEFENSE**

55. Plaintiffs / Counter-Defendants currently have insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, affirmative defenses available and therefore reserve the right to assert additional affirmative defenses.

**SIXTEENTH AFFIRMATIVE DEFENSE**

56. No conduct of Plaintiffs / Counter-Defendants was either the legal cause or the cause in fact of the alleged harm for which Counterclaimant seeks relief.

WHEREFORE, Plaintiffs / Counter-Defendants pray for relief as follows:

A. That Counterclaimant Forum Shops, LLC take nothing by way of its Counterclaim and that judgment be entered in favor of Plaintiffs / Counter-Defendants Love & Money, LLC and Phase II Chin, LLC;

B. For an award of attorneys' fees and costs; and

C. For such other and further relief as the Court may deem just and proper.

DATED this 12th day of August, 2009.

Respectfully submitted,

*E-Filed August 12, 2009*
Robert J. Gorence, No. NM 981
Louren Oliveros, No. NM 14689
**GORENCE & OLIVEROS, P.C.**
201 12th Street NW
Albuquerque, NM 87102
*Attorneys for Plaintiff / Counter-Defendant Love & Money, LLC (formerly dba O.P.M.L.V., LLC)*
(*Pro Hac Vice*)

*E-Filed August 12, 2009*
Jason Bowles, No. NM 8922
B.J. Crow, No. NM 17915
**BOWLES & CROW**
201 Third Street NW, Suite 1370
P.O. Box 25186
Albuquerque, NM 87125-5186
*Attorneys for Plaintiff / Counter-Defendant Phase II Chin, LLC*
*(Pro Hac Vice)*

C. Stanley Hunterton , No. NSB 1891
Pamela R. Lawson, No. NSB 5044
**HUNTERTON & ASSOCIATES**
333 South Sixth Street
Las Vegas, NV 89101
*Attorneys for Plaintiff / Counter-Defendant Love & Money, LLC and Plaintiff / Counter-Defendant Phase II Chin, LLC*
*(Local Counsel)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of August, 2009, I deposited in the United States Mail at Albuquerque, New Mexico, a true and correct copy of the foregoing Reply by Plaintiffs / Counter-Defendants Love & Money, LLC and Phase II Chin, LLC to Counterclaim by Forum Shops, LLC enclosed in a sealed envelope upon which first class postage was paid, addressed as follows:

Samuel S. Lionel
Charles H. McCrea, Jr.
**LIONEL SAWYER & COLLINS**
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
cmccrea@lionelsawyer.com
slionel@lionelsawyer.com
*Attorneys for Defendants / Counterclaimant Forum Shops, LLC, Forum Developers Limited Partnership, Simon Property Group Limited Partnership and Simon Property Group, Inc.*

Steve Morris
**MORRIS PETERSON**
900 Bank of America Plaza
300 So. Fourth Street
Las Vegas, NV 89101
sm@morrislawgroup.com
*Attorneys for Defendants Caesars Palace Corp., and Caesars Palace Realty Corp.*

_____
Robert J. Gorence
**GORENCE & OLIVEROS, P.C.**