LIONEL SAWYER & COLLINS
Samuel S. Lionel (NSB #1766)
slionel@lionelsawyer.com
Charles H. McCrea, Jr. (NSB #104)
cmccrea@lionelsawyer.com
Jing Zhao (NSB #11487)
jzahao@lionelsawyer.com
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Tel    (702) 383-8888
Fax    (702) 383-8845

Attorneys for FORUM SHOPS, LLC,
FORUM DEVELOPERS LIMITED
PARTNERSHIP, SIMON PROPERTY
GROUP LIMITED PARTNERSHIP and
SIMON PROPERTY GROUP, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PHASE II CHIN, LLC and LOVE & MONEY, LLC (formerly dba O.P.M.L.V., LLC), <br><br> Plaintiffs, <br> v. <br><br> FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, SIMON PROPERTY GROUP, INC., CAESARS PALACE CORP., and CAESARS PALACE REALTY CORP. <br><br> Defendants, <br><br> AND RELATED ACTIONS. | Case No. 2:08-cv-00162-JCM-GWF <br><br> **FORUM DEFENDANTS' MOTION TO STRIKE JURY DEMAND** |

Defendants FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP and SIMON

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

Page 1 of 7

PROPERTY GROUP, INC. (collectively "Forum Defendants") move the Court to strike the jury demand contained in the Complaint filed January 8, 2008 (Doc. 1) by Plaintiffs PHASE II CHIN, LLC and LOVE & MONEY, LLC. This Motion is made and based on FED. R. CIV. P. 12(f) and 39(a)(2), the pleadings and papers on file hrein, the Memorandum of Points and Authorities that follows and exhibits attached thereto and any oral argument permitted by the Court at a hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

Plaintiffs have filed a demand for jury trial ("Jury Demand") in this matter as part of their Complaint ("Complaint"). The Jury Demand should be stricken because Plaintiffs contractually agreed to waive all rights to a jury trial with respect to all of the claims asserted in the Complaint.

### II. STATEMENT OF FACTS

In 1990, Caesar's Palace Realty Corp., as lessor, and Forum Developers Limited Partnership ("Forum Developers"), as lessee, entered into a ground lease on the property underlying the high-end retail mall now known as the Forum Shops at Caesar's Palace (the "Forum Shops").

On March 18, 1997, Forum Developers entered into a lease (the "Lease") with GGH Restaurant, LLC ("GGH") of premises in the Forum Shops to be used for the operation of a restaurant (the "Premises").[1] A copy of the Lease is attached as Exhibit 1 hereto. The Lease contains a "Waiver of Trial by Jury" clause, which states:

> To the extent permitted by applicable law, Tenant hereby waives trial by jury in any action, proceeding or counterclaim brought by

---

[1] Plaintiff Phase II Chin, LLC succeeded to all of the rights and obligations of GGH under the Lease and Forum Shops, LLC succeeded to all of the rights and obligations of Forum Developers Limited Parntership. See Complaint, ¶ 14 (Doc. 1).

> either party against the other on any matter whatsoever arising out of or in any way connected with this Lease, the relationship of Landlord and Tenant created hereby, Tenant's use or occupancy of the Premises or any claim or injury or damage.

Lease, p. 25, § 18.5.

On June 20, 2002 Plaintiff Phase II Chin, LLC ("Chinois") entered into a "Management Agreement" with Plaintiff O.P.M.L.V., LLC, now known as Love & Money, LLC ("L&M"), granting L&M the right to use approximately 10,000 square feet on the second floor of the leasehold premises (the "Premises") as an after-hours club to be operated Wednesday through Sunday from 10:00 PM to 6:00 AM the following day. A copy of the Management Agreement is attached as Exhibit 2 hereto. Under the Management Agreement, L&M agreed to be bound by the terms of the Lease. Section 39 of the Management Agreement states:

> Manager [L&M] acknowledges that Owner [Chinois] has delivered to Manager a full and complete copy of the Lease. This Agreement and all of the rights of the parties hereto are subject and subordinate to the Lease.

On January 8, 2008, Chinois and L&M commenced the instant action in the Eighth Judicial District Court, Clark County, Nevada. On February 7, 2008, Defendants Caesars Palace Corp. and Caesars Palace Realty Corp. filed a Notice of Removal (Doc. 1) removing the action to this Court. Forum Defendants filed a Consent to Removal (Doc. 5) on February 8, 2008.

