1   GORENCE & OLIVEROS, P.C.
    Robert J. Gorence, No. NM 981
2   Louren Oliveros, No. NM 14689
    201 12th Street, NW
3   Albuquerque, NM 87102
    Telephone:    (505) 244-0214
4   Facsimile:    (505) 244-0888
    Email:        gorence@gopcfirm.com
5   Email:        oliveros@gopcfirm.com

6   Attorneys for Plaintiff Love & Money, LLC
    (formerly dba O.P.M.L.V., LLC)
7   (*Pro Hac Vice*)

8   HUNTERTON & ASSOCIATES
    C. Stanley Hunterton , No. NSB 1891
9   Pamela R. Lawson, No. NSB 5044
    333 South Sixth Street
10  Las Vegas, NV 89101
    Telephone:    (702) 388-0098
11  Facsimile:    (702) 388-0361
    Email:        shunterton@huntertonlaw.com
12  Email:        plawson@huntertonlaw.com

13
    Attorneys for Plaintiff Love & Money, LLC,
14  (Local Counsel)

15                      UNITED STATES DISTRICT COURT

16                          DISTRICT OF NEVADA

17

18  PHASE II CHIN, LLC and LOVE &
    MONEY, LLC (formerly dba O.P.M.L.V.,          Case No. 2:08-cv-00162-JCM-GWF
19  LLC),
20                            Plaintiffs,
    v.
21                                                **PLAINTIFF LOVE & MONEY, LLC's
                                                  MOTION TO COMPEL DISCOVERY
22  FORUM SHOPS, LLC, FORUM                       FROM PURE MANAGEMENT GROUP**
    DEVELOPERS LIMITED PARTNERSHIP,
23  SIMON PROPERTY GROUP LIMITED
    PARTNERSHIP, SIMON PROPERTY
24  GROUP, INC., CAESARS PALACE CORP.,
    and CAESARS PALACE REALTY CORP.
25                            Defendants,
26  ─────────────────────────────────────
27  AND RELATED ACTIONS.
28
                        Page 1 of  10

Plaintiff LOVE & MONEY, LLC , by its attorney, Louren Oliveros of Gorence & Oliveros, P.C., pursuant to Fed. R. Civ. P. 45(c)(2)(B)(i), hereby moves this court to order Pure Management Group to produce discovery in response to a subpoena that was properly served upon it.  As grounds, Plaintiff Love & Money, LLC states as follows:

## I.    PROCEDURAL BACKGROUND

1.    Plaintiff Love & Money, LLC issued a subpoena to Pure Management Group on September 16, 2009.

2.    The subpoena was served upon Diane Peterson of Pure Management Group on September 17, 2009.  Ms. Peterson was a person authorized to accept service on behalf of Pure Management Group.  The subpoena and executed return of service is attached as Exhibit A to this Memorandum.

3.    The subpoena required compliance by October 8, 2009, 21 days after the service of the subpoena.

4.    The location of the production occurred within the limits of Fed.R.Civ.P. 45(c)(3)(A)(ii).

5.    Pure Management Group did not file a motion objecting to the subpoena, nor did it file a motion to quash the subpoena before the deadline for compliance, October 8, 2009, or within 14 days after the subpoena was served.

6.    Likewise, Pure Management Group did not file a motion for a protective order regarding claimed privileged or commercial information that might be revealed by responding to the subpoena.

7.    A month after being served with the subpoena, on October 19, 2009, Branden Roos, an attorney representing Pure Management Group, faxed a letter to C. Stanley Hunterton regarding the subpoena.  In the letter, Mr. Roos indicated that compliance with the subpoena would impose

an undue burden and expense on Pure Management Group and that it would divulge commercial information.  Mr. Roos' letter is attached as Exhibit B.

8.    On October 22, 2009, Mr. Roos communicated to undersigned counsel Louren Oliveros that, in addition, to the arguments stated in his letter, he believed that the documents sought were irrelevant.  Additional correspondence from Mr. Roos maintained this position.

