‰AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF      NEVADA

PHASE II CHIN, LLC, et al.

V.

FORUM SHOPS, LLC, et al.

SUBPOENA IN A CIVIL CASE

Case Number:[1] 2:08-cv-00162-JCM-GWF

TO: Jan Marks, CFO or Custodian of Records, Pure Nightclub/Pure Management Group, 5555 Badura, Ste. 120, Las Vegas, NV 89118, 702-731-773.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A.

| PLACE | DATE AND TIME |
|---|---|
| Hunterton & Associates, 333 South Sixth Street, Las Vegas, NV 89101 (702)388-0098 | 10/8/2009 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] P Bunch | 9/16/09 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Louren Oliveros, Esq., 201 12th Street NW, Albuquerque, NM 87102
(505) 244-0214

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number



AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 09/12/09 | 5555 Badura, Ste 120 Las Vegas, NV 89118 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Diane Peterson<br>Jon Marks, CFO c/o Custodian of Records, Pure Nightclubs/Pure Management Group. | Personal through Diane Peterson |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Howard Saxon | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 09/12/09
DATE

[signature]
SIGNATURE OF SERVER

601 S 10th St, Ste 101
ADDRESS OF SERVER
Las Vegas, NV 89101

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

COPY

| | |
|---|---|
| 1 | GORENCE & OLIVEROS, P.C. |
| | Robert J. Gorence, No. NM 981 |
| 2 | Louren Oliveros, No. NM 14689 |
| | 201 12th Street, NW |
| 3 | Albuquerque, NM 87102 |
| | Telephone: (505) 244-0214 |
| 4 | Facsimile: (505) 244-0888 |
| | Email: gorence@gopcfirm.com |
| 5 | Email: oliveros@gopcfirm.com |
| 6 | Attorneys for Plaintiff Love & Money, LLC |
| | (formerly dba O.P.M.L.V., LLC) |
| 7 | (*Pro Hac Vice*) |
| 8 | BOWLES & CROW |
| | Jason Bowles, No. NM 8922 |
| 9 | B.J. Crow, No. NM 17915 |
| | 201 Third Street, N.W., Suite 1370 |
| 10 | P.O. Box 25186 |
| | Albuquerque, NM 87125-5186 |
| 11 | Telephone: (505) 217-2680 |
| | Facsimile: (505) 217-2681 |
| 12 | Email: jason@bowlesandcrow.com |
| | Email: bj@bowlesandcrow.com |
| 13 | |
| | Attorneys for Plaintiff Phase II Chin, LLC |
| 14 | (*Pro Hac Vice*) |
| 15 | HUNTERTON & ASSOCIATES |
| | C. Stanley Hunterton, No. NSB 1891 |
| 16 | Pamela R. Lawson, No. NSB 5044 |
| | 333 South Sixth Street |
| 17 | Las Vegas, NV 89101 |
| | Telephone: (702) 388-0098 |
| 18 | Facsimile: (702) 388-0361 |
| | Email: shunterton@huntertonlaw.com |
| 19 | Email: plawson@huntertonlaw.com |
| 20 | Attorneys for Plaintiff Love & Money, LLC |
| | and Plaintiff Phase II Chin, LLC |
| 21 | (Local Counsel) |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHASE II CHIN, LLC and LOVE & MONEY, LLC (formerly dba O.P.M.L.V., LLC),<br>Plaintiffs,<br>v.<br>FORUM SHOPS, LLC, FORUM DEVELOPERS LIMITED PARTNERSHIP, SIMON PROPERTY GROUP LIMITED PARTNERSHIP, SIMON PROPERTY GROUP, INC., CAESARS PALACE CORP., and CAESARS PALACE REALTY CORP.<br>Defendants,<br>AND RELATED ACTIONS. | Case No. 2:08-cv-00162-JCM-GWF<br><br>NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM TO JAN MARKS, CFO/CUSTODIAN OF RECORDS, PURE NIGHTCLUB / PURE MANAGEMENT GROUP |

TO:  All Parties; and

TO:  All Counsel of Record

PLEASE TAKE NOTICE that the LOVE & MONEY, LLC has issued a Subpoena Duces Tecum for service upon JAN MARKS, CFO OR CUSTODIAN OF RECORDS, PURE NIGHTCLUB/PURE MANAGEMENT GROUP, 5555 BADURA, STE. 120, LAS VEGAS, NV 89118, 702-731-7733. The testimony and production of documents are to take place October 8, 2009 at the hour of 10:00 a.m. at the offices of Hunterton & Associates, 333 South Sixth Street, Las Vegas, NV 89101, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure. The documents requested are described in the subpoena, a copy of which is attached hereto. Personal appearance is not required; the documents requested may be delivered in lieu of appearance.

