# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| PHASE II CHIN, LLC, *et al.*, | ) | |
| Plaintiffs, | ) | Case No. 2:08-cv-00162-JCM-GWF |
| vs. | ) | **ORDER** |
| FORUM SHOPS, LLC, *et al.*, | ) | |
| Defendants. | ) | |

      This matter is before the Court on Defendants Forum Shops, LLC, Forum Developers Limited Partnership, Simon Property Group Limited Partnership and Simon Property Group, Inc.'s Submittal of Joint Defense Documents for *In Camera* Review, received by the Court on March 15, 2010.

      Defendants Forum Shops, LLC, Forum Developers Limited Partnership, Simon Property Group Limited Partnership and Simon Property Group, Inc. (the "Forum Defendants") submitted the present pleading and attached documents in compliance with the Court's March 2, 2010 Order (#198). The Court Order granted, in part, Plaintiff Love & Money, LLC's Motion to Compel Discovery (#186) from the Forum Defendants. (#198). Plaintiff's motion to compel requested that the Court order the Forum Defendants to produce documents that the defendants have withheld as privileged on the basis of attorney-client privilege and/or the existence of a joint defense agreement between Defendants. (#186).

      On February 16, 2010, the Court conducted a hearing in this matter. However, the Court was unable to resolve the issues of whether a joint defense agreement existed and whether the documents at issue would qualify as privileged based on the content of the parties' pleadings and

the arguments presented at the hearing.  As a result, the March 2, 2010 order required the Forum Defendants to submit for *in camera* review "the documents listed on their amended privilege log to which they have asserted the joint defense or common interest privilege and the Joint Defense Agreement dated June 10, 2009."  (#198)  In addition, the Forum Defendants were ordered to file an affidavit to support their assertion that the Forum and Caesars Defendants had entered into a "joint defense" agreement as of March 6, 2006.  (*Id.*)  On March 15, 2010, the Forum Defendants complied with the Court's March 2, 2010 order by submitting the present affidavit and allegedly privileged documents for *in camera* review.

Based on the Forum Defendants' submission and the prior pleadings, the Court will now determine 1) whether a joint defense agreement existed between the Forum and Caesars Defendants beginning on March 6, 2006 and 2) whether the documents submitted for *in camera* review are privileged under the joint defense agreement, attorney-client privilege or work-product doctrine.

### 1.     Joint Defense Agreement

As discussed in the Court's March 2 Order (#198 at 11-16), to demonstrate that a joint defense agreement exists, the party claiming the privilege must show (1) that both parties' interests be identical, not similar, (2) that the common interest is legal, not solely commercial, and (3) that the communication is shared with the *attorney* of the member of the community of interest.  *Carl Ziess Vision Intern'l  GMBH v. Signet Armorlite*, 2009 WL 4642388 (S.D. Cal. 2009) at *7.  In addition, some courts require that the party asserting a claim of privilege must also show the existence of an actual agreement between the parties.  See *Intex Recreation Corp. v. Team Worldwide Corp.*, 471 F.Supp.2d 11, 16 (D.D.C. 2007) (citing *Minebea Co. v. Papst*, 228 F.R.D. 13, 16 (D.D.C. 2005)).

The Court finds that Defendants have met their burden of demonstrating that the Forum Defendants and Caesars Defendants entered into a written Joint Defense Agreement with a retroactive effective date of March 6, 2006.  As part of their *in camera* submissions, Defendants have provided the Court with a copy of a written joint defense agreement executed June 10, 2009.  In addition, as proof that the effective date of the agreement was March 6, 2006, the Forum Defendants submitted the affidavit from Charles H. McCrea, Jr.  Mr. McCrea states that the Forum

Defendants sent a notice of default to Plaintiff Chinois on March 6, 2006. Once the notice of default had been served, Mr. McCrea states that the Forum and Caesars Defendants had an identical legal interest and jointly developed a legal strategy for issues arising related to the operation of Plaintiff's nightclub. The allegedly privileged documents submitted for *in camera* review further bolster Defendants' claim that the Forum and Caesars Defendants were operating under a joint legal strategy as early as March 6, 2006. Based on Mr. McCrea's affidavit and the allegedly privileged documents, the Court finds that Defendants have met their burden of demonstrating that the Forum and Caesars Defendants were operating under a joint defense agreement and are entitled to the common interest privilege starting March 6, 2006.

