UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PHASE II CHIN, LLC, *et al.*,  )
                                       Plaintiffs,  )   Case No. 2:08-cv-00162-JCM-GWF
vs.  )   **ORDER**
FORUM SHOPS, LLC, *et al.*,  )   Motion to Seal (#254)
                                       Defendants.  )

This matter is before the Court on Caesars Defendants' Motion to Seal Selected Exhibits to Plaintiff Love & Money's Motion to Compel and Caesars Defendants' Opposition Thereto (#254), filed May 5, 2010. To date, no party has opposed the present motion and the time for opposition has now passed.

**DISCUSSION**

On May 12, 2009, the parties entered a stipulated protective order governing the confidentiality of documents (#124), which the Court reviewed and entered (#125). Under the protective order, the parties may designate documents produced in discovery as confidential and file the confidential documents under seal. The Caesars Defendants now request that the Court grant leave for the parties to file under seal certain exhibits to Plaintiffs' motion to compel and Defendants' opposition as confidential materials under the protective order.

In the Ninth Circuit, "[i]t is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News v. United States District Court*, 187 F.3d 1096, 1103 (9th Cir.1999). However, where a party opposing disclosure shows "good cause" for limiting access to litigation documents and information

produced during discovery, the materials may be filed under seal. *Phillips v. General Motors*, 307 F.3d 1206, 1210, 1213 (9th Cir. 2002) (finding that Fed.R.Civ.P. 26(c) authorizes a district court to override the presumption of public access where "good cause" is shown). For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if the materials are not filed under seal. *See Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); *see also San Jose Mercury News, Inc.*, 187 F.3d at 1102 (holding that to gain a protective order the party must make "particularized showing of good cause with respect to any individual document"). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests" to decide whether the information should be filed under seal. *Id.* at 1211 (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

Defendants request that the Court grant leave for them to file under seal three exhibits to pleadings related to Plaintiffs' motion to compel (#255). In support of their motion, Defendants argue that the exhibits should be sealed as they contain confidential commercial information and trade secrets, counsel's communication discussing the allegations at issue in this case, and Caesars' internal memorandum. (#254).

### 1. Ground Lease / Trade Secrets

The Caesars Defendants argue that the excerpts from the Caesars Forum Ground Lease (Ex. C to Pl.'s Mtn to Compel, #212) should be sealed as it contains trade secrets and protected commercial information. (#254 at 3-4). According to the Caesars Defendants, public filing of the ground lease would interfere with their ability to negotiate ground leases in the future and would offer competitors an advantage by granting them access to the inner workings of Caesars property and lease negotiations.

It is well-settled that the Court has the authority to shield proprietary information related to the ongoing operations of a business from public review. Fed.R.Civ.P. 26(c) (1)(G) anticipates that the Court may require that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." See also

*Carpenter v. U.S.,* 484 U.S. 19, 26, 108 S.Ct. 316 (1987) (holding that "[c]onfidential information acquired or compiled by a corporation in the course and conduct of its business is a species of property to which the corporation has the exclusive right and benefit"). The Court notes that all parties have a copy of the ground lease and no party to this litigation would be harmed by the sealing of the exhibit containing the ground lease. In addition, the Caesars Defendants' interest in protecting their trade secrets outweighs the general public interest in public filings. Based on the commercial disadvantage Caesars would suffer from public disclosure, the Court finds the Caesars Defendants have demonstrated that a particularized harm would result from public disclosure and will order that Exhibit C to Plaintiff's Motion to Compel (#212) be sealed.

### 2. Correspondence regarding allegations

The Caesars Defendants argue that an email communication between the parties (Ex. E to Pl.'s Mtn to Compel, #212) should be sealed as it contains allegations of racism and a discussion of the violent incident related to this action. (#254 at 5-6). Defendants state that allegations of racism and evidence of security incidents "would have a direct and substantial impact on Caesars Defendants ability to market its brand". (*Id.*) The mere suggestion that embarrassing allegations or the discussion of a violent incident might harm a company commercially if disclosed in publicly available pleadings does not meet the burden of showing specific harm will result. *See Beckman Indus., Inc.*, 966 F.2d at 476 (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"). Indeed, the Ninth Circuit has held that "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (affirming District Court's decision not to seal records that might, among other things, cast police officers in a false light). In addition, the allegations and factual discussion contained in the email at issue are available to the public in Plaintiff's Complaint (#1-1) and newspaper reports of the violent incident. As a result, the Court finds the Caesars Defendants have not demonstrated that a particularized harm would result from public disclosure and will order that Exhibit E to Plaintiff's Motion to Compel (#212) be unsealed.

### 3. Internal Memorandum

Finally, the Caesars Defendants contend that a Caesars Palace internal memorandum discussing the current action and retention of documents (Ex. A to Defs.' Opp. to Mtn to Compel, #229) should be sealed as it discusses security issues that no longer exist and could damage Caesars' reputation. (#254 at 6). While the Court does not find the memorandum's discussion of a violent incident to be sufficient reason to seal the document, it will seal the document as an internal communication between Caesars' counsel and Caesars' employees discussing litigation that is comparable to an attorney-client communication. Courts routinely grant protection orders for materials that would qualify as privileged under the attorney-client privilege. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003). As it is reasonably foreseeable that Caesars would suffer specific harm from public disclosure of the mechanics of its litigation strategy and legal instructions regarding document retention, the Court finds good cause to seal the memorandum. In addition, the Caesars Defendants' interest in protecting legal communications between Caesars' counsel and employees outweighs the general public interest in public filings. Accordingly,

**IT IS HEREBY ORDERED** that Caesars Defendants' Motion to Seal Selected Exhibits to Plaintiff Love & Money's Motion to Compel and Caesars Defendants' Opposition Thereto (#254) is **granted in part** and **denied in part**. The Clerk of the Court shall unseal Plaintiff's Motion to Compel (#212), Defendants' Opposition to the Motion to Compel (#229) and Plaintiff's Reply (#238), except for the following exhibits which shall remain sealed:

1. Exhibit C to Plaintiff's Motion to Compel (#212); and
2. Exhibit A to Defendant's Opposition to Mtn to Compel (#229).

DATED this 1st day of July, 2010.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**