# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PHASE II CHIN, LLC, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>FORUM SHOPS, LLC, et al.,<br><br>        Defendants. | 2:08-CV-162 JCM (GWF) |

### ORDER

Presently before the court are defendants' Forum Shops, LLC, Forum Developer Limited Partnership, Simon Property Group Limited Partnership and Simon Property Group Inc. (collectively "Forum defendants") motions to strike. (Doc. #279 & #280). Plaintiff Love & Money, LLC, has filed a response (doc. #290 & #291, respectively), and defendants replied (doc. #303 & 304, respectively). Defendants Caesars Palace Corporation and Caesars Palace Realty Corporation (collectively "Caesars defendants") have joined in the motions to strike. (Doc. #285 and #286).

Plaintiff Love & Money, LLC, filed a complaint against Forum and Caesars defendants on June 3, 2008, in Nevada state court alleging claims of racial discrimination arising from a dispute over a lease agreement. (Doc. #1-1). The action involved a federal question and was removed to this court. (Doc. #1). The motions to strike refer to exhibits in plaintiff Love & Money, LLC's oppositions (doc. #264 & 280, respectively) to defendants' motions for summary judgment (doc. #206 & 196, respectively).

The motions seek to strike exhibits: (1) K and DD for plaintiffs' failure to disclose the

**James C. Mahan**
**U.S. District Judge**

witnesses (doc. #280); (2) H-1, H-2, H-3, H-4, H-7, H-8, AA, BB, CC, MM, MM-1 and MM-3 (collectively "affidavit exhibits") (doc. #264) for relevance and for the improper use of a lay witnesses opinions (doc. #279); and (3) AA, H-6 and MM-1 for submission of hearsay evidence (doc. #279).

I.  Failure to Disclose Witnesses

Unless exempted by the federal rules, "a party must, without awaiting a discovery request, provide to the other parties the names . . . of each individual likely to have discoverable information, along with the subjects of that information." Fed. R. Civ. P. 26(a)(1)(A)(I); *see also* Fed. R. Civ. P. 26(e)(1)(A) (requiring, in a timely manner, a supplemental disclosure when new information makes the initial disclosure incorrect or incomplete).

In violation of Federal Rule of Civil Procedure 26, plaintiff OPM never disclosed witnesses Carlos Stitson and Tony Poma. (Doc. #264-20, ex. K & doc. #264-44, ex. DD, respectively). "If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, the failure is not substantially justified. Plaintiff had numerous opportunities to disclose the identity of the two witnesses. For example, plaintiff could have as an initial disclosure pursuant to Rule 26(a), as a supplemental disclosure under Rule 26(e), or in response to Forum defendants' specific discovery requests. Additionally, admitting the information provided in the exhibits would not be harmless, as it is used to support plaintiff's case against defendants' pending motions for summary judgment (doc. #196, #206, #208). Therefore, exhibits K and DD are stricken.

II.  Relevance and Use of Lay Witnesses

Pursuant to Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible." Relevant evidence is defined as "having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Defendants argue that exhibits H-1, H-2, H-3, H-4, H-6, H-8, AA, BB, CC, MM, MM-1, and

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  MM-3 (the "affidavit exhibits") (doc. #264) address matters solely under the control of the Caesars defendants and are therefore irrelevant as to the Forum defendants. However, because plaintiff alleges that the two defendants acted in collusion, matters under the control of either may be relevant as to both.

Defendants also argue that the above mentioned affidavit exhibits are improper lay opinion testimony. Where a lay witness offers an opinion, the court will limit the testimony to "those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The court is satisfied that this standard has been met as to the affidavit exhibits and that each affiant has demonstrated that the facts contained therein have an adequate basis in personal knowledge. Fed. R. Evid. 602. Therefore, the affidavit exhibits are not stricken.

III.     Hearsay Evidence

As stated in the Federal Rules of Evidence, "[h]earsay evidence is not admissible except as provided under these rules or rules prescribed by the Supreme Court pursuant to statutory authority or by act of Congress." Fed. R. Evid. 802. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

However, "a statement made by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship" is not hearsay; it is an admission by a party opponent. Fed. R. Evid. 801(d)(2)(D). Each of the alleged hearsay statements identified was made by an employee, manager or agent of the defendants and constitutes an admission. (Doc. #264-15, ex. H-6; doc. #264-41, ex. AA; and doc. #264-58, ex. MM-1). None are hearsay. Therefore, exhibits H-6, AA and MM-1 are not stricken.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants' motion to strike , (doc. #279), is GRANTED as to exhibits K and DD in Plaintiff Love & Money, LLC 's

**James C. Mahan**
**U.S. District Judge**

1 opposition to defendants Forum Shops, LLC, Forum Developer Limited Partnership, Simon Property Group Limited Partnership and Simon Property Group Inc.'s motion for summary judgment, (doc. #264) and opposition to defendants Caesars Palace Corporation and Caesars Palace Realty Corporation's motion for summary judgment, (doc. #263).

IT IS FURTHER ORDERED that defendants' motion to strike , (doc. #279), is DENIED as to exhibits AA, H-1, H-2, H-3, H-4, H-6, H-7, H-8, AA, BB, CC, MM, MM-1 and MM-3.

IT IS FURTHER ORDERED that defendants' motion to strike exhibits K and DD, (doc. #280), is DENIED.

DATED this 23rd day of August, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -