# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PHASE II CHIN, LLC, et al., | 2:08-CV-162 JCM (GWF) |
| Plaintiffs, | |
| v. | |
| FORUM SHOPS, LLC, et al., | |
| Defendants. | |

**ORDER**

Presently before the court is defendants' Forum Shops, LLC, Forum Developers Limited Partnership, Simon Property Group Limited Partnership, and Simon Property Group, Inc. (collectively "Forum defendants") motion to strike jury. (Doc. #141). Plaintiff Love & Money, LLC, responded. (Doc. #144). Plaintiff Phase II, Chin (here, "Phase II") joined plaintiff Love & Money's response. (Doc. #145). Forum defendants replied. (Doc. #149).

Forum defendants filed this motion to strike jury demand based on a waiver of trial by jury provision in the 1997 lease agreement between Forum Developers Limited Partnership (Forum Developers), as "landlord," and GGH Restaurant, LLC (GGH), as "tenant."(Doc. #141, ex. 1, Lease, § 18.5). Defendant Forum Shops, LLC, succeeded to all rights and obligations of landlord Forum Developers, and plaintiff Phase II succeeded to all rights and obligations of tenant GGH under the lease . (Doc. #1-1, compl., ¶ 14).

Phase II subsequently entered a "management agreement" with plaintiff Love & Money

**James C. Mahan**
**U.S. District Judge**

governing a portion of its premises leased from defendant Forum Shops. (Doc. #1-1, compl., ¶ 18). The plaintiffs expressly subordinated the management agreement to the terms of the lease. (Doc. #141, ex. 2, management agreement, §39). The instant motion seeks to strike plaintiffs' jury demand on the basis of the waiver provision in the original lease.

**I.      The Motion to Strike Jury Demand as to Plaintiff Phase II**

As successors in interest of the original contracting parties, the lease binds plaintiff Phase II, as tenant, and Forum Shops, LLC, as landlord, and the parties shall be held to the terms of the waiver of trial by jury provision. The provision states:

> Tenant hereby waives trial by jury in any action, proceeding or counterclaim brought by either party against the other on any matter whatsoever arising out of or in any way connected with this Lease, the relationship of Landlord and Tenant created hereby, Tenant's use or occupancy of the Premises or any claim of injury or damage.

(Doc. #141, ex. 1, lease, § 18.5).

The jury waiver provision in the lease between Phase II and Forum defendants is valid and effective. Although the right to a jury trial in civil cases is constitutionally protected, a contract knowingly and voluntarily executed may waive that right. *Phoenix Leasing Inc. v. Sure Broad, Inc.*, 843 F. Supp. 1379, 1384 (D. Nev. 1994). In considering whether a waiver is knowing and voluntary, the court considers several factors, including: "(1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and (4) whether the clause containing the waiver was inconspicuous." *Id.* (internal citations omitted).

Here, the court finds that the waiver was knowingly and voluntarily executed. Both Forum Shops and Phase II are sophisticated business parties with relatively comparable bargaining power. Additionally, the waiver provision, found at section 18.5 of the lease agreement (doc. #141-1), has its own conspicuous, underlined subject heading, which directly follows a provision the parties have "intentionally deleted." *Id.* The court reads this as evidence that the contract was in fact negotiated and that the parties intended to keep the waiver of trial by jury provision in the contract .

Finally, the court finds that the broad language of the waiver encompasses the instant dispute.

James C. Mahan
U.S. District Judge

- 2 -

1  All of plaintiffs' claims, including the section 1981 discrimination claim, arise out of plaintiffs' use
2  or occupancy of the leasehold premises and fall in the category of "any matter whatsoever arising
3  out of or in any way connected with this Lease" (doc #141-1).
4      Therefore, because plaintiff has knowingly and intelligently waived its right to a trial by jury
5  with regard to this suit, and because the dispute falls within the scope of that waiver, the motion to
6  strike jury demand is granted as to plaintiff Phase II.
7  **II.    The Motion to Strike Jury Demand as to Plaintiff Love & Money, LLC**
8      The parties dispute whether plaintiff Love & Money, LLC, was a "manager" of a portion of
9  the space leased by plaintiff Phase II, or whether Love & Money was Phase II's sublessee. The court
10 finds it unnecessary to resolve this issue, because under either interpretation, Love & Money is
11 subject to the jury waiver provision in the lease agreement.
12     The management agreement between plaintiffs Phase II and Love & Money provides:
13 "Manager [Love & Money] acknowledges that Owner [Phase II] has delivered to Manager a full and
14 complete copy of the Lease. This agreement and all of the rights of the parties hereto are subject and
15 subordinate to the Lease." (Doc. #141, ex. 2, management agreement, § 39). In this section of the
16 management agreement, Love & Money has agreed to be bound by any waiver of rights contained
17 in the lease; this includes the waiver of trial by jury in section 18.5.
18     The court finds that Love & Money's waiver, like Phase II's, has been knowingly and
19 voluntarily executed. *Phoenix Leasing*, 843 F. Supp. at 1384. There was no gross disparity in
20 bargaining power at the time of contracting, seeing as all parties involved are sophisticated business
21 entities. Additionally, the subsequent negotiation of "lease amendments" (*see* doc. #141, ex.2-a and
22 2-b) indicate that Love & Money in fact negotiated the contract terms and continued to do so as the
23 plaintiffs' relationship developed. Finally, the clause is conspicuously drafted, complete with an
24 underlined subheading and Love & Money's acknowledgment that it obtained a "full and complete
25 copy of the lease." (Doc. #141, ex. 2, management agreement, § 39).
26     Therefore, because plaintiff has knowingly and intelligently waived its right to a trial by jury
27 with regard to this suit, and because the dispute falls within the scope of that waiver, the motion to
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

strike jury demand is granted as to plaintiff Love & Money, LLC.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Forum defendants' motion to strike jury demand (doc. #141) is GRANTED.

DATED this 30th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -