# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PHASE II CHIN, LLC, *et al.*,

                Plaintiffs,      Case No.  2:08-cv-00162-JCM-GWF

vs.      **ORDER**

FORUM SHOPS, LLC, *et al.*,      **Motion to Compel Discovery - #212**

                Defendants.

      This matter is before the Court on Plaintiff Love & Money, LLC's First Motion to Compel Discovery from the Caesars Defendants and for Sanctions (#212), filed March 23, 2010; Caesars Defendants' Opposition to Plaintiff Love & Money, LLC's First Motion to Compel Discovery from the Caesars Defendants and for Sanctions (#229), filed April 16, 2010; Plaintiff Love & Money, LLC's Reply to Caesars Opposition to Motion to Compel Discovery from Caesars (#238), filed April 26, 2010; and Caesars Defendants' Notice of Submittal of Privileged Documents for *In Camera* Review, received by the Court on September 1, 2010.  The Court held a hearing on this matter on May 12, 2010.

      Defendants Caesars Palace Corp. and Caesars Palace Realty Corp. (the "Caesars Defendants") submitted the present pleading and attached documents in compliance with the Court's May 12, 2010 Order (#260).  At the conclusion of the May 12, 2010 hearing, the Court ordered the parties to further confer regarding disclosure of the documents at issue. (#260).  If no consensus could be reached regarding the documents' privileged status, the Court ordered the Caesars Defendants to submit the documents for *in camera* review to determine if they qualify as privileged.  Based on the Forum Defendants' submission and the prior pleadings, the Court will now determine whether the documents are privileged under the joint defense agreement, attorney-client privilege or work-product doctrine:

| Documents | Privilege Decision | Reasoning |
|---|---|---|
| Caesars 01577 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding OPM. |
| Caesars 01626-28 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding OPM and the preparation of materials in anticipation of litigation. |
| Caesars 01636 | Not privileged | The redacted email is not privileged as it merely discusses the existence of a media article on Poetry nightclub and does not seek or provide legal advice. |
| Caesars 01641-42 | Not privileged | The redacted email is not privileged as it merely discusses factual details related to flyers and does not seek or provide legal advice. |
| Caesars 01654-61 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding the Nevada Gaming Control Board. |
| Caesars 01667-70 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding shooting incident. |
| Caesars 01704-05; Caesars 01706-07; and Caesars 01709-11 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding OPM and the preparation of materials in anticipation of litigation. |
| Caesars 01719-20 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding OPM. |
| Caesars 01722-23; Caesars 01725-26; Caesars 01728-30; Caesars 01731-32; Caesars 01734; Caesars 01740-41; Caesars 01743-44; Caesars 01746-47 and Caesars 01753-62 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding Poetry and the preparation of materials in anticipation of litigation. |
| Caesars 01785-87 and Caesars 01788-90 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding security and the preparation of materials in anticipation of litigation. |
| Caesars 01799-1800 and Caesars 01802-03 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives and Forum Shops representatives regarding OPM. The communication is privileged under the attorney-client privilege and the joint defense agreement. |
| | | |

| | | |
|---|---|---|
| Caesars 01822 and Caesars 01824-25 | Not privileged | The redacted email is not privileged as it merely discusses the existence of a media article on Poetry nightclub and does not seek or provide legal advice. |
| Caesars 01863-65; Caesars 01867-68; and Caesars 01873 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding security and the preparation of materials in anticipation of litigation. |
| Caesars 01875-76 and Caesars 01877-78 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding Poetry and the preparation of materials in anticipation of litigation. |
| Caesars 01884-86; Caesars 01887-89; Caesars 01907-09; and Caesars 01910-11 | Partially privileged as work product, but not under attorney-client privilege | Emails at issue are not privileged under attorney-client privilege because many do not involve communication with counsel and those that do involve counsel are not seeking or providing legal advice.<br><br>The communications are, however, partially privileged as work product as they are regarding the preparation of materials in anticipation of litigation, with the following exception, which is not privileged:<br>1. August 25, 2007 email from Dave Bennett at 3:07 a.m. The email is not privileged as it contains a factual discussion regarding the distribution of flyers and is not in anticipation of litigation |
| Caesars 01918-22 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding OPM. |
| Caesars 01979-80; Caesars 01981-82; Caesars 02000-01; Caesars 02002-03; and Caesars 02004-05 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding the Gaming Control Board and the preparation of materials in anticipation of litigation. |
| Caesars 02008 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding an investigation and the preparation of materials in anticipation of litigation. |
| Caesars 02088-91 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding OPM. |
| Caesars 02092-95 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding OPM. |
| Caesars 02216-21; Caesars 02222-27; Caesars 02228-29; and Caesars 02230-36 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding OPM and the preparation of materials in anticipation of litigation. |
| Caesars 02308-09 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding OPM. |

| | | |
|---|---|---|
| Caesars 02331-33; Caesars 02334-36; and Caesars 02337-39 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding OPM and the preparation of materials in anticipation of litigation. |
| Caesars 02384 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding surveillance and the preparation of materials in anticipation of litigation. |
| Caesars 02403-07 | Privileged | Counsel for Caesars discusses legal strategy with Caesars representatives regarding parking and the preparation of materials in anticipation of litigation. |

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Love & Money, LLC's First Motion to Compel Discovery from the Caesars Defendants and for Sanctions (#212) is granted in part and denied in part. The Caesars Defendants shall produce the non-privileged material discussed above to Plaintiffs on or before **November 8, 2010**. If they have not already done so, the Caesars Defendants shall disclose the unredacted portions of the materials discussed above to Plaintiffs on or before **November 8, 2010**.

**IT IS FURTHER ORDERED** that the Court finds an award of sanctions is not warranted.

DATED this 21st day of October, 2010.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE