# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PHASE II CHIN, LLC, *et al.*, | )<br>) |
| Plaintiffs, | ) Case No. 2:08-cv-00162-JCM-GWF |
| vs. | ) **ORDER** |
| FORUM SHOPS, LLC, *et al.*, | ) Objection to Supplemental Disclosure<br>) (#343) |
| Defendants. | ) |

  This matter is before the Court on Defendants Caesars Palace Corporation and Caesars Palace Realty Corporation's Objection to Plaintiff Love & Money's Supplemental Disclosures (#343), filed November 15, 2010; Forum Defendants' Joinder in Caesars Defendants' Objection to Plaintiff Love & Money's Supplemental Disclosures (#344), filed November 15, 2010; and Plaintiff Love & Money, LLC's Response to Defendants' Objection to Love & Money's Supplemental Disclosures (#357), filed December 1, 2010.

## DISCUSSION

  Unless exempted by the federal rules, "a party must, without awaiting a discovery request, provide to the other parties the names . . . of each individual likely to have discoverable information, along with the subjects of that information." Fed.R.Civ.P. 26(a)(1)(A)(I); *see also* Fed.R.Civ.P. 26(e)(1)(A) (requiring a supplemental disclosure in a timely manner when new information makes the initial disclosure incorrect or incomplete). "If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Defendants argue that the Court should exclude the six witnesses listed in Plaintiff's Supplemental Disclosures and prohibit them from testifying because Plaintiff failed to timely disclose these witnesses.

Testimony by Plaintiff's witnesses Carlos Stinson and Tony Poma was previously stricken by Judge Mahan. (*See* #309). Plaintiff included affidavits from Poma and Stinson in its response to Defendants' motions for summary judgment. (Exhibit K at #264-20; exhibit DD at #264-44). Judge Mahan struck their affidavits because Plaintiff failed to timely disclose Stinson and Poma in violation of Rule 26. (*Id.* at 2). Pursuant to Judge Mahan's prior ruling, Stinson and Poma are also prohibited from testifying at trial.

Defendants argue that Plaintiff's witnesses Sheila Goodwin, Michael Kostrinsky, Fran Tucker and Greg Jarmolowich should also be excluded as witnesses because they were not timely disclosed. (#343 at 2). Plaintiff responds that Mr. Jarmolowich and Mr. Tucker were added as witnesses after the Court allowed Plaintiff to re-open discovery because of the unavailability of Pure Nightclub's principal officer Steven Davidovici. (Mr. Davidovici invoked his right against self-incrimination in response to Plaintiff's effort to take his deposition.) In granting Plaintiff's motion to reopen discovery, order (#325), the Court intended only to allow Plaintiff to take the deposition of one Pure Nightclub manager. If that deposition revealed relevant information, then Plaintiff would obviously be permitted to call the deponent as a witness at trial. Instead of using the opportunity granted by the Court, Plaintiff simply listed Mr. Jarmolowich and Mr. Tucker as trial witnesses--thereby placing the onus on Defendants to pursue their depositions. Because this was contrary to what the Court clearly intended and granted in order (#325), Plaintiff will be barred from calling Mr. Jarmolowich and Mr. Tucker as trial witnesses.

In order (#325), the Court also permitted Plaintiff to serve interrogatories on Defendant Caesars Palace regarding the retention or non-retention of documents relating to this action. Again, instead of pursuing this discovery relief, Plaintiff chose to list a Caesars employee, Michael Kostrinsky, as a witness regarding document retention matters. For the reasons stated above, the Court also excludes Mr. Kostrinsky as a witness. Finally, Plaintiff does not oppose the exclusion of Sheila Goodwin as a trial witness. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Caesars Palace Corporation and Caesars Palace Realty Corporation's Objection to Plaintiff Love & Money's Supplemental Disclosures (#343) is **upheld**. Carlos Stinson, Tony Poma, Sheila Goodwin, Michael Kostrinsky, Fran Tucker

and Greg Jarmolowich are excluded as witnesses in this action and prohibited from testifying at trial.

DATED this 21st day of December, 2010.

_____
GEORGE FOLEY, JR
U.S. MAGISTRATE JUDGE