UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PHASE II CHIN, LLC, et al.,

    Plaintiffs,

v.

FORUM SHOPS, LLC, et al.,

    Defendants.

2:08-CV-162 JCM (GWF)

## ORDER

Presently before the court is the joint motion of all defendants for limited reconsideration of order denying summary judgment against OPM on the issue of OPM's standing to maintain a claim under 42 U.S.C. § 1981. (Doc. # 326). The plaintiff has responded (doc. #337), and the defendants replied (doc. #345).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); FED. R. CIV. P. 59(e); FED. R. CIV. P. 60(b).

During the August 25, 2010, hearing in this case, the court denied four motions for summary judgment (docs. # 196, 206, 207, 208). The defendants now collectively request that the court enter into a limited reconsideration of that order, specifically as to the § 1981 claim. Citing *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006), defendants argue that "the Court appears to have

**James C. Mahan**
**U.S. District Judge**

1   overlooked that the sublease between OPM and Phase II Chin, LLC ("Chinois") does not, as a matter
2   of law, give rise to a question of fact as to the existence of an implied contract that could confer
3   standing on OPM to sue under 42 U.S.C. § 1981." (Doc. #326, p. 1). Accordingly, defendants argue
4   that the court committed clear error in denying the motion. The court disagrees.

5         "Any claim brought under §1981 . . . must initially identify an impaired 'contractual
6   relationship,' § 1981(b), under which the plaintiff has rights." *Domino's Pizza*, 546 U.S. at 476. In
7   a footnote, the Court stated its clear intent to use the phrase "'under which the plaintiff has rights
8   rather than 'to which the plaintiff is a party. . . .'" *Id.* at 466 n. 3.

9         Here, the restaurant lease between Phase II and Forum contains an express provision
10  incorporating the ground lease: "Tenant acknowledges and agrees that this Lease is subject to the
11  terms of the Ground Lease. . . ." (Doc. #2-6, p. 49 § 12.4). Similarly, the management agreement
12  between Phase II and Love & Money contains an express provision incorporating the terms of the
13  restaurant lease: "This agreement and all of the rights of the parties hereto are subject and
14  subordinate to the Lease." (Doc. #141, ex. 2 § 39). Accordingly, although neither plaintiff is
15  necessarily a party to the ground lease, and although Love & Money is not a party to the restaurant
16  lease, each plaintiff has rights arising under both contracts through the incorporation provisions. This
17  is sufficient to meet the standard set forth in *Domino's Pizza*, as that case does not require that the
18  plaintiffs be actual parties to the underlying contract. Thus, unlike the plaintiff in *Solomon Realty*
19  *Co. v. Tim Donut U.S. Ltd., Inc. et al.*, 2009 WL 5183405 (S. D. Ohio 2009), the court finds that
20  Love & Money has pled an adequate contractual basis for its claim.

21        Additionally, allowing the plaintiff standing to sue under § 1981 is also the most fair and
22  equitable result. In the management agreement, Love & Money agreed to be bound by any waiver
23  of rights contained in the lease (doc. #141, ex. 2 § 39), which included a waiver of trial by jury (doc.
24  #141, ex. 1 § 18.5). The court applied this waiver against Love & Money, at defendants' request,
25  although Love & Money was not a party to that agreement. (Doc. # 313). Whereas the plaintiff has
26  been subject to the burdens of the restaurant and ground leases through this court's denial of its right
27  to a trial by jury, fairness dictates that it be afforded the benefits of the contract as well. This holding

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  is consistent with *Domino's Pizza*, which denied the plaintiff standing to sue under § 1981 based in
2  part on the fact that the plaintiff, the manager/shareholder of the contracting corporation, had "no
3  rights and . . . [was] exposed to no liability under the corporation's contracts." 546 U.S. at 477. That
4  is simply not the case here.

6  Accordingly,

8  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for
9  limited reconsideration of order denying summary judgment against OPM on the issue of OPM's
10 standing to maintain a claim under 42 U.S.C. § 1981 (doc. # 326) is DENIED.
11 DATED this 29th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -