# UNITED STATES DISTRCT COURT

## DISTRICT OF NEVADA

PHASE II CHIN, LLC, et al.,

        Plaintiffs,

v.

FORUM SHOPS, LLC, et al.,

        Defendants.

2:08-CV-162 JCM (GWF)

## ORDER

Presently before the court is plaintiff Love & Money, LLC's motion for sanctions against Caesars defendants for spoilation of evidence. (Doc. #362). Caesars defendants have responded (doc. #371), and the plaintiff has replied (doc. #372).

Plaintiff Love & Money contends that Caesars has failed to maintain ".pst files" for Caesars employees John Unwin, David Bennett and Gary Selesner. Plaintiff alleges that the maintenance of these files would have preserved Caesars defendants' ability to conduct meaningful searches of its archived emails, whereas Caesars defendants now claim that it would be prohibitively expensive to do so.

Spoilation of evidence occurs when a party destroys evidence after receiving some notice that the evidence is potentially relevant to litigation. *U.S. v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002). A party enjoys a safe harbor from sanctions under the Federal Rules only where the electronic evidence is lost as the result of routine operations of the party's electronic information

**James C. Mahan**
**U.S. District Judge**

1  system. FED. R. CIV. P. 37(e). Where spoilation occurs, the court has discretion to impose sanctions against a litigant. *Uniguard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).

The court finds that sanctions are not warranted in this case. The Caesars defendants represent that they have conducted a "systematic and exhaustive search for emails related to OPM." (Doc. #371, p.3). Caesars defendants have answered all of the plaintiffs' supplemental interrogatories, and have represented that "from 2004, prior to execution of the joint defense agreement between the Forum Defendants and the Caesars Defendants, to July 2009 when OPM closed, the Caesars Defendants' email has been meticulously maintained in tape back-up archives." (Doc. #371, p.4). The court is also satisfied that Caesars defendants have demonstrated that additional information would be burdensome, time consuming, and very expensive to produce. Finally, in light of the massive amount of discovery already conducted and the parties' agreement to proceed to trial, the court finds no reason to impose sanctions at this time.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for sanctions against Caesars defendants for spoilation of evidence (doc. #362) is DENIED.

DATED this 24th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 2 -