The Complaint filed by Chinois and L&M purports to set forth eight causes of action: (1) Declaratory Relief, (2) Interference with Contractual Relations, (3) Interference with Prospective Business Advantage, (4) Injunctive Relief, (5) Violation of 42 U.S.C. §1981, (6) Breach of the Lease, (7) Conspiracy and (8) Breach of Implied Covenant of Good Faith and Fair Dealing. All of these claims arise out of or are in some way connected with the Lease, the relationship of landlord and tenant created by the Lease, or Chinois' use or occupancy of the Premises and fall squarely within the scope of the jury waiver provision in the Lease.

. . . .

## III. LEGAL DISCUSSION

### A. Federal Law Allows Parties to Contractually Waive Their Right to a Jury Trial.

The right to a jury trial in federal court is a matter of federal law. Simler v. Conner, 372 U.S. 221, 222 (1963); Phoenix Leasing Inc. v. Sure Broad., Inc., 843 F.Supp. 1379, 1384 (D. Nev. 1994). Although the right to jury trial in civil cases tried before federal courts is a constitutionally protected right, a contract knowingly and voluntarily executed may waive that right. Phoenix Leasing Inc., 843 F.Supp. at 1384 (citing Okura & Co. (America), Inc. v. Careau Group, 783 F.Supp. 482, 488 (C.D.Cal.1991)). See also Gem Acquisitionco, LLC v. Sorenson Group Holdings, LLC, 2009 WL 3246747 at *4 (N.D. Cal. October 8, 2009) (citing Great Earth Int'l Franchising Corp. v. Milks Dev., 311 F.Supp.2d 419, 436-38 (S.D.N.Y. 2004); Okura, 783 F.Supp. 482, 488-89 (C.D. Cal. 1991)) ("Under Federal Rule of Civil Procedure 39(a), a Court may strike a jury demand where the parties have executed a waiver of their right to a jury trial").

There is no abstract public policy that disfavors or limits contractual waivers of the right to civil jury trial. Phoenix Leasing Inc., 843 F.Supp. at 1384 (citing Okura, 783 F.Supp. at 488). To determine the validity of a contractual waiver of the right to jury trial, the court will look at whether the waiver was knowing, voluntary and intelligent. Id. (citing Standard Wire & Cable Co. v. AmeriTrust Corp., 697 F.Supp. 368, 375 (C.D. Cal. 1988); Okura, 783 F.Supp. at 488-89). Some of the factors used to determine whether a waiver was knowing and intelligent include: "(1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and (4) whether the clause containing the waiver was inconspicuous." Id. (citing Hydramar, Inc. v. General Dynamics Corp., No. 85-1788, 1989 WL 159267 (E.D.Pa. December 29, 1989)).

. . . .

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101

### B. Plaintiffs Waived Their Right to a Jury Trial.

A jury waiver in a contract that is knowingly and voluntarily executed is valid and where, as here, the parties involved are sophisticated business entities, courts are especially inclined to uphold such waivers. For example, in Phoenix Leasing Inc., this Court (Judge Edward C. Reed, Jr.) upheld a jury waiver where the party opposing the waiver was "not a novice but was in fact experienced, professional and sophisticated in business dealings." 843 F.Supp. at 1385. See also, Charlotte Commercial Group, Inc. v. Fleet National Bank, 288 B.R. 715 (Bankr. M.D. N.C. 2003) (jury waiver enforced where contract containing it was negotiated by experienced businessmen represented by counsel); Leasing Services Corp. v. Crane, 804 F.2d 828, 833 (4th Cir. 1986) (enforcing a jury waiver provision and a case that this Court turned to for guidance in Phoenix Leasing, Inc.).

In the present case, Plaintiffs -- both represented by competent counsel -- knowingly and voluntarily executed the Lease and Management Agreement. Moreover, the facts in this case satisfy all Hydramar factors. There was no gross disparity in bargaining power between the parties. All parties are sophisticated business entities represented by counsel. All parties also had the opportunity to negotiate contract terms. And the clause containing the jury waiver was not inconspicuous; it was neither printed in a finer text than other provisions nor buried inside another clause. Thus, consistent with the holdings in Phoenix Leasing Inc., Charlotte Commercial Group, Inc. and Leasing Services Corp., the jury waiver should be enforced.