9.    Pure Management Group conducted one search for electronic documents only and produced no documents as a result of that search.

10.    Plaintiff Love & Money, LCC has made a good faith effort to resolve this discovery issue without litigation.

## II.    LEGAL ARGUMENT

A.    The Court should order production of all documents requested in the subpoena because Pure Management Group has failed to timely file an objection.

Fed. R. Civ. Procedure 45 requires timely compliance with a properly served subpoena. Under Fed.R.Civ. P. 45(c)(3)(A), a court may quash or modify a subpoena upon a "timely motion." A motion is timely under Fed.R.Civ.P. 45(c)(2)(B) when:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested.  The objection *must* be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.  If an objection is made, the following rules apply:

> (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

> (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Emphasis added.

Pursuant to Fed. R. Civ.P. 45(c)(2)(B)(i), Plaintiff Love & Money, LLC moves this court for an order compelling Pure Management Group to produce all documents responsive to the subpoena served upon them in this matter. As grounds, Plaintiff Love & Money, LLC states as follows:

Under Fed. R. Civ. P. 45(a), a party can obtain a subpoena for the production of documents and the deposition of a non-party. A party seeking to enforce a subpoena must seek a court order directing compliance. *Pennwalt Corp. v. Durand-Wayland*, Inc., 708 F.2 492, 494 n.5 (9th Cir. 1983). As such, Plaintiff Love & Money, LLC seeks to enforce the subpoena that was properly served on Pure Management Group.

A party objecting to such a subpoena must do so in writing within fourteen days of service. Fed. R. Civ.P. 45(c)(2)(B). Pure Management Group, a non-party, has failed to timely file a motion objecting to the subpoena. The failure to file such a motion precludes Pure Management Group from contesting the subpoena. As such, Pure Management Group has no valid legal grounds to avoid production and the Court should order Pure Management Group to produce all documents requested in the subpoena forthwith.

    B.    The Court should order production of all documents requested in the subpoena because the documents requested are discoverable.

The Federal Rules of Civil Procedure create a "broad discovery right" because "access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993).

Pure Management Group contends that compliance would 1) reveal commercial information, 2) result in an undue burden and expense and 3) that the documents requested are irrelevant. Pure Management Group's contentions are unsupported under the circumstances. Plaintiff Love & Money, LLC attempted to resolve this discovery issue without court intervention and address the claims of Pure Management Group regarding difficulties it perceived it would face in order to

comply. Plaintiff also attempted to explain the relevance of the documents requested. After these discussions, Pure Management Group ran one electronic search which they claim had "no hits". Pure Management Group produced no other documents and appears to have conducted no other searches. Plaintiff Love & Money, LLC will address each of Pure Management Group's arguments in turn.

First, Plaintiff Love & Money, LLC denies that compliance with the subpoena would reveal commercial information. Under Fed. R. Civ. P. 26(c)(1)(G), any person from whom discovery is sought may move for a protective order to protect "a trade secret or other confidential research, development, or commercial information." Pure Management Group, however, has not indicated what information would fall under this category, nor have they filed a motion for a protective order. "To protect a person subject to or affected by a subpoena, the issuing court may, *on motion*, quash or modify the subpoena...." See Fed.R.Civ.P.45(3)(B)(emphasis added). Further, Pure Management Group has failed to comply with Fed. R. Civ. P. 45(d)(2)(A)(ii) which requires that Pure Management Group provide information that would enable Plaintiff to assess a claim of privilege or protection. At a minimum, pursuant to 26(b)(5)(A)(ii), Pure Management Group should be required to produce all documents responsive to the subpoena and to provide any information to the Plaintiff identifying and describing all documents that might be protected as commercial information. Pure Management Group has failed to produce any documents or information describing the documents being withheld. As such, the Court should order Pure Management Group to produce all documents requested in the subpoena forthwith.