DATED this 16th day of September, 2009.

From:Robert Lawson Investigations    702 474 4137    10/14/2009 11:19    #455 P.006/008

GORENCE & OLIVEROS, P.C.
Robert J. Gorence, No. NM 981
Louren Oliveros, No. NM 14689
201 12th Street, NW
Albuquerque, NM 87102

*Attorneys for Plaintiff Love & Matrey LLC*
*(formerly dba O.P.M.L.V., LLC)*
*(Pro Hac Vice)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of September, 2009, I deposited in the United States Mail at Albuquerque, New Mexico, a true and correct copy of the foregoing enclosed in a sealed envelope upon which first class postage was paid, addressed as follows:

Samuel S. Lionel
Charles H. McCrea, Jr.
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
cmccrea@lionelsawyer.com
slionel@lionelsawyer.com

*Attorneys for Defendants Forum Shops, LLC, Forum Developers Limited Partnership, Simon Property Group Limited Partnership and Simon Property Group, Inc.*

Steve Morris
MORRIS PETERSON
900 Bank of America Plaza
300 So. Fourth Street
Las Vegas, Nevada 89101
sm@morrislawgroup.com

*Attorneys for Defendants Caesars Palace Corp., and Caesars Palace Realty Corp.*

Louren Oliveros
Gorence & Oliveros, P.C.

## EXHIBIT A

All reports, lists, logs, memoranda, ledgers, publications, meeting minutes, recordings, advertisements, brochures, manuals, citations, complaints, photographs, videos, correspondence, documents or things reflecting or related to the following:

1. Incidents of disorderly or disruptive conduct, intoxication or violence of any degree or kind occurring at or involving Pure Nightclub from 2004 through 2009;

2. Security issues or incidents at Pure Nightclub from 2004 through 2009;

3. The number of security guards employed per night during specials events at Pure Nightclub from 2004 through 2009;

4. The number of security guards employed/hired per night on average at Pure Nightclub from 2004 through 2009;

5. Line or crowd control procedures or protocols utilized at Pure Nightclub from 2004 through 2009;

6. The wall or door that was utilized to close off The Forum Shops and Poetry Nightclub's access to Caesars Casino beginning in 2007;

7. The dress code enforced at Pure Nightclub from 2004 through 2009;

8. The shooting at Caesars Palace in August, 2007;

9. Training for security guards at Pure Nightclub from 2004 through 2009;

10. Communication or documents of any kind, including without limitation, all electronic data (emails, texts, or data from any other electronic device), computer or laptop hard or soft drive communications or documents between any representative, agent, or employee of Pure Management Group, including but not limited to Robert Frey and Steve Davidovici, and Caesars Casino, Caesars Palace Realty Corp. or Caesars Palace Corp., Gary Selesner, or any representative, agent or employee thereof regarding O.P.M.L.V./Poetry Nightclub;

11. Communication or documents of any kind, including without limitation, all electronic data (emails, texts, or data from any other electronic device), computer or laptop hard or soft drive communications or documents between any representative, agent, or employee of Pure Management Group, including but not limited to Robert Frey and Steve Davidovici, and The Forum Shops/Simon Property Group, Gary Lewis, David Simon, Rich McKeown, or any representative, agent, or employee thereof regarding O.P.M.L.V./Poetry Nightclub;

12. Marketing or advertisements revealing any form of nudity distributed for Pure Nightclub from 2004 through 2009;

13. Contracts between Pure Nightclub and Caesars Casino, Caesars Palace Realty Corp. or Caesars Palace Corp. from 2004 through 2009; and

14. Contracts between Pure Nightclub and The Forum Shops/Simon Property Group from 2004 through 2009.