### 2.   Analysis of whether the documents at issue qualify as privileged material

As discussed in the Court's prior order (#186), the attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures. *In re Grand Jury Investigation,* 974 F.2d 1068, 1070 (9th Cir.1992). Because it impedes the full and free discovery of the truth, the attorney-client privilege is strictly construed. *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 24 (9th Cir. 1981); *United States v. Ruehle*, 583 F.2d 600, 607 (9th Cir. 2009). The burden is on the party asserting the attorney-client privilege to demonstrate that the documents at issue adhere to the essential elements of the attorney-client privilege, which the court has defined as follows: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived. *In re Grand Jury Investigation,* 974 F.2d at 1071 n. 2. A party claiming that documents and communications are privileged under a joint defense agreement must first demonstrate that the documents and communication at issue adhere to the essential elements of the attorney-client privilege. *In re Teleglobe Communications Corporation*, 493 F.3d 354, 364 (3rd Cir. 2007).

Based on the finding that a joint defense agreement was in place between the Caesars and Forum Defendants starting on March 6, 2006, the Court will now evaluate the individual

documents submitted for *in camera* review by the Forum Defendants to determine if the contents qualify as privileged material:

| Documents | Privilege Decision | Reasoning |
|---|---|---|
| FORUMPRIV03-04 | Privileged | Counsel for parties discuss security issues and joint legal strategy. |
| FORUMPRIV05-06 | Partially privileged under the joint defense agreement and attorney-client privilege | Counsel for parties discuss joint legal strategy related to intellectual property and distribution of flyers. Other communications involve discussions between client and counsel. However, the following emails are not privileged as they merely discuss factual details and do not seek or provide legal advice:<br>• November 16, 2007 email from Bonnie Gilmour at 3:32 p.m.;<br>• November 16, 2007 email from Julie Babbs at 6:27 a.m.; and<br>• November 16, 2007 email from Richard Reed at 6:17 a.m. |
| FORUMPRIV07-08 | Partially privileged under the joint defense agreement | Counsel for parties discuss joint legal strategy related to intellectual property and distribution of flyers. However, the following emails are not privileged as they merely discuss factual details and do not seek or provide legal advice:<br>• November 16, 2007 email from Bonnie Gilmour at 3:32 p.m.;<br>• November 16, 2007 email from Julie Babbs at 6:27 a.m.; and<br>• November 16, 2007 email from Richard Reed at 6:17 a.m. |
| FORUMPRIV09-023 | Privileged | Counsel for parties discuss joint legal strategy related to lease issues and obtaining video surveillance. |
| FORUM084-105 | Privileged | Redacted material involves counsel for parties discussing joint legal strategy related to a default letter. |
| FORUM0106-109 | Partially privileged under the joint defense agreement, under attorney-client privilege and as work product | Counsel for parties discuss joint legal strategy related to a default letter. Other communications involve discussions between client and counsel or constitute a document created in anticipation of litigation. However, the following emails are not privileged as they merely discuss factual details and do not seek or provide legal advice:<br>• September 7, 2007 email from Bonnie Gilmour at 11:44 p.m., which discusses the events that occurred in a parking garage in factual detail |
| FORUM0110-111 | Privileged | Communications involve discussions between client and counsel related to legal advice.* |

| | | |
|---|---|---|
| FORUM0543 | Not privileged | Redacted material is not privileged as it discusses factual details related to a newspaper article on the incident at Caesars and does not appear to seek or provide legal advice. |
| FORUM0549-51 | Partially privileged under joint defense agreement | Redacted material involves counsel for parties discussing joint legal strategy related to August 4 incident with the following exceptions:<br>• <u>August 5, 2007 email from Rich McKeown at 12:31 a.m.</u>  The first sentence is not privileged as it contains a factual discussion between representatives for Caesars and representatives of Forum Shops and does not seek or provide legal advice;<br>• <u>August 4, 2007 email from Gary Selesner at 9:39 p.m.</u>  Most of the email is not privileged as it contains a factual discussion of the August 4 incident and does not appear to seek or offer legal advice.  However, the last two sentences discuss joint legal strategy and may be redacted. |
| FORUM0573 | Not privileged | Communications merely reproduce a comment posted on the Las Vegas Review-Journal's website and do not seek or provide legal advice. |
| FORUM0593 | Privileged | Communications involve discussions between client and counsel related to legal advice.* |
| FORUM01252 | Partially privileged under the joint defense agreement | The February 17, 2007 email from Gary Selesner at 7:21 a.m. contains a discussion between counsel of the parties' joint legal strategy.  However, the February 17, 2007 email from Dave Bennett at 4:33 a.m. is not privileged as it merely discusses factual details and does not seek or provide legal advice. |
| FORUM01261-72 | Privileged | Counsel for parties discuss security issues and joint legal strategy. |
| FORUM01275-76 | Not privileged | Communications discuss factual details about Poetry nightclub and do not seek or provide legal advice. |
| FORUM01277 | Not privileged | Redacted communication discusses factual details about Poetry nightclub and does not seek or provide legal advice. |
| FORUM01279 | Partially privileged | Most of the email is not privileged as it contains a factual discussion of the August 4 incident and do not seek or provide legal advice.  However, the last two sentences discuss joint legal strategy and may be redacted |
| FORUM01280-92 | Partially privileged | The communications involve counsel for the parties discussing joint legal strategy with the following exceptions:<br>• <u>August 5, 2007 email from Rich McKeown at 12:31 a.m.</u>  The first sentence is not privileged |