### C. Plaintiffs' Claims are Within the Scope of the Jury Waiver.

The jury waiver provision in the Lease expressly applies to "any matter whatsoever arising out of or in any way connected with this Lease, the relationship of Landlord and Tenant created hereby, Tenant's use or occupancy of the Premises or any claim or injury or damage." All of the claims asserted in the Complaint filed by Chinois and L&M clearly fall within its

scope.

Where the claims are within the scope of a valid jury waiver, the jury waiver is enforceable against those claims. Phoenix Leasing, Inc., 843 F.Supp. at 1390. See also Gem Acquisitionco, LLC, 2009 WL at * 6 (finding that jury waiver was enforceable with respect to claims for breach of fiduciary duty and unjust enrichment because they "necessarily relate to the interpretation of the Agreement," and to the determination of the claim of declaratory judgment, which "will necessarily involve interpretation of relevant provisions of the Agreement").

## IV. CONCLUSION

Plaintiffs are sophisticated business entities who were represented by counsel when they executed the contracts at issue in this case. They knowingly and voluntarily entered into those contracts. In doing so, they bound themselves to honor the jury waiver, which is valid and enforceable and should be enforced. Accordingly, the Demand for Jury Trial should be stricken.

DATED this 5th day of November 2009.

Respectfully submitted,

LIONEL SAWYER & COLLINS

By: _____
Samuel S. Lionel (NSB #1766)
Charles H. McCrea, Jr. (NSB #104)
Jing Zhao (NSB #11487)

Attorneys for Defendants FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, AND SIMON PROPERTY GROUP, INC

# DECLARATION OF CHARLES H. McCREA, JR.

CHARLES H. McCREA, JR., being first duly sworn, states as follows:

1. I am an attorney at law duly licensed to practice law before all courts in the State of Nevada (State Bar No. 104). I am a shareholder in the law firm of Lionel Sawyer & Collins, attorneys for Forum Shops, LLC, Forum Developers Limited Partnership, Simon Property Group Limited Partnership and Simon Property Group, Inc. (collectively the "Forum Defendants"), defendants in the action styled "Phase II Chin, LLC, et al. v. Forum Shops, LLC, et al.," Case No. 2:08-cv-162-JCM-GWF pending in the United States District Court for the District of Nevada (the "Action"). I have personal knowledge of the matters stated below and could testify competently to them if called upon to do so.

2. This Declaration is submitted in support of Forum Defendants' Motion to Strike Jury Demand filed in the Action.

3. Attached hereto as Exhibit 1 is a true and correct copy of the Lease which is described in paragraph 14 of the Complaint filed in the Action.

4. Attached hereto as Exhibit 2 is a true and correct copy of the Management Agreement described in paragraph 18 of the Complaint filed in the Action.

* * *

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed on November 5, 2009.

_____
CHARLES H. McCREA, JR.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of November 2009, I deposited in the United States Mail at Las Vegas, Nevada, a true and correct copy of the foregoing **FORUM DEFENDANTS' MOTION TO STRIKE JURY DEMAND** enclosed in a sealed envelope upon which first class postage was paid, addressed as follows:

HUNTERTON & ASSOCIATES
C. Stanley Hunterton (NSB #1891)
333 So. Sixth St.
Las Vegas, Nevada 89101

*Counsel for Plaintiffs Phase II Chin, LLC
LLC and Love & Money, LLC*

BOWLES & CROW
Robert Jason Bowles (*Pro Hac Vice*)
P. O. Box 25186
Albuquerque, New Mexico 87125

*Counsel for Plaintiff Phase II Chin, LLC*

GORENCE & OLIVEROS, P.C.
Louren Oliveros (*Pro Hac Vice*)
201 12th Street NW
Albuquerque, New Mexico 87102

*Counsel for Plaintiff Love & Money,*

MORRIS & PETERSON
Steve Morris (NSB #1543)
300 South Fourth Street, Suite 1700
Las Vegas, Nevada 89101

*Counsel for Defendants Caesars
Palace Corp. and Caesars Palace
Realty Corp.*

_____
An Employee of
LIONEL SAWYER & COLLINS

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101