Second, Plaintiff Love & Money, LLC denies that compliance with the subpoena would result in an undue burden and expense for Pure Management Group. Upon a showing of "good cause, the district court may issue any protective order 'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Rivera v.*

*NIBCO, Inc*., 364 F.3d 1057, 1063 (9th Cir. 2004)(quoting Fed.R.Civ.P. 26(c)). "The burden is upon the party seeking the order 'to show good cause' by demonstrating the harm or prejudice that will result from the discovery." *Rivera*, 364 F.3d at 1063 (quoting *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). It is unclear what precisely will cause an undue expense or unreasonable amount of time for Pure Management Group in order for it to effectuate compliance. The subpoena merely requests documents and electronic information that should be easily obtained and copied. Pure Management Group has not met its burden establishing that compliance would indeed result in an undue expense or that the search would result in an unreasonable burden. As such, the Court should order Pure Management Group to produce all documents requested in the subpoena forthwith.

Third, Plaintiff Love & Money, LLC contends that all documents requested are directly relevant to the claims and defenses in this matter. The right to discovery is not unlimited, it must be "'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.'" *Shoen*, 5 F.3d at 1292 (quoting Fed.R.Civ.P. 26(b)(1)). Plaintiff contends that the information requested is directly relevant to defend against the allegations asserted in the Second Amended Counterclaim, Doc. 140, and to support the allegations in Plaintiff's Complaint, Doc.1. The subpoena, Exhibit A, has requested documents related to security at Pure night club, incidents at Pure night club, and communications related to O.P.M.L.V./Poetry and the claims in this lawsuit. The relevance to this lawsuit could not be more direct. The information sought is directly relevant to refute Defendant Forum's contention in the Second Amended Counterclaim that Poetry night club was

> operated in a manner that, among other things, creates an environment that results in rowdy and unruly behavior, such as public drunkenness, vomiting in mall public areas, shouting obscenities in mall public areas, urinating in mall public areas, fighting damaging property in mall public areas, and assault and battery of customers and security personnel, use of illegal or controlled substances and otherwise engaging in disorderly behavior

requiring the repeated attention of security personnel and the Las Vegas Metropolitan Police Department.

Doc. 140, ¶ 7. The Pure night club was an establishment similar to Poetry night club, but did not attract a majority ethnic or black clientele as did Poetry. Pure night club, however, was located on the same premises as Poetry night club and maintained similar or the same hours of operation. Caesars is the landlord for The Forum Shops pursuant to the terms of the Ground Lease, and is presumably the landlord of Pure. The operation of Pure, the conduct of its patrons, and the treatment of Pure by Caesars are critical in the analysis of what types of behavior Caesars considered "rowdy and unruly"and whether Pure patrons required "repeated attention of security personnel and the Las Vegas Police Department". Further, this evidence is relevant to support Plaintiff Love & Money's contention that the Defendants' claimed reasons for the removal of Poetry, *i.e.,* the increase in incidents of violence, unruly and rowdy behavior caused by Poetry patrons, is pretextual. For these reasons, the documents and information requested are relevant and essential to the defense of the counterclaim and to the prosecution of Plaintiff's claims.

Additionally, the information sought is directly relevant to the treatment of Plaintiff by the Defendants. The lawsuit alleges racial discrimination and harassment on the part of the Defendants. The discrimination can be demonstrated by showing that others, similarly situated were treated differently. Here, Plaintiff contends that Pure night club, a club that dwarfs the maximum capacity at Poetry by well over 2,000, was responsible for its share of after-hours incidents in the public areas of The Forum Shops and that the Defendants did not hold Pure night club responsible or incidents in The Forum Shops and did not attempt to shut Pure night club down as they did O.P.M./Poetry night club. For these reasons, the information requested in the subpoena is relevant and necessary in order for the Plaintiff to make this showing.

The information sought is also directly relevant to the Defendants' relationship with Pure Management Group, the degree of influence that the Defendants had or sought to have over Pure

Management Group and whether the Defendants used their influence to obtain support from Pure Management Group or other businesses in Caesars Palace or the Forum Shops to remove O.P.M.L.V./Poetry night club from the premises of Caesars Palace. It is further relevant to understand whether Pure Management Group or executives operating Pure night club were hostile to or discriminated against black Patrons of O.P.M./Poetry and whether such conduct was known to and tolerated by the Defendants.

Finally, the Complaint alleges that the Defendants worked in concert to interfere with Plaintiff's business and discriminate against Plaintiff's African American patrons. See Complaint, Doc. 1, generally, and at ¶ 90. Plaintiff also alleges that the Defendants "acted in concert, directly or through common agents, to exert control over the other defendants, and through such dominion and control, furthered the unlawful objections of i) improperly invoking remedies under the Lease, including termination of the Lease; (ii) intentionally disrupting the contractual relationships between Chinois and O.P.M.L.V., on the one hand, and actual and prospective patrons of Chinois and O.P.M.L.V. on the other..." Doc. 1, ¶ 98. Discovery has revealed that on more than one occasion, the Defendants met with Pure Management employees or executives regarding the "problem" posed by O.P.M/Poetry night club. Pure Management Group is or may be an agent of Defendant Caesars Palace. The documents and information requested are relevant and essential for the Plaintiff to show the extent to which the Defendants worked together and to show the extent to which the Defendants worked with Pure Management Group, to interfere with O.P.M.L.V/Poetry's business and remove O.P.M.L.V/Poetry from The Forum Shops at Caesars.

As set forth above, all documents requested are relevant under Fed. R. Civ. P. 25(b)(1). Due to their violations of the Federal Rules of Civil Procedure, Plaintiff Love & Money, LLC, requests that this Court order Pure Management Group to comply with the subpoena and produce the requested documents to counsel for Plaintiff Love & Money forthwith.

Dated this 25th day of November, 2009.

                                        Respectfully submitted,

                                        GORENCE & OLIVEROS, P.C.

                                        /s/ E-filed   11/25/09
                                        Louren Oliveros, No. NM 14689
                                        Robert J. Gorence, No. NM 981
                                        201 12th Street, NW
                                        Albuquerque, NM 87102

                                        *Attorneys for Plaintiff Love & Money, LLC*
                                        *(formerly dba O.P.M.L.V., LLC)*
                                        (*Pro Hac Vice*)

                                        C. Stanley Hunterton , No. NSB 1891
                                        Pamela R. Lawson, No. NSB 5044
                                        HUNTERTON & ASSOCIATES
                                        333 South Sixth Street
                                        Las Vegas, NV 89101

                                        *Attorneys for Plaintiff Love & Money, LLC*
                                        *(Local Counsel)*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of November, 2009, a true and correct copy of the foregoing **PLAINTIFF LOVE & MONEY, LLC's MOTION TO COMPEL DISCOVERY FROM PURE MANAGEMENT GROUP** was emailed by CMECF and delivered by regular mail to the following:

Samuel S. Lionel
Charles H. McCrea, Jr.
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
cmccrea@lionelsawyer.com
slionel@lionelsawyer.com

*Attorneys for Defendants Forum Shops, LLC, Forum Developers Limited Partnership, Simon Property Group Limited Partnership and Simon Property Group, Inc.*

Steve Morris
MORRIS PETERSON
900 Bank of America Plaza
300 So. Fourth Street
Las Vegas, Nevada 89101
sm@morrislawgroup.com

Jason Bowles
B.J. Crow
BOWLES & CROW
201 Third Street, N.W., Suite 1370
P.O. Box 25186
Albuquerque, NM 87125-5186
jason@bowlesandcrow.com
bj@bolwesandcrow.com

*Attorneys for Plaintiff Phase II Chin, LLC*

With a copy delivered via email only to:

Brandon Roos, Esq.
GreenbergTraurig
roosb@gtlaw.com
Attorneys for Pure Management Group

/s/ E-filed   11/25/09 _____
Louren Oliveros