| | | |
|---|---|---|
| | | as it contains a factual discussion between representatives for Caesars and representatives of Forum Shops and does not seek or provide legal advice;<br>● August 4, 2007 email from Gary Selesner at 9:39 p.m. Most of the email is not privileged as it contains a factual discussion of the August 4 incident and does not appear to seek or offer legal advice. However, the last two sentences discuss joint legal strategy and may be redacted. |
| FORUM01304-09 | Not privileged | Redacted communications discuss factual details related to security and do not seek or provide legal advice. |
| FORUM01310-12 | Partially privileged | Most of the redacted communications discuss factual details related to security and do not seek or provide legal advice, with the following privileged exception:<br>● Email from Rich McKeown on August 22, 2007 at 3:00 p.m., which constitutes an attorney-client communication |
| FORUM01326-27 | Not privileged | Redacted communications discuss factual details related to construction and do not seek or provide legal advice. |
| FORUM01333 | Not privileged | Redacted communications discuss factual details related to a parking lot incident and do not seek or provide legal advice. |
| FORUM01763-64 | Partially privileged | Redacted communications are between attorney and client, discussing legal strategy with the following exception:<br>● February 17, 2007 email from Dave Bennett at 4:33 a.m. The email discusses the factual details related to an incident with the fire marshal and does not seek or provide legal advice |
| FORUM01874-75 | Partially privileged | Communications are privileged as discussions between counsel related to joint legal strategy with the following exception:<br>● May 4, 2007 email from Gary Selesner at 9:46 p.m. The email discusses factual details of the operations at Poetry nightclub and does not seek or provide legal advice. |
| FORUM01996-2002 | Partially privileged | The communications involve counsel for the parties discussing joint legal strategy related to the August 4th incident. Other communications involve discussions between client and counsel. As a result, the communications are privileged with the following exceptions:<br>● August 5, 2007 email from Rich McKeown at 12:31 a.m. The first sentence is not privileged |

|  |  | as it contains a factual discussion between representatives for Caesars and representatives of Forum Shops and does not seek or provide legal advice;<br>• <u>August 4, 2007 email from Gary Selesner at 9:39 p.m.</u>  Most of the email is not privileged as it contains a factual discussion of the August 4 incident and does not appear to seek or offer legal advice.  However, the last two sentences discuss joint legal strategy and may be redacted; and<br>• <u>August 5, 2007 email from David Johnson at 11:46 a.m.</u>  The email does not seek or provide legal advice and does not involve counsel. |
|---|---|---|
| FORUM02083-87 | Privileged | The communications involve counsel for parties discussing security issues and joint legal strategy or discussions between client and counsel. |
| FORUM02128-29 | Privileged | Counsel for parties discuss security issues and joint legal strategy. |
| FORUM02135 | Partially privileged | Redacted communications are between attorney and client, discussing legal strategy with the following exception:<br>• <u>September 13, 2007 email from Dave Bennett at 9:46 p.m.</u>  The email discusses factual details related to business operations at Poetry nightclub and does not seek or provide legal advice. |

 * Defendants additionally argue that the redacted emails in FORUM0106-08 are privileged under the joint defense agreement.  However, the communications are solely between counsel for and employees of the Forum Shops.  As the communications do not include any representative of Caesars, they do not qualify as privileged under the joint defense agreement.

Accordingly,

**IT IS HEREBY ORDERED** that the Forum Defendants shall produce the non-privileged material discussed above to Plaintiffs on or before **June 29, 2010**.  If they have not already done so, the Forum Defendants shall disclose the unredacted portions of the materials discussed above to Plaintiffs on or before **June 29, 2010**.

. . .

. . .

. . .

7

**IT IS FURTHER ORDERED** that the Court will provide the Forum Defendants with examples of redacted text in specific emails to provide further guidance on the manner in which specific material should be redacted when only a portion of an email is found to be privileged.

DATED this 14th day of June, 2